UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,        CRIMINAL NO.  2:13-cr-20772

      Plaintiff,                    HONORABLE PAUL D. BORMAN

v.

D-1 RASMIEH YOUSEF ODEH,
    a/k/a Rasmieh J. Odeh,
    a/k/a Rasmieh Joseph Steve,
    a/k/a Rasmieh Youssuf Odeh,
    a/k/a Rasmieh Yusef Odeh

      Defendant.
_____/

## DISCOVERY NOTICE

1.     The attorney for the government knows that the defendant made

    a.     relevant written or recorded statements, (including grand jury testimony), and/or

        Date:  March 1, 1969
        Agent/Agency:  Staff Sergeant Kalish Ezra, Israeli Police
        Type:  written statement

        Date:  March 2, 1969
        Agent/Agency:  Staff Sergeant Kaligo Ezra, Israeli Police
        Type: Written Statement (pointing out)

        Date: March 7, 1969
        Agent/Agency:  Staff Sergeant Kalish Ezra, Israeli Police
        Type:  Written statement

        Date: October 22, 1969
        Agent/Agency:  Israeli military court
        Type:  transcribed testimony at a suppression hearing (trial w/in trial)

Date:  July 31, 2013
Agent/Agency:  Special Agent Stephen Webber, U.S. Department of Homeland Security, Homeland Security Investigations
Type:  Oral statement to Agent Webber during secondary immigration inspection, recorded on video tape.

b.   relevant oral statements made in response to interrogation, whether before or after arrest, by a person then known to the defendant to be a government agent, whether or not the statement is included in a written record, as follows:

Date:  March 1, 1969
Agent/Agency:  Staff Sergeant Kalish Ezra, Israeli Police
Type:  Oral statement

Date:  March 2, 1969
Agent/Agency:  Staff Sergeant Kaligo Ezra, Israeli Police
Type: Oral Statement (pointing out statement)

Date: March 7, 1969
Agent/Agency:  Staff Sergeant Kalig, Israeli Police
Type:  Oral Statement (pointing out statement)

Date: March 7, 1969
Agent/Agency:  Staff Sergeant Kalish Ezra, Israeli Police
Type:  Oral statement

Date:  On or about August 11, 1969
Agent/Agency:  Israel Welfare Office, Adult Testing Services
Type:  Adult Evaluation Report that suggests defendant was interviewed

Date: October 22, 1969
Agent/Agency:  Israeli military court
        Type:  transcribed testimony at a suppression hearing (trial w/in trial

Date:  November 3, 2004
Agent/Agency:  District Adjudication Officer Jennifer Williams, Citizenship and Immigration Services
Type:  Oral statement to Officer Williams

Date: January 20, 2012
Agent/Agency:  Customs and Border Protection, Department of Homeland Security
Type:  Oral statement to immigration/customs officer at port of entry after

       returning to the United States from a trip abroad

       Date: January 16, 2013
       Agent/Agency:  Customs and Border Protection, Department of Homeland Security
       Type:  Oral statement to immigration/customs officer at port of entry after returning to the United States from a trip abroad

       Date:  July 31, 2013
       Agent/Agency:  Special Agent Stephen Webber, U.S. Department of Homeland Security, Homeland Security Investigations
       Type:  Oral statement to Agent Webber during secondary immigration inspection

2. The attorney for the government knows that defendant has a prior criminal record:
NO _____   YES _X_

       On or about January 22, 1970, a military court in Israel convicted defendant of the following crimes:  (1) Membership in an illegal organization (sentenced to 10 years imprisonment), (2)  Placing two bombs at a supermarket on February 21, 1969, with the intent of causing death or injury or damage to property (as an accomplice), and did in fact kill two individuals (sentence unknown), (3) Placing a bomb at the British Consulate on February 21, 1969, with the intent of causing death or injury or damage to property (sentenced to life imprisonment), (4) Placing a bomb at the British Consulate on February 25, 1969, with the intent of causing death or injury or damage to property, and did in fact damage the property (sentenced to life imprisonment).

3. The following books, papers, documents, photographs and tangible objects are within the possession, custody or control of the government and are intended to be used as evidence in chief at trial, are known to the government to be material to the preparation of the defense, or were obtained from or belong to the defendant:  <u>Defendant's alien registration file (also known as her A file), which includes defendant's immigration and naturalization documents; documents obtained by the United States government through a Mutual Legal Assistant Treaty (MLAT) with the government of Israel, to include: Israeli documents (with translation) relating to defendant's criminal proceedings in Israel mentioned in paragraph 2 above,  Israeli documents (with translation) relating to defendant's arrest for prison escape while serving her sentence for the crimes mentioned in paragraph 2 above, computer printouts from Israeli computer databases (with translation) regarding defendant's criminal record and identity, fingerprint impressions for defendant from Israel,  and Israeli identity documents (with translation); fingerprint impressions for defendant from the United States government; picture of released Israeli soldier relating to defendant's release from an Israeli prison pursuant to a prisoner exchange; JTA daily news bulletin relating to prisoner exchange dated May 8, 1979; JTA daily news bulletin relating to prisoner exchange dated March 15, 1979; Forensic</u>

        Document Laboratory Report comparing defendant's fingerprints from her prison escape arrest in Israel and her naturalization application. On July 31, 2013, defendant was interviewed at Chicago O'Hare International Airport by an employee of the United States Department of Homeland Security as part of the inspection process of persons entering the United States from a foreign country. This interview was videotaped. The government intends to introduce this video tape interview in its case-in-chief. The government intends to introduce interviews that defendant has given that are posted on public websites, such as YouTube, to include the interview located at http://www.youtube.com/watch?v=7Xxrl8aj8aQ.

4. Results or reports of the following physical or mental examinations, or scientific tests or experiments, are within the possession, custody or control of the government, and are either intended to be used as evidence in chief at trial or are known to the government to be material to the preparation of the defense: Forensic Document Laboratory Report comparing defendant's fingerprints from her prison escape arrest in Israel and her naturalization application; Forensic report from Israel analyzing defendant's Palestinian identity card and census form.

5. The government intends to introduce at trial testimony from one or more experts in the following areas of expertise: Expert on immigration law and procedure; expert on forensic documents (both Israel and United States); expert on Israeli conviction records; expert on the Popular Front for the Liberation of Palestine (PFLP), to include the history, structure and goals of the PFLP.

6. The government may introduce evidence obtained from execution of the following search warrants:

    Date(s)       Docket Number(s)    Not Applicable  X

7. The government may introduce evidence obtained through wiretaps or other electronic surveillance:

    Type: (wiretap, bug, etc.)    Docket Number(s)    Not Applicable

    On July 31, 2013, defendant was interviewed at Chicago O'Hare International Airport by an employee of the United States Department of Homeland Security as part of the inspection process of persons entering the United States from a foreign country. This interview was videotaped. The government intends to introduce this video tape interview in its case-in-chief.

8. The government intends to offer evidence under Rule 404(b), Fed. R. Evid.
Yes _____   No _____   Unsure  X

9. The attorney for the government is aware of the obligations imposed by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and will comply with their obligation to provide defense counsel with exculpatory evidence that is material to either guilt or to

punishment in time for effective use at trial.

If the government discovers additional information of the type described in Paragraphs One through Eight, it will advise defense counsel in writing.

Upon specific request of the defendant the government will make available for inspection or copying the items described in Paragraphs One, Three, and Four; will furnish the record referred to in Paragraph Two; will provide a summary (which will include the witnesses' qualifications, opinions, and the bases and reasons for the opinions) of the anticipated testimony described in Paragraph Five and will provide notice of the general nature of the evidence referred to in Paragraph Eight.  The government's compliance with any specific request will trigger the defendant's duty to provide the reciprocal discovery denoted in Fed. R. Crim. P. 16(b)(1)(A)-(C). If the defendant makes a general request for discovery the government will construe it as a request for each item described in Fed. R. Crim. P. 16(a)(1) (A)-(E).  The government's compliance with the defendant's general request will trigger the defendant's duty to provide reciprocal discovery of each item specified in Fed. R. Crim. P. 16(b)(1)(A)-(C).

                    BARBARA MCQUADE
                    United States Attorney

| s/Jonathan Tukel | s/ Kenneth R. Chadwell |
| --- | --- |
| JONATHAN TUKEL (P41642) | KENNETH R. CHADWELL (P39121) |
| Assistant United States Attorney | Assistant United States Attorney |
| 211 West Fort Street, Suite 2001 | 211 West Fort Street, Suite 2001 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9749 | (313) 226-9698 |
| jonathan.tukel@usdoj.gov | ken.chadwell@usdoj.gov |

                    s/ Mark Jebson
                    MARK J. JEBSON (P53457)
                    Special Assistant U.S. Attorney
                    211 W. Fort, Suite 2001
                    Detroit, MI 48226
                    (313) 568-6033
                    mark.jebson@ice.dhs.gov

Dated: November 19, 2013

CERTIFICATE OF SERVICE

      I hereby certify that on November 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using ECF System and I hereby certify that I have mailed by United States Postal Service the document to the following:

                                        s/Mark J. Jebson_____
                                        MARK J. JEBSON (P53457)
                                        Special Assistant U.S. Attorney
                                        211 W. Fort, Suite 2001
                                        Detroit, MI 48226
                                        (313) 568-6033
                                        mark.jebson@dhs.gov

I acknowledge receipt of one disk containing electronic files.

                                                              _____

                                                              James R. Fennerty
                                                              Counsel for Defendant

Dated: November 13, 2013

                                                              _____

                                                              William W. Swor
                                                              Counsel for Defendant

Dated: November 13, 2013