UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,             CRIMINAL NO. 13-20772

      Plaintiff,                              HONORABLE PAUL D. BORMAN

vs.

D-1 RASMIEH YOUSEF ODEH,

      Defendant.
_____/

MOTION *IN LIMINE* OF UNITED STATES TO EXCLUDE
EVIDENCE, ARGUMENT AND JURY INSTRUCTION
<u>RELATING TO CONSEQUENCES OF CONVICTION</u>

NOW COMES the United States, and for its Motion *In Limine* to Exclude

Evidence, Argument and Jury Instruction Relating to Consequences of Conviction,

states:

1. The defendant has been charged in an Indictment with Unlawful

Procurement of Naturalization, in violation of 18 U.S.C. § 1425(a).

2. In addition to a maximum term of imprisonment of ten years and a

maximum fine of $250,000, 18 U.S.C. § 1451(e) provides that upon conviction for

the charged offense, this Court also must cancel and declare void defendant's

naturalization.

3. For the reasons set forth more fully in the accompanying brief,

consequences of conviction, including penalties, are not relevant and are not appropriately matters for consideration by a jury.  As such, the Court should preclude defendant from offering testimony, evidence or argument relating to the provisions or legal effects of § 1451(e), and the Court also should decline to give a jury instruction as to those provisions.

4. Pursuant to Local Rule 7.1(a)(2)(B), on July 9, 2014, by email, the undersigned sought concurrence of Michael Deutsch, James Fennerty and William Goodman, counsel for the defendant, for the relief requested herein.  As of the filing of this motion no response was received to that request, necessitating the filing of the instant motion and brief.

WHEREFORE, the government prays that the Court grant its motion, and preclude defendant from offering testimony, evidence or argument relating to the provisions or effect of 8 U.S.C. § 1451(e) , and the government further prays that

the Court decline to give a jury instruction as to those provisions.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Jonathan Tukel                           s/Mark J. Jebson
JONATHAN TUKEL (P41642)                    MARK J. JEBSON (P53457)
Assistant United States Attorney           Special Assistant U.S. Attorney
211 West Fort Street, Suite 2001           211 W. Fort, Suite 2001
Detroit, MI 48226                          Detroit, MI 48226
(313) 226-9749                             (313) 226-9698
jonathan.tukel@usdoj.gov                   mark.jebson@dhs.gov


Dated: July 10, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    CRIMINAL NO. 13-20772

      Plaintiff,                                    HONORABLE PAUL D. BORMAN

vs.

D-1 RASMIEH YOUSEF ODEH,

      Defendant.
_____/

BRIEF OF UNITED STATES IN SUPPORT MOTION IN LIMINE
TO EXCLUDE EVIDENCE, ARGUMENT AND JURY
INSTRUCTION RELATING TO CONSEQUENCES
 OF CONVICTION

INTRODUCTION

Defendant Rasmieh Odeh has been charged in a one-count indictment with procuring her citizenship unlawfully, in violation of 18 U.S.C. § 1425(a).  The statute provides for a maximum sentence of ten years imprisonment and a $250,000 fine.   In addition, a separate statute provides that an additional consequence of conviction is that defendant's naturalization becomes void:

> When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship and shall declare the certificate of naturalization of such person to be canceled.  Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

8 U.S.C. § 1451(e).  The provisions of Section 1451(e), whether analyzed as a penalty provision or merely as a collateral consequence of conviction, are not relevant to the jury's determination of guilt or innocence.  Thus, the Court should preclude testimony, evidence, and argument based on those provisions, and also should decline to .give a jury instruction regarding them.

<u>ARGUMENT</u>

WHETHER ANALYZED AS A SENTENCING PROVISION OR AS A COLLATERAL CONSEQUENCE OF CONVICTION, SECTION 1451(e) IS NOT A PROPER SUBJECT FOR TESTIMONY, EVIDENCE, JURY INSTRUCTION OR ARGUMENT

"It is well-established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed."  *Shannon v. United States*, 512 U.S. 573, 579 (1994).  "The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury.  The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged.  The judge, by contrast, imposes sentence on the

- 2 -

defendant after the jury has arrived at a guilty verdict.  Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.  Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion."  *Id*.

The Sixth Circuit's Pattern Jury Instructions (2005 Ed.) follow the *Shannon* rule by admonishing jurors to not consider consequences of a verdict.  Instruction 8.05 provides: "If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors even to consider the possible punishment in deciding your verdict.  Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt."

Thus, if the provisions of 8 U.S.C § 1451(e) are considered "punishment" then clearly the jury would be instructed to disregard them.  The provisions of § 1451(e) certainly read like a punishment provision – upon conviction, the court "shall" order certain things to the detriment of a defendant.  In *Kungys v. United States*, 485 U.S. 759, 781-782 (1988), the Supreme Court commented that the *civil* denaturalization statute had "no apparent purpose but to punish and thereby deter misrepresentation in the immigration process."  There seems to be no basis to

- 3 -

distinguish that punishment aspect of the civil denaturalization statute from §
1451(e).

In addition to the punishment aspect, section 1451(e) also could be read as a
forfeiture provision, stripping a convicted defendant of his ill-gotten United States
citizenship.   Criminal forfeiture is properly characterized, at least in part, as
"punishment."   *See Austin v. United States*, 509 U.S. 602, 618-619 (1993).   And
even if § 1451(e) were read as not constituting "punishment" but rather some other
collateral consequence of a guilty verdict, "Information regarding the
consequences of a verdict is [] irrelevant to the jury's task."   *Shannon*, 512 U.S. at
579.   Not only must the jury be instructed to not consider possible penalties (Sixth
Circuit Pattern Instruction 8.05, 2005 Ed.), but "irrelevant evidence is not
admissible."   Fed. R. Evid. 402.   Thus, under any possible reading, no mention of
the provisions of § 1451(e) should be allowed at trial, either as evidence or
argument.

- 4 -

<u>CONCLUSION</u>

For the reasons stated, the Court should prohibit any reference to the provisions or effect of 8 U.S.C. § 1451(e) at trial, and should instruct the jury in accordance with Sixth Circuit Pattern Instruction 8.05.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Jonathan Tukel                          s/Mark J. Jebson
JONATHAN TUKEL (P41642)         MARK J. JEBSON (P53457)
Assistant United States Attorney     Special Assistant U.S. Attorney
211 West Fort Street, Suite 2001     211 W. Fort, Suite 2001
Detroit, MI 48226                          Detroit, MI 48226
(313) 226-9749                             (313) 226-9698
jonathan.tukel@usdoj.gov             mark.jebson@dhs.gov

Dated: July 10, 2014

- 5 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2014, I electronically filed the foregoing

with the Clerk of the Court using the ECF system, which will send notification of

such filing to all ECF filers.

s/Jonathan Tukel                          s/Mark J. Jebson
JONATHAN TUKEL (P41642)                    MARK J. JEBSON (P53457)
Assistant United States Attorney           Special Assistant U.S. Attorney
211 West Fort Street, Suite 2001           211 W. Fort, Suite 2001
Detroit, MI 48226                          Detroit, MI 48226
(313) 226-9749                             (313) 226-9698
jonathan.tukel@usdoj.gov                   mark.jebson@dhs.gov

Dated: July 10, 2014