UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RASMIEH ODEH,

    Defendant

Case No. 13-20772
Honorable Paul D. Borman

## MOTION TO RECUSE THE HONORABLE PAUL D. BORMAN

NOW COMES the defendant, Rasmea Odeh, by her undersigned counsel, and pursuant to 28 U.S.C. 455 ( a) and b (1), respectfully petitions this Court to recuse itself from ruling on any substantive motions or presiding over the trial of the above entitled cause. In support of this motion defendant states the following:

1. As his father before him, the Court is a life-long active supporter, fund raiser and promoter of the State of Israel. (See, Exhibit #1 "Annual Report to the Community, Jewish Federation and United Jewish Foundation of Metropolitan Detroit" pp1,14, 32, 33  (2006-7).

2. As spelled in his bio for the Fred M. Butzel Award, this Court has been "instrumental in bringing hundreds of Detroiters to Israel" including Michigan Legislators. (See Exhibit #1, page 14). Further, under a page entitled "Builders of Israel" Paul and Marlene Borman are listed as having given gifts of $1million or

1

more, and under "Lifetime of Giving," Paul and Marlene Borman are listed as having donated $3 million. (Exhibit 1 pp 32-33)

3. The defendant's case directly raises issues about the legality of the continuing 47 year belligerent occupation of the of the West Bank by the State of Israel and the State's policy of sanctioning the systematic torture of Palestinian detainees by the Israeli military and security police.

4. Specifically, the defendant has filed a motion *in limine* to preclude any evidence of her arrest, conviction and imprisonment in her upcoming trial. The defendant has alleged that the Israeli military legal system imposed after its occupation of the West Bank and Gaza, is not consistent with fundamental fairness, due process and international law.

5. The defendant has also alleged that the Israeli military legal system, allows for the systematic torture of Palestinian detainees to obtain confessions.

6. Further, defendant asserts that she was subjected to 25 days of horrific torture including electro-shock and multiple rapes. Ms. Odeh's asserts that her treatment at the hands of the Israeli security and military was "shocking to the conscience," and cannot be used in any way in a United States court.

7. As part of her defense at trial, Ms. Odeh is also seeking to call an expert in the diagnosis and treatment of torture survivors to provide relevant and critical evidence as to Ms. Odeh's state of mind when she submitted her naturalization application. The expert will explain that Ms. Odeh suffers from post-traumatic stress syndrome as a result of her prolonged, brutal and sadistic torture at the

hands of Israeli government agents, and how it impacted her intent at the time she applied for naturalization.

8. The government is also seeking to introduce numerous documents created by the Israeli military court system and translated from Hebrew by unknown persons, which include the tortured confessions of the defendant and others, which the defendant asserts cannot be given any legal legitimacy or credit by a United States Court.

9. Given this Court's deep personal and active commitment to the support and defense of the State of Israel, and the issues raised by Ms. Odeh's *limine* motion, her opposition to the use of Israeli military court system documents, and her defense at trial, it cannot be disputed that this Court's "impartiality might be reasonably questioned." (28 U.S.C. 455 (a)).

10. The issues of the legality of the Occupation and the treatment of Palestinians, including the torture of detainees, is not an abstract historical dispute, but one that continues to this day. The government of Israel, and its supporters around the world, and particularly in the United States, have vehemently defended its Occupation of the West Bank and vociferously denied its use of torture to obtain confessions. In ruling on the *limine* issues, and deciding the admissibility of evidence, a "reasonable objective person" would question the Court's impartiality.

11. Further, it is reasonable to conclude that as a result of this Court's many trips to Israel, and its active support and substantial efforts in fund raising for the State of Israel, that this Court has "personal knowledge of disputed evidentiary facts

3

concerning this case." 28 U.S.C. 455 (b) (1). As a respected jurist, it is logical that this Court must have made inquiries of Israeli officials about the persistent complaints of torture and illegality of the Occupation and the military court system, raised by Israeli, Palestinian, international human rights groups and even the U.S. State Department. It is more than likely that the Court received Israeli explanations, and denials, which are extra-judicial can and only affect its impartiality in deciding the issues in this case.

12. Pursuant to Local Rule 7.1, prosecutor Tukel was given prior notice of this motion and does not concur.

WHEREFORE, the defendant respectfully requests that this Court recuse itself from any further substantive rulings in this case.

Dated: July 14, 2014

/s/ Michael E. Deutsch

Michael E. Deutsch
1180 N. Milwaukee Ave,
Chicago, Il. 6064
773-235-0070

James R. Fennerty
James R. Fennerty & Associates
36 South Wabash
Chicago, Ill. 60603
312-422-0708

William Goodman
Goodman and Hurwitz
1394 E. Jefferson,
Detroit, Mi. 48207
313-567-6170
(Local Counsel)

4

## CERTIFICATE OF SERVICE

Michael E. Deutsch, hereby certifies that he has filed the above motion to the parties of record through the ECF system on June 14, 2014,

/s/ Michael E. Deutsch

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

       Plaintiff,

vs.

Case No. 13-20772

Honorable Paul D. Borman

**RASMIEH ODEH,**

       Defendant.

---

## BRIEF IN SUPPORT OF MS. ODEH'S RECUSAL MOTION

The defendant, Rasmea Odeh, is seeking an order of recusal pursuant to 28 U.S.C 455. Specifically, the defendant invokes the following language from the recusal statute:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

1

As the Supreme Court has stated litigants have a right to a "neutral and detached" judge. *Ward v. Village of Monroeville*, 409 U.S. 57 (1972). The Sixth Circuit has similarly stressed the need to grant recusal if a judge's impartiality can be reasonably questioned. "Prejudice or bias sufficient to justify recusal must be personal bias arising from the judges' background or association, as distinguished from a judge's view of the law." *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988); see also, *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) ("In order to justify recusal under 28 U.S.C. 455, the judge's prejudice must be personal or extrajudicial."). The Supreme Court has held that "extra-judicial" as a basis for recusal applies to 28 U.S.C. Sec. 455 (a). *Liteky v. United States*, 510 U.S. 540, 554 (1994).

As stated by the Sixth Circuit, [t]he ultimate concern for any court faced with a sec. 455 challenge is whether 'a reasonable objective person, knowing all the circumstances would have questioned the judge's impartiality." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir 1999). The standard for evaluating claims that the judicial officer overseeing the matter is not impartial is an objective one. *United States v. Simmons*, 918 F.2d 592, 599 (6th Cir 1990). The test for whether recusal is warranted or required under Sec. 455 is what a "reasonable person knowing all the relevant facts would think about the impartiality of the judge. *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

In this case, the defendant's claim of bias emanates from the Court's personal and extra-judicial support and deep commitment to the State of Israel. As set out in the accompanying motion, the Court has a long history of supporting and promoting the State of Israel. The Court's public record of fundraising, organizing trips and promoting the State of Israel cannot be disputed. Now the Court is being called upon to rule impartially on *limine* issues which are based upon the illegality of the Israel's belligerent Occupation of the West Bank, and the

2

imposition of its military legal system and its systematic use of torture – "shocking to the conscience" - of Palestinian detainees. It also must decide if incomplete and in many places illegible 45 year-old Hebrew documents, (translated by unknown persons,) can be admitted in a U.S. Court of law, when the defendant claims that the entire Israeli military occupation legal system is illegitimate, corrupt, and not worthy of any credit by a United States.. Further, the Court will have to decide on the admissibility of defendant's expert on the treatment and diagnosis of torture victims, and allow the jury to hear about the unspeakable acts committed against her by secret security police on behalf of the State of Israel.

Clearly, one who has been a life-long supporter and promoter of Israel and has deep ties to the State of Israel spanning over 50 years, who no doubts believes that Israeli is a great democracy and protector of human rights, cannot be "reasonably" said to be impartial when these claims of torture and illegality are raised by a Palestinian defendant. A "reasonable objective person knowing all the circumstances" would question the Court's impartiality in presiding in this case.

A reasonable objective person would also question this Court's impartiality in ruling on the relevance and admissibility of the systematic Israeli torture of Palestinian detainees who are suspected of security ("terrorism") crimes against the State of Israel. Similarly, a reasonable objective person would question the impartiality of this Court to fairly decide, whether or not, Ms. Odeh was horrifically tortured and the relevance of these claims to her defense.

Further, a reasonable objective person, would question this Court's impartiality to determine that the Occupation's military legal system is fair, and comports with Due Process, and in doing so would not rely extra-judicial information it has learned through his many trips to

3

Israel and its meetings with Israeli government officials. Would a reasonable objective person, fully informed of this Court's relationship to and support for Israel question not whether this Court could fairly sit in judgment a Palestinian who was condemned by Israel as a "terrorist" force the occupation of her homeland and who is an outspoken critic of the State of Israel and its human rights violations against Palestinians?

Anyone who has been so involved with supporting the State of Israel, and no doubt from time to time defending it against its critics, has been made privy to extra-judicial information and arguments to answer the claims of the denial of the rights of Palestinians. In short, this Court "has personal knowledge of disputed evidentiary facts," about Israeli claims that they do not use torture, that their military occupation legal system comports with due process and their 47 year occupation of the West Bank is consistent with human rights law. No doubt the Court has a great deal of personal extra-judicial knowledge which is disputed in this case and requires that a different judge preside here.

The support, defense and promotion of the State of Israel is a cause for which many people in the United State are deeply personally committed. In many of those people's eyes, Israel can do no (or little) wrong, and they feel a strong emotional connection to the State of Israel as a homeland for the Jewish people. However, someone who has this personal bias in favor of Israel, built over a lifetime of such support and involvement, should not preside over this case.

Respectfully submitted,

Dated July 14, 2014

/s/ Michael E Deutsch

Michael E. Deutsch

1180 N. Milwaukee Ave,
Chicago, IL 60642
(773)-235-0070

James R. Fennerty
James R. Fennerty & Associates
36 South Wabash
Chicago, Ill. 60603
312-422-0708

William Goodman
Goodman and Hurwitz
1394 E. Jefferson,
Detroit, Mi. 48207
313-567-6170

(Local Counsel)

## CERTIFICATE OF SERVICE

Michael E. Deutsch, hereby certifies that he has filed the above motion to the parties of record through the ECF system on June 114 , 2014,

/s/ Michael E. Deutsch

5