UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case No. 13-cr-20772
vs.                                     HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

        Defendant.

_____/

**ORDER FINDING MOTIONS *IN LIMINE* [#33, #34, #35, #36, #41] MOOT AND GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, ARGUMENT AND JURY INSTRUCTION RELATING TO CONSEQUENCES OF CONVICTION [#74], SETTING MOTION HEARING, FINAL PRETRIAL CONFERENCE AND TRIAL DATES AND FINDING THE ENDS OF JUSTICE WILL BE SERVED BY GRANTING A CONTINUANCE EXCLUDING CERTAIN DATES FROM THE SPEEDY TRIAL CLOCK**

       On October 22, 2013, Defendant Rasmieh Odeh was charged in an Indictment with unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(a). On August 12, 2014, the Judge who previously presided over the instant matter entered an order of recusal and the matter was reassigned to the undersigned. Thereafter, this Court set a status conference for September 2, 2014, as well as ordered the parties to submit a Joint Statement addressing their pending Motions *in Limine*. *See* Dkt. No. 85. Specifically, the Court's Order required the parties to identify "any issues that have been resolved and any agreements reached concerning disputed facts." *Id.*

       On August 26, 2014, the parties filed their Joint Statement Regarding Pending Motions *in Limine* and Stipulations. *See* Dkt. No. 88. The parties have stipulated to entering an order granting

one of the Government's outstanding motions, specifically the Government's Motion to Exclude Evidence, Argument and Jury Instructions Relating to Consequences of Conviction. *See* Dkt. No. 74. As such, Defendant is precluded from offering testimony, evidence or argument relating to the consequences of conviction, including the potential term of imprisonment of ten years and a fine of $250,000.00 if she is convicted, as well as the consequences set forth in 8 U.S.C. § 1451(e) requiring that this Court "revoke, set aside and declare void" Defendant's naturalization upon her conviction.

As to the remaining pre-trial evidentiary motions, the parties have been unable to reach any agreements. However, the Judge who previously presided over this matter entered an Order requiring the parties to re-file their Motions *in Limine* to comply with the Court's local rules. The parties re-filed their Motions *in Limine*, and therefore some of their pending motions are moot.

- The Government's Motion *in Limine* to Exclude At Trial Any Claim, Questioning or Argument in Support of Alleged Selective Prosecution [Docket No. 73 replaces Docket No. 33]
- The Government's Motion *in Limine* to Exclude (1) Evidence Relating to Claims of Innocence of Underlying Foreign Convictions and (2) Allegations of Torture [Docket No. 66 replaces Docket No. 34]
- The Government's Motion to Exclude Evidence, Argument and Jury Instruction Relating to Consequences of Conviction [Docket No. 74 replaces Docket No. 35]
- The Government's Motion *in Limine* to Rule Admissible for Trial Foreign Evidence Produced Pursuant to Mutual Legal Assistance Treaty [Docket No. 67 replaces Docket No. 36]
- Defendant's Motion *in Limine* [Docket Nos. 59, 60 and 61 replace Docket No. 41]

Lastly, based on the current posture of this matter, the Court finds that the ends of justice will be served by granting a continuance and outweigh the interests of the public and the Defendant in a speedy trial. *See* 18 U.S.C. §§ 3161(h)(7)(A). Because this case is so unusual based on the existence of novel questions of fact and law, it is unreasonable to expect adequate preparation for the trial itself within the time limits set forth by the Speedy Trial Act. *See* 18 U.S.C. §

3161(h)(7)(B)(ii). As such, <u>September 2, 2014 through October 2, 2014</u> shall be excluded from the Speedy Trial Clock.

Accordingly, the Government's Motions *in Limine* [Dkt. Nos. 33, 34, 35, 36] are MOOT. Defendant's Motion *in Limine* [Dkt. No. 41] is MOOT.

The Government's Motion *in Limine* to Exclude Evidence, Argument and Jury Instruction Relating to Consequences of Conviction [#74] is GRANTED. Defendant is precluded from offering testimony, evidence or argument relating to the consequences of conviction, including the potential term of imprisonment of ten years and a fine of $250,000.00 if she is convicted, as well as the consequences set forth in 8 U.S.C. § 1451(e) requiring that this Court "revoke, set aside and declare void" Defendant's naturalization upon her conviction.

A hearing on Defendant's Motion to Dismiss Indictment [Dkt. No. 84], Defendant's Motion to Produce State Department Documents [#89], Defendant's Request to Rely on Expert Testimony [#42, #43] and the Government's Motion *in Limine* to Rule Admissible for trial Foreign Evidence Produced Pursuant to Mutual Legal Assistance Treaty [#67] shall be held <u>on Thursday, October 2, 2014 at 10:00 a.m</u>.

A hearing on the parties' remaining Motions *in Limine* [Dkt. Nos. 59, 60, 61, 66, 73] shall be held <u>on Tuesday, October 21, 2014 at 10:00 at a.m.</u>

The Final Pretrial Conference in this matter shall be held <u>on Tuesday, October 28, 2014 at 2:00 p.m.</u>

The parties shall file their proposed joint jury instructions, voir dire and verdict form <u>on or before Monday, October 27, 2014.</u> If a party disagrees with any instructions or voir dire, the party shall file an objection with the Court with supporting authority.

Trial shall commence <u>on Tuesday, November 4, 2014 at 9:00 a.m.</u>

SO ORDERED.

Dated: September 3, 2014                                          /s/Gershwin A Drain
                                                                  GERSHWIN A. DRAIN
                                                                  United States District Judge