UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                        Case No. 13-cr-20772
                        HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO EMPANEL AN ANONYMOUS JURY AND TO TAKE OTHER MEASURES NECESSARY TO ENSURE AN UNTAINTED JURY [#97]

### I. INTRODUCTION

Defendant Rasmieh Odeh is charged with unlawful procurement of naturalization in violation of 18 U.S.C. §1425(a). Presently before the Court is the Government's Motion to Empanel an Anonymous Jury and to Take Other Measures Necessary to Ensure an Untainted Jury, filed on October 3, 2014. The Government's motion is fully briefed and the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the present motion on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2); E.D. Mich. L.Cr. R. 12.1(a). For the reasons that follow, the Court will deny the Government's request to empanel an anonymous jury and will grant the Government's request for partial

sequestration.

## II.  FACTUAL BACKGROUND

Defendant is charged with unlawful procurement of naturalization in violation of 18 U.S.C. §1425(a).  She is the Associate Director of the Arab American Action Network ("AAAN") in Chicago, Illinois.  The AAAN is an organization that provides social service and counseling to the Arab community in Chicago. The Executive Director of AAAN is Hatem Abudayyeh.  The Government maintains that since the inception of this action, Mr. Abudayyeh has orchestrated a concerted effort to influence the instant criminal proceedings with the ultimate goal of influencing the opinions of the jury selected to decide Defendant's case.

For example, on September 10, 2014, Mr. Abudayyeh was interviewed and during his interview he stated in relevant part:

> Filling that courtroom every day with our posters and our banners and our chants about, you know, justice for Rasmea, those are, those are really, really important things that happen in the courtroom because they, they sway, they could potentially, you know, umm, sway the opinions of the jurors, this woman is not isolated, this woman is not a criminal, this woman has massive, you know, massive community support, right.  An acquittal on this case is more than just a case of this individual activist . . . . This is really, truly a case about Palestine as well . . . . You know, we believe that like you know putting her on trial is putting Palestine on trial.  Winning this thing on our end is another victory for the Palestinian people.

Moreover, Mr. Abudayyeh and others have demonstrated in front of the courthouse whenever there is a scheduled proceeding in this matter.  The Government argues that this conduct is an improper attempt to influence the jury, is criminal and without constitutional protection.

### III. LAW & ANALYSIS

#### A. Anonymous Jury

"A district court may empanel an anonymous jury in any case in which the interests of justice so require, 28 U.S.C. § 1863(b)(7), and that decision 'is within the sound discretion of the trial court.'" *United States v. Warman*, 578 F.3d 320, 343 (6th Cir. 2009) (citing *United States v. Lawson*, 535 F.3d 434, 439 (6th Cir. 2008)). The Sixth Circuit Court of Appeals has held that "[t]he anonymity of a jury should be preserved in situations including, but not necessarily limited to, the following: (1) when the case involves very dangerous defendants who were participants in large-scale organized crime, and who participated in mob-style killings and had previously attempted to interfere with the judicial process; (2) when the defendants had a history of attempted jury tampering and serious criminal records; or (3) when there have been allegations of dangerous and unscrupulous conduct by the defendant, coupled with extensive pretrial publicity." *Lawson*, 535 F.3d at 439. Additionally, there is support for empaneling an anonymous jury notwithstanding the absence of safety concerns "in order to minimize the prejudicial effects of pretrial publicity and an emotional, political atmosphere that create[s] a risk of jury intimidation and improper influence." *United States v. Dakota*, 197 F.3d 821, 827 (6th Cir. 1999).

When a district court determines that the interests of justice require the empaneling of an anonymous jury, it "must ensure that the defendant retains his or her right to an unbiased jury by conducting a voir dire designed to uncover bias as to issues in the case and as to the defendant h[er]self . . . ." *United States v. Talley*, 164 F.3d 989, 1001-02 (6th Cir.

1999)(internal quotation marks omitted). Additionally, the district court must provide "the jury a neutral and non-prejudicial reason for requiring it to be anonymous, so that jurors will refrain from inferring that anonymity was necessary due to the character of the defendant." *Id.* at 1002.

Based on the relevant case law, it does not appear that an anonymous jury is warranted under the circumstances. The Government argues that there is "a history of jury tampering" here based on Mr. Abudayyeh's conduct. However, the Government fails to accurately state the relevant authority. Specifically, the *Talley* court held that an anonymous jury is warranted when "*defendants* have had a history of attempted jury tampering and serious criminal records . . . ." *Talley*, 164 F.3d at 1001 (emphasis added). Here, there is no evidence that Defendant has any history of attempted jury tampering.

The Government relies on *Warman*, however in that case there was evidence that the defendants "were contracting to arrange the murders of witnesses, court officers, and prosecutors." 578 F.3d at 343. Moreover, it is not lost on this Court that the Government fails to mention in its present motion that when a district court orders the empaneling of an anonymous jury, it must conduct "a voir dire designed to uncover bias as to issues in the case and as to the defendant h[er]self . . . ." *Talley*, 164 F.3d. at 1001-02. It appears that the Government fails to include this in its motion because the Government strongly opposes the use of a jury questionnaire in this matter.

The Government further argues that an anonymous jury is needed in this matter because Mr. Abudayyeh and "his hoard of supporters have created a public, emotional and

-4-

political atmosphere aimed at improperly influencing the jury." Dkt. 97 at 7. However, the cases where an anonymous jury has been empaneled on this basis are distinguishable from the present matter. In *United States v. Dakota*, the Sixth Circuit upheld the district court's decision to empanel an anonymous jury in a case involving charges of an illegal kickback scheme against a tribe member of the Chippewa Indians that operated a casino on the reservation and the owner who leased the gaming machines to the casino. 197 F.3d at 824. In upholding the district court's decision to empanel an anonymous jury, the *Dakota* court found that the decision was appropriate in order to "minimize pretrial publicity and an emotional, political atmosphere that created a risk of jury intimidation and improper influence." *Id.* at 827.

The Government's reliance on *Dakota* is peculiar considering it contends that "there has been little or no pretrial publicity surrounding" this case. Dkt. No. 97 at 8. Moreover, in addition to the lack of extensive pretrial publicity, it also does not appear that "an emotional, political atmosphere" exists here, at least when compared to *Dakota* or other cases where an anonymous jury has been empaneled in the absence of concerns for juror, witness or court personnel safety.

For instance, in *United States v. Koubriti*, 252 F. Supp.2d 418 (E.D. Mich. 2003), a judge of this Court ordered the empaneling of an anonymous jury in a case involving charges of "conspiracy to provide material support or resources to terrorists" against defendants who were arrested "within a week of the September 11 attacks on the World Trade Center and the Pentagon . . . ." *Id.* at 419. In denying the defendant's motion opposing the empaneling of

-5-

an anonymous jury, the district judge noted that:

> Over the past eighteen months, this case has drawn a great deal of media attention, both locally and nationally. Furthermore, particularly in the aftermath of the events of September 11, public emotions concerning 'terrorism' are still highly charged. Given that this case is the first post-September 11 case to go to trial which raises issues bearing on international terrorism, the Court [has] determined that to protect potential jurors from undue harassment by the media and other curiosity-seekers from undue harassment by the media and other curiosity-seekers, it would be in the best interest of the jurors and the parties that the jury in this case remain anonymous.
>
>    *         *         *
>
> [T]his case has generated a great deal of media attention. Furthermore, since September 11, 2011, emotions of the public run high with the mere mention of allegations of 'terrorism' in this country. Given this emotionally-charged atmosphere and the heightened level of media attention,[1] the potential for juror harassment is increased. Because of these conditions, the Court finds that, notwithstanding Defendants' objections, an anonymous jury is warranted.

*Id.* at 419, 422. Moreover, the *Koubriti* court ensured an impartial jury by furnishing "the Defendants with copies of the extensive juror questionnaires which provided Defendants with each prospective juror's answers to 103 detailed questions." *Id*. at 423.

Similarly, in *United States v. Kilpartrick*, No. 10-20403, 2012 U.S. Dist. LEXIS 110165 (E.D. Mich. Aug. 7, 2012), another judge of this Court ordered the empaneling of a partially anonymous jury in a case involving public corruption charges against the City of Detroit's former mayor. Specifically, the judge in *Kilpatrick* permitted counsel for the parties to obtain identifying information of the prospective jurors but prohibited disclosure

---

[1] Noting that "[i]n addition to the large number of print and broadcast media reports concerning this case that have already been reported, as of this date the Court has already received 47 requests for media credentials for the trial." *Id.* at 422 n.1.

of this information to anyone, including the clients of counsel. 2012 U.S. Dist. LEXIS 110165, at *2. In concluding that a semi-anonymous jury was warranted, the *Kilpatrick* court noted that:

> It goes without saying that the facts underlying this case have generated intense media scrutiny and a public that is acutely interested in the alleged illegal activities of the City of Detroit's former mayor and other public officials. This in turn has created an emotionally charged atmosphere and an increased potential for juror harassment.

2012 U.S. Dist. LEXIS 110165, at *4. Moreover, the judge ensured a voir dire process "designed to uncover bias as to issues in the case and as to the defendant[s] [themselves][.]" *Talley*, 164 F.3d at 1001-02. Specifically,

> Defendants are able to conduct a voir dire designed to uncover bias by providing defense counsel with juror names and zip codes, extensive juror questionnaires that defense counsel helped prepare for this purpose, and an opportunity to conduct individual voir dire. In addition, the Court will provide all prospective jurors with a neutral, non-prejudicial explanation for requiring anonymity, similar to that cited with approval by the *Tally*[sic] court.

2012 U.S. Dist. LEXIS 110165, at *7.[2]

Based on the foregoing authority, it does not appear that the empaneling of an anonymous jury is warranted. The circumstances present here do not fall within the

---

[2] Specifically, the *Talley* court approved the following explanation to jurors concerning their anonymity:

> This case is one where there is likely to be a good bit . . . of media interest, because it is important to all of the parties that there not be any media contact with jurors . . . until this case is over, we are using your juror numbers . . . . We do this for your benefit to make sure . . . that you are not bothered or approached by any media about this case or any aspect of it.

*Talley*, 164 F.3d at 1002 n.7.

delineated circumstances identified by the Sixth Circuit Court of Appeals as warranting an anonymous jury. *Lawson*, 535 F.3d at 439. Defendant has no history of attempting to tamper with the jury, rather it is Mr. Abudayyeh who has stated his intent to "sway the opinions of the jurors . . . ." Nor does Defendant have a criminal history involving organized crime, mob-style killings, or any evidence that Defendant has engaged in dangerous and unscrupulous conduct. Lastly, there has been no *extensive* pretrial publicity. The Government admits as much.

Nor are the facts herein similar to the circumstances in *Koubritti* or *Kilpatrick*, where there was extensive pretrial publicity coupled with an emotionally-charged atmosphere. Counsel for Defendant are aware of their obligations to avoid contact with any of the jurors. Moreover, the Court will require Defendant's counsel to inform Defendant's supporters of the consequences should they attempt to contact the jurors in this matter–contempt of court and possible criminal charges. The Court will also enter an Order precluding any of Defendant's supporters from wearing inappropriate attire if they enter the courthouse, such as t-shirts with "free Rasmieh" emblazoned on them. Additionally, the Court will enter an Order directing the Marshal Service to work with the city police to ensure compliance with Detroit's City Code, Chapter 36-Noise. Specifically, Sec. 36-1-1 states:

> (a) It is unlawful for any person to unreasonably disturb the public peace and quiet, or to unreasonably disturb or annoy the quiet, comfort and repose of persons in the vicinity by shouting or whistling, by loud, boisterous, or vulgar conduct, or by the playing of a compact disc player, musical instrument, phonograph, radio, tape player, television, videotape machine, or any other device, equipment, or instrument that amplifies, produces, or reproduces sound, in any public or private place.

Detroit, Michigan, Code of Ordinances, Sec. 36-1-1. Lastly, because this Court finds that partial sequestration is warranted to ensure the jurors are not exposed to any improper influence by Defendant's supporters while they are assembled in front of the courthouse, the Government's concerns about improper influence and harassment will be addressed by this remedy.

### B. Partial Sequestration

In addition to its request for the empaneling of an anonymous jury, the Government requests that the Court order partial sequestration of the jury. Specifically, instead of arriving at the courthouse on their own each morning, the jurors will be directed to meet at an off-site location to be determined by the Marshal Service. The Marshal Service shall pick up the jurors at this location and take them to the courthouse garage so that the jurors will not be exposed to Defendant's supporters who will be in the front of the courthouse during the trial. The Court agrees with the Government that this remedy is warranted under the circumstances. The Court will provide the jurors a neutral explanation for the partial sequestration such as the explanation approved in the *Talley* decision, i.e., to avoid unwanted media attention.

### IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Empanel an Anonymous Jury and to Take Other Measures Necessary to Ensure an Untainted Jury [#97] is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

Dated: October 16, 2014                     /s/Gershwin A Drain
                                                        GERSHWIN A. DRAIN
                                                        UNITED STATES DISTRICT JUDGE