UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 13-cr-20772
vs.                                      HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

        Defendant.

_____/

## ORDER REGARDING FINAL PRETRIAL CONFERENCE AND DENYING DEFENDANT'S MOTION FOR A CONTINUANCE [#116]

On October 28, 2014, the parties appeared for the final pretrial conference in this matter. At the conference, the parties raised several issues with the Court. Specifically, the following issues were raised by the parties at the final pretrial conference:

(1) Defendant orally moved for an Order Directing the Jury Department to provide copies of the Jury Questionnaire forms prepared by the prospective jurors. Pursuant to Administrative Order 05-AO-020, "the clerk may not disclose any juror qualification form of any person in preparation for venire under any circumstance except upon order of the court in connection with a challenge under 28 U.S.C. § 1867 . . . ." AO No. 05-AO-020. Accordingly, Defendant's oral motion for access to the prospective jurors' Questionnaire forms is DENIED. While Defendant's counsel may have been permitted access to prospective juror questionnaire forms in another case in this district, it appears that this most likely occurred prior to Administrative Order 05-AO-020.

-1-

(2) The Court will permit the Government to utilize Microsoft power point during its opening argument.   Defendant's objection to the Government's use of Defendant's Visa Application is OVERRULED.  If Defendant provides the Court with authority for her contention that this evidence is inadmissible under Rule 404(b) of the Federal Rules of Evidence, the Court will review such authority and may revisit its current decision.

(3) Defendant's oral motion to allow Defendant to testify about her post-traumatic stress disorder is DENIED.

(4) Defendant's oral motion to allow Defendant to testify about her background is GRANTED IN PART.  Defendant may provide some background facts, but may not testify to the torture she may have suffered in 1969.

Lastly, Defendant filed a Motion for Continuance on October 27, 2014.  Defendant has failed in her burden to demonstrate that a continuance is warranted under the circumstances.  "Granting or denying a continuance is a matter within the discretion of the district court."  *United States v. Frost*, 914 F.2d 756, 764 (6th Cir. 1990).  In order to demonstrate that a continuance is warranted, Defendant must show that, without a continuance, she will be prejudiced. *See Frost*, 914 F.2d at 765 ("We look for a showing from the defendant of prejudice, i.e., a showing that the continuance would have made relevant witnesses available, or would have added something to the defense.").

Here, Defendant has failed to show she will be prejudiced without a continuance.  Moreover, this case has been pending for more than a year.  Her present counsel have been involved with these proceedings for roughly six months and have been aware of the November 4, 2014 trial date since early September of this year.   In fact, the trial in this matter has been rescheduled on three prior occasions.  It had an original trial date of January 14, 2014.  This date was adjourned and June 10,

2014 became the new date, which was later adjourned to September 9, 2014.  Thereafter, when the prior judge who presided over this matter entered an order of recusal, the undersigned set the current November 4, 2014 trial date.  In this Court's view, the instant request for a continuance appears to lack merit.

Accordingly, Defendant's Motion for a Continuance [#116] is DENIED.

SO ORDERED.

Dated: October 29, 2014                              /s/Gershwin A Drain
                                                     GERSHWIN A. DRAIN
                                                     United States District Judge