UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 13-cr-20772
                                      HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

    Defendant.

_____/

## ORDER REGARDING DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S EXHIBITS

    Defendant's trial for violating 18 U.S.C. §1425(a), or for unlawful procurement of naturalization, is scheduled to commence on November 4, 2014. Presently before the Court are the Defendant's objections to the Government's exhibit numbers 3, 4 and part two of exhibit number 2A. Both parties have submitted briefing on the instant objections. Upon review of their submissions, the Court will overrule in part and sustain in part Defendant's objection to exhibit number 3, and will overrule Defendant's objections to exhibit number 4 and part two of exhibit number 2A.

    The Federal Rules of Evidence permit the admission of only relevant evidence. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. Rule 403 permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. "'Unfair prejudice' as used in Rule 403 does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988) (citations omitted).

Turning to Defendant's first objection, Government exhibit number 3 is the 1969 Indictment, which charged Defendant in five separate counts for her activities related to participating in bombings of a grocery store and the British Consulate in Jerusalem, as well as Defendant's membership in an unlawful organization. While Defendant cites to no authority in support of her objection, it appears that she objects to the admission of Government exhibit number 3 based on Rule 403. It also appears that the majority of her objection rests on the second count in the 1969 Indictment, which states:

### SECOND COUNT

(Against Defendants No. 1, No. 2, No.3)

**Nature of Offense** – Placing a bomb as described in Regulation 58(B) and 66 as of the 1945 (Emergency) Defense Regulations.

**Particulars of Offense** – The above defendants: Defendant No. 2–the major offender, and Defendants 1 and 3 as accomplices [end of line cut off] placed explosives in the hall of the SuperSol in Jerusalem, with the intention of causing death or injury to any [end of line cut off] and/or cause damage to property. One of the bombs exploded and caused the death of Leon Kannar and Edward Jaffe, May Their Memory Be a Blessing, as well as injuries to a multitude of people.

Defendant maintains that the following language in count two is irrelevant and extremely prejudicial: "One of the bombs exploded and caused the death of Leon Kannar and Edward Jaffe, May Their Memory Be a Blessing, as well as injuries to a multitude of people."

Contrary to Defendant's argument, the 1969 Indictment is the only exhibit which shows that she was charged with criminal offenses. One of the specific questions on Defendant's naturalization application asked if she had ever been charged with a crime and her present Indictment alleges she answered this specific question falsely. This Court has already determined that the specific charges for which Defendant was convicted are relevant to two of the elements the Government must establish beyond a reasonable doubt: procurement and materiality. Specifically, the Court held that:

> Lastly, Defendant's contention that the unfair prejudice resulting from the admission of the specifics of her conviction outweighs the relevance of her convictions is without merit. Her conviction for participating in the bombing of the SuperSol grocery store and the building housing the British Consulate are directly related to the elements of materiality and procurement. The probative value of this evidence is overwhelming. Without this evidence, the Government will be unable to establish two elements of the crime of unlawful procurement of naturalization.

Dkt. No. 117 at 14. Moreover, the Court has further concluded that "[a] conviction for participating in a bombing that resulted in the death of two civilians would be material because it would be relevant to Defendant's good moral character. An arrest for minor offenses . . . would not satisfy the materiality requirement because such crimes do not show a lack of moral character." *Id*. at 13. The Court has thus explicitly ruled that the specific nature of the offenses for which Defendant was charged in 1969 are relevant to these proceedings and are not unfairly prejudicial within the meaning of Rule 403.

While the Court declines to exclude the counts for which Defendant was charged in the 1969 Indictment, it nonetheless agrees with Defendant that counts five, six, eight, nine, ten and eleven are irrelevant to any of the elements of a § 1425(a) violation. The Government argues that redacting the counts for which Defendant was not charged will result in a "less comprehensible" exhibit. The Court disagrees. The Government fails to explain how redaction of counts that are irrelevant to the instant proceedings will somehow confuse the jury or preclude the Government from establishing

the elements of a §1425(a) offense. Accordingly, the admission of exhibit 3 is contingent upon the Government's redaction of counts five, six, eight, nine, ten and eleven.

Next, Defendant objects to Government exhibit 4, which is a single page exhibit showing that Defendant was ordered detained until the end of the trial proceedings. As such, this exhibit is directly relevant to the issues herein, namely whether she knowingly made a false statement when she answered "no" to the Naturalization Application's question inquiring as to whether she had ever "been detained by any law enforcement officer (including INS and military officers) for any reason?" Ind., ¶ 23; *see also* Fed. R. Evid. 401. Defendant also complains that the instant exhibit is "cut of [sic] in two places and is illegible in another." The Government responds that the portion that is cutoff can in fact be redacted because it has nothing to do with the ruling that Defendant be detained. As such, the Court will require the Government to redact the portion of exhibit 4 that is cutoff but otherwise will overrule Defendant's objection to exhibit number 4.

Lastly, Defendant objects to part two of Government exhibit 2A, which is Defendant's application for an immigrant visa. Specifically, Defendant objects to part two because it is entitled "Part II-Sworn Statement," yet contains an unsigned and unsworn statement. Defendant maintains that this document is inconsistent with its title and is not the best evidence. However, both parts one and two of exhibit 2A represent a single document which was a part of Defendant's alien file. It is a document that Defendant relied on to obtain her immigrant visa; the immigrant visa that she relied upon to gain naturalization. As such, it is relevant to the instant proceedings. Fed. R. Evid. 401. Defendant's complaints concerning this exhibit go to the weight to be accorded to the exhibit as opposed to its admissibility. The Court will overrule Defendant's objection to part two of Government's exhibit 2A.

Defendant's objection to Government exhibit 3 is OVERRULED IN PART and

SUSTAINED IN PART. Counts five, six, eight, nine, ten and eleven shall be redacted from Exhibit 3.

Defendant's objection to Government exhibit 4 is OVERRULED. However, consistent with this Order, the Government shall redact the portion of exhibit 4 that is cutoff.

Defendant's objection to part two of Government exhibit 2A is OVERRULED.

SO ORDERED.

Dated: November 3, 2014

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 3, 2014, by electronic mail.

/s/ Tanya Bankston
Deputy Clerk