UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                          Case No. 13-cr-20772
vs.                                         HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [#124]**

      Presently before the Court is the Defendant's Motion for Reconsideration, filed on November 3, 2014. Defendant is charged with unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(a). She moves for reconsideration of this Court's conclusion that evidence of torture and post-traumatic stress disorder is irrelevant and inadmissible at her trial. *See* Dkt. No. 117 and 119. Defendant argues that she must be allowed to testify about her life as a refugee and her arrest and torture in 1969, which were integral and directly relevant to her state of mind when she applied for her citizenship in 2004. Defendant maintains that her right to present a complete defense will be infringed if she is precluded from introducing this evidence to the jury.

      The Court will deny defendant's motion for reconsideration. Local court rule 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Williams v. McGinnis*, 192

F. Supp. 2d 757, 759 (E.D. Mich. 2002); *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

The Supreme Court has held that a criminal defendant has the right to a "meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). The right is derived from the Sixth Amendment right to compel and confront witnesses and from the Due Process Clause of the Fourteenth Amendment. *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). However, the Supreme Court has repeatedly recognized that the right to present a defense is subject to reasonable restrictions. *United States v. Scheffer*, 523 U.S. 303, 308 (1998); *Taylor v. Illinois*, 484 U.S. 400, 410 (1988) (the Sixth Amendment does not confer on the accused an "unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."); *Rock v. Arkansas*, 483 U.S. 44, 55 (1987); *Chambers*, 410 U.S. at 295.

Specifically, the *Scheffer* court held in pertinent part:

State and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' Moreover, we have found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused.

*Scheffer*, 523 U.S. at 308 (internal citations omitted). Here, it is well-settled that introduction of psychological evidence to negate the *mens rea* required for general intent crimes is prohibited. *See United States v. Willis*, No. 97-4091, 1999 U.S. App. LEXIS 18298 (6th Cir. Jul. 29, 1999). The *Willis* court specifically held that:

> [A] defendant may present expert psychiatric testimony that offers a legally acceptable theory of lack of mens rea. We have rejected a defendant's contention that diminished capacity evidence should still be admissible where the defendant asserts he did not 'knowingly' possess a firearm. The general rule is that diminished capacity evidence, whether of voluntary intoxication or mental condition, is not an acceptable method of negating the required intent.

*Id*. at *21; *see also United States v. Campbell*, No. 3:05-cr-23, 2009 U.S. Dist. LEXIS 17649, *13 (E.D. Tenn. Mar. 6, 2009) ("Diminished capacity, wherein a defendant asserts that his mental condition prevents him from forming the *mens rea* required to commit the crime, is not a defense to general intent crimes.")(citing *United States v. Kimes*, 246 F.3d 800, 806-07 (6th Cir. 2001)).

Moreover, Defendant has failed to articulate how torture and rape in 1969 impacted the "knowingly" element of the offense charged herein. The cases cited by Defendant are factually distinguishable from the present circumstances. Both *Crane v. Kentucky*, 476 U.S. 683 (1986), and *Rock v. Arkansas*, 483 U.S. 44 (1987), dealt with the admissibility of evidence bearing on the defendant's guilt or innocence for the crime charged, and did not concern the admissibility of unrelated conduct or circumstances to the offense charged.

In *Crane*, the defendant was precluded from introducing testimony about the physical and psychological environment in which his confession was obtained. *Crane*, 476 U.S. at 684. In *Crane*, the prosecution's case rested almost entirely on the defendant's confession. As such, the defendant sought to prove that his confession was not to be believed. The Supreme Court concluded that a "meaningful opportunity to present a complete defense" includes the right to present "competent, reliable evidence bearing on the credibility of a confession when such evidence is central to the defendant's claim of innocence." *Id*. at 690. Unlike the "potentially exculpatory" evidence in *Crane*, Defendant's testimony concerning the torture she suffered in 1969 has no bearing on her state of mind when she purportedly accidentally or mistakenly failed to accurately disclose

-3-

her prior criminal history in her 2004 Naturalization Application.

In *Rock*, the defendant was accused of a killing to which she was the only eyewitness, and she was only able to recall the facts of the killing after her memory had been hypnotically refreshed. *Rock*, 483 U.S. at 46. Because Arkansas law excluded all hypnotically refreshed testimony, the defendant was not permitted to testify regarding certain relevant facts, including whether the killing had been accidental. Here, Defendant seeks to introduce facts that are irrelevant to the instant offense. As such, it cannot be argued that the exclusion of this evidence is unconstitutionally arbitrary or disproportionate. It has not been shown that exclusion of the torture and rape Defendant suffered in 1969 infringes a weighty interest of the accused. *Scheffer*, 523 U.S. at 308.

Accordingly, Defendant has failed to demonstrate a palpable defect by which this Court has been misled and her Motion for Reconsideration [#124] is DENIED.

SO ORDERED.

Dated: November 5, 2014 /s/Gershwin A Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE