UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                      Case No. 13-cr-20772
vs.                                       HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

       Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER REVOKING BOND PENDING SENTENCING [#133] AND SETTING CONDITIONS OF RELEASE

### I. Introduction

On November 10, 2014, following a jury trial, Defendant Rasmieh Odeh was found guilty of unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(a). After the jury returned its verdict, this Court conducted a detention hearing pursuant to 18 U.S.C. § 3143(a)(1) and revoked Defendant's bond pending sentencing. This Court concluded that, while Defendant was not a danger to the community, there was a serious risk of her non-appearance at sentencing scheduled to take place on March 12, 2015.

Presently before the Court is the Defendant's Motion for Reconsideration of this Court's Order revoking bond pending sentencing, filed on November 13, 2014. The Government filed a Response in Opposition on November 19, 2014, and Defendant filed a Reply in support of her present motion on November 24, 2014. Additionally, this Court has granted permission for the

-1-

National Lawyers Guild to appear as Amicus Curiae and to submit its brief supporting Defendant's present request for bond pending sentencing. Upon careful consideration of the submissions before the Court, the Court will grant Defendant's request for bond pending sentencing.

## II.  Law & Analysis

Release or detention pending sentencing is governed by 18 U.S.C.§ 3143(a). The statute provides that pending the imposition of sentence, "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or community if released . . . ." 18 U.S.C. § 3143(a). "Release is no longer favored once guilt of a crime has been established." *United States v. Bowman*, No. 96-3845, 1996 U.S. App. LEXIS 26272 (6th Cir. Oct. 3, 1996) (citing *United States v. Vance*, 851 F.2d 166, 170, cert. denied 488 U.S. 893 (1988)). Section 3143(a)(1) creates a presumption against release which the defendant must overcome. *Id.*; *Vance*, 851 F.2d at 170 (Defendant bears the burden of overcoming the presumption of detention).

Defendant maintains that she is not a flight risk relying on her commitment to her community work assisting Arab immigrants acclimate to life in the United States. In addition to the Chicago area Arab immigrant population, who consider Defendant to be their "family" member, Defendant also has two nephews living in the Chicago area. There are several individuals who have either written letters indicating a belief that Defendant does not pose a flight risk or who have submitted affidavits indicating a willingness to post their homes as surety. Conversely, the Government argues that Defendant's repeated dishonesty demonstrates that her promise to appear for sentencing is illusory.

Defendant's reliance on the pretrial services officer's recommendation for bond pending trial when she was arrested in 2013 is misplaced. The present circumstances are markedly different based on the jury's verdict. Here, Defendant stands convicted of a crime that will result in not only a certain sentence, but also certain removal from the United States upon completion of that sentence. At her trial, Douglas Pierce, Section Chief for the United States Citizenship and Immigration Service in the Detroit office, testified that Defendant's conviction in Israel, if it had been honestly disclosed, would have rendered her inadmissible for entry into the United States. Her conviction in Israel would have demonstrated a lack of good moral character that is required for eligibility to immigrate.

Additionally, the Government has made compelling arguments concerning Defendant's seeming proclivity for dishonesty, as well as her apparent disdain for this Court's Orders. It is of course not lost on this Court that Defendant's testimony concerning her escape from prison in Israel suggests her belief that her actions were warranted because her conviction was unjustified. Defendant has expressed a similar feeling concerning her recent conviction for unlawful procurement of naturalization.

However, Defendant's dedication to her community work and the people that such work assists, as well as the presence of relatives in Chicago, demonstrates by clear and convincing evidence that she is not as significant a flight risk as originally believed. Yet, her substantial disdain for this Court's Orders causes the Court to conclude that a substantial bond is required to ensure her appearance in March for sentencing. While there are individuals who have indicated a willingness to post their homes as surety, it is unknown whether these homes are owned free and clear of liens or mortgage obligations. There is no assurance that the homes may be seized upon Defendant's failure to appear as promised. As such, the Court will require a cash bond in the amount of $50,000.00 to ensure her presence for sentencing in March of next year. Additionally, the Court will

13-20772 UNITED STATES OF AMERICA v. RASMIEH ODEH

require Defendant to report, bi-weekly, to the probation department for the United States District Court for the Northern District of Illinois.

### III. Conclusion

Accordingly, Defendant's Motion for Reconsideration [#133] is GRANTED. IT IS ORDERED that Defendant be released, pending sentencing, upon the following conditions:

1. Defendant must post a $50,000.00 bond fully secured by cash.

2. Defendant must report as directed by the United States Probation Officer for the United States District Court for the Northern District of Illinois. Defendant shall report on a bi-weekly basis.

3. Defendant shall not apply for or obtain a new passport;

4. Defendant's travel is restricted to the Northern District of Illinois, except for scheduled court appearances in this Court.

IT IS FURTHER ORDERED that Defendant shall not be released pursuant to the instant Order until the cash is posted consistent with this Order.

IT IS FURTHER ORDERED that Defendant shall appear before the United States Probation Officer for the United States District Court for the Northern District of Illinois within twenty-four hours of her release from custody.

/s/Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 8, 2014, by electronic and/or ordinary mail.

13-20772 UNITED STATES OF AMERICA v. RASMIEH ODEH

S/Sakne Chami for Tanya Bankston
Case Manager, (313) 234-5213