UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                  CRIMINAL NO. 2:13-cr-20772

  vs.                            HONORABLE GERSHWIN A. DRAIN

D-1 RASMIEH YOUSEF ODEH,

      Defendant.
_____/

**SUPPLEMENTAL BRIEF TO SENTENCING MEMORANDUM OF THE
UNITED STATES REGARDING OBSTRUCTION OF
<u>JUSTICE ENHANCEMENT UNDER SENTENCING GUIDELINES</u>**

The government submits the following, as officers of the Court, in regards to a legal authority cited and relied on by defendant Odeh in her sentencing memorandum, Docket Entry 160.  The following is not a reply to defendant's sentencing memorandum, and the government has other comments and responses which it is reserving for sentencing on March 12, 2015.

However, the undersigned feel compelled to point out to the Court a misstatement of the law by defendant and her attorneys which is so egregious that it needs to be addressed prior to sentencing, so that the Court does not waste its time in preparation for the hearing by relying on a misstatement of law.  *See*

~ 1 ~

MRPC 3.3 and comments; E.D. Mich. LR 83.22(b) (adopting Michigan Rules of Professional Conduct as operative professional rules for this Court).

As the Court is aware, the government seeks to have the Court assess two points under § 3C1.1 of the Guidelines for obstruction. One basis on which the government seeks the enhancement is what it alleges is defendant's perjurious testimony at trial. In opposing that request, defendant states "Section 3C1.1 cmt. N. 1, dictates that the evaluation of whether a defendant's testimony was willfully false must be considered in the light most favorable to the defendant." Docket Entry 160 at 7, Page ID 1570. Defendant then argues that under that standard, the Court cannot assess two points under § 3C1.1. *Id*. at 8, Page ID 1571. Those are defendant's only statements as to the legal standard to be employed in the Guidelines determination, and they are misstatements of the law.

More than *17 years ago*, the Sentencing Commission promulgated Amendment 566, which took effect November 1, 1997. It states in relevant part, "The Commentary to § 3C1.1 captioned 'Application Notes' is amended in Note 1 by deleting in the third sentence 'such testimony or statements should be evaluated in a light most favorable to the defendant.' and inserting in lieu thereof:

> "the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice."

Amendment 566, USSG Guidelines Manual (1997). The Amendment goes on to note:

> This amendment addresses a circuit court conflict regarding the meaning of the last sentence of Application Note 1 in § 3C1.1. The issue is whether that sentence requires the use of a heightened standard of proof when the court applies an enhancement for perjury. Compare United States v. Montague, 40 F.3d 1251 (D.C. Cir. 1994) (applying the clear and convincing standard) with United States v. Zajac, 62 F.3d 145 (6th Cir.) (applying the preponderance of the evidence standard), cert. denied, 116 S.Ct. 681 (1995). The amendment changes the last sentence of Application Note 1 so that it no longer suggests the use of a heightened standard of proof. Instead, it clarifies that the court should be mindful that not all inaccurate testimony or statements reflect a willful attempt to obstruct justice.

*Id.*

In addition, numerous cases have noted the fact that Amendment 566 changed the language of § 3C1.1, and its operative date. *See United States v. Fiorelli*, 133 F.3d 218, 221 n.1 & n.3 (3d Cir. 1998); *United States v. Ventura*, 1999 WL 362582 n.4 (9th Cir. 1999); *United States v. Anderson*, 189 F.3d 1201, 1213 and n.8 ((10th Cir. 1999); *United States v. Prins*, 1999 WL 311314 n.3 (9th Cir. 1999); *United States v. Smiley*, 2002 WL 1723815, 40 Fed. App'x 702, 707 (3d Cir. 2002); United States v. Paz, 2005 WL 1540136 at 4 (11th Cir. 2005).

Thus, defendant Odeh's statement that the present version of the Guidelines "dictate" that her testimony is to be construed in the light most favorable to her is simply not a correct statement of the law. No version of the Guidelines has so provided in more than 17 years.

At sentencing, the Court will be required to determine only whether defendant Odeh's testimony was false and she knew it to be false, based on the testimony itself and the evidence presented.  The government's argument as to why it has satisfied that burden is set forth in its sentencing memorandum, Docket Entry 161, Pages 2-6, Page ID 1712-1716.

        Respectfully submitted,

        BARBARA L. MCQUADE
        United States Attorney

*s/Jonathan Tukel*　　　　　　　　　*s/Mark J. Jebson*
JONATHAN TUKEL (P41642)　　　MARK J. JEBSON (P53457)
Assistant United States Attorney　　Special Assistant U.S. Attorney
211 West Fort Street, Suite 2001　　211 W. Fort, Suite 2001
Detroit, MI 48226　　　　　　　　Detroit, MI 48226
(313) 226-9749　　　　　　　　　(313) 226-9698
jonathan.tukel@usdoj.gov　　　　　mark.jebson@dhs.gov

Dated: March 4, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers.

*s/Jonathan Tukel*
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9749
jonathan.tukel@usdoj.gov