UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RASMIEH YOUSEF ODEH,

    Defendant.
_____/

Case No. 13-cr-20772

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DENYING MOTION TO MODIFY CONDITIONS OF BAIL [189]**

Rasmieh Yousef Odeh ("Defendant") was convicted of unlawfully procuring her United States citizenship, in violation of 18 U.S.C. § 1425(a). On March 12, 2015, Defendant was sentenced to 18 months imprisonment and, pursuant to 8 U.S.C § 1451(e), her United States citizenship was revoked. *See* Dkt. No. 169. On that same day, the United States of America (the "Government") and Defendant (collectively "the Parties") entered into a "Stipulated Order Regarding Bond and Conditions of Release Pending Appeal" [170]. While Defendant's appeal is pending, this Court entered an Order Modifying Bond Conditions [188] following the Parties' submission of a "Stipulation to Modify Bond Conditions in Lieu of Motion" [188].

As part of the original stipulation regarding bond between the parties, it was stipulated that Defendant's "present conditions of release," which prohibited Defendant from traveling outside of the Northern District of Illinois, were "continued pending disposition of the appeal of defendant's conviction." Dkt. No. 170 ¶ 2; *cf.* Dkt. No. 148 at 4 (noting that "Defendant must report as directed by the United States Probation Officer for the United States District Court for the Northern District of Illinois . . . on a bi-weekly basis."). The original stipulation regarding

-1-

bond between the parties indicated that it encompassed "the complete agreement of the parties" and that the "terms of this stipulation and order shall not be modified *except by written agreement signed by each of the parties.*" *See* Dkt. No. 170 at ¶ 6. (emphasis added).

The stipulation to modify the bond between the parties left all previous travel restrictions in place. *See* Dkt. No. 188 at ¶ 3 ("Defendant's travel currently is restricted to the Northern District of Illinois, except for scheduled Court appearances in this Court. That condition shall remain in effect. In addition, if the Sixth Circuit Court of Appeals grants oral argument on Defendant Odeh's appeal, she may travel to Cincinnati, Ohio, to attend the argument . . . ."). Moreover, there was no provision in the stipulation modifying bond that changed the original stipulation for bond, which indicated that the "terms . . . shall not be modified except by written agreement signed by each of the parties." Dkt. No. 170 ¶ 6; *cf.* Dkt. No. 188 ("All other current terms of release shall remain in effect . . . .").

Nevertheless, Defendant has filed the instant "Motion to Modify Conditions of Bail" [189] requesting "that her conditions of bail be temporarily modified to allow her to travel outside the Northern District of Illinois to attend two conferences at which she is an invited speaker." Dkt. No. 189 at 1. Defendant notes that the Government "does not concur" with Defendant's request. *See* Dkt. No. 189 at ¶ 6. Indeed, the Government filed a Response "In Opposition to Defendant's Motion to Modify Bond Conditions" [190] arguing against Defendant's unilateral attempt to modify the conditions of bail. Notably, the Defendant failed to file a Reply brief in accordance with the Court's Local Rules. *See* E.D. Mich. L.R. 7.1(e)(1)(c).

After reviewing the arguments of the parties, the Court finds that Defendant has provided no basis for the modification of conditions of bail. There have been two separate occasions where the Court reaffirmed the stipulation between the parties. *See* Dkt. Nos. 170, 188. The court

-3-

noted that Defendant's travel is restricted to the Northern District of Illinois "except for scheduled Court appearances *in this Court* . . . [or] if the Sixth Circuit Court of Appeals grants oral argument on Defendant Odeh's appeal[.]" Dkt. No 188 at ¶ C(3) (emphasis added). Contrary to Defendant's assertion, the conditions of bail do not indicate that she is required to remain in the Northern District of Illinois, "unless permission is granted to travel by this Court" to go speak at two conferences. *See* Dkt. No. 189 at ¶ 1; *cf.* Dkt. Nos. 170, 188. Accordingly, because the explicit terms negotiated by Defendant outline her travel restrictions, **IT IS HEREBY ORDERED** that Defendant's "Motion to Modify Conditions of Bail" [189] is **DENIED**.

    IT IS SO ORDERED.

Dated: September 21, 2015

                                          /s/Gershwin A Drain
                                          HON. GERSHWIN A. DRAIN
                                          United States District Court Judge