UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                CRIMINAL NO. 13-20772

     Plaintiff,                        HONORABLE GERSHWIN A. DRAIN

v.

RASMIEH YOUSEF ODEH,

     Defendant.
_____/

**GOVERNMENT'S MOTION FOR AND BRIEF IN SUPPORT OF
MENTAL EXAMINATION OF DEFENDANT BY GOVERNMENT'S
EXPERT PURSUANT TO RULE 12.2(c)(1)(B)**

The United States, by and through its undersigned attorneys, requests the

Court to order an examination of the defendant by a government expert, pursuant

to Federal Rule of Criminal Procedure 12.2(c)(1)(B).  Such an examination is

necessary to fully inform the Court's decision regarding the admissibility of the

defense expert's proposed testimony and to permit the government to effectively

rebut that proposed testimony, both for purposes of challenging its admissibility

and, in the event of a retrial, for purposes of trial.  In support thereof, the

government states the following.

On April 19, 2016, the Court of Appeals remanded this case for the Court to

determine whether the defense expert testimony of a clinical psychologist relating

to her Post Traumatic Stress Disorder ("PTSD") diagnosis of the defendant is

admissible, absent a categorical exclusion of that testimony. The Sixth Circuit opinion did not address "other possible bases for excluding this evidence, under evidentiary standards such as those identified by the district court in its order discussing the use of PTSD testimony in federal and state courts." *United States v. Odeh*, 815 F.3d 968, 984 (6th Cir. 2016). This Court had identified potential evidentiary concerns echoed by other courts facing proffered expert testimony on a mental condition directed at the issue of *mens rea*. (Order, Doc. #98 at 14-15). As noted by the Court, some of those concerns include whether the proposed testimony clearly establishes a relationship between the defendant's PTSD and the *mens rea* at issue, whether the proposed testimony would "present a dangerously confusing theory of defense more akin to justification and excuse" and whether the proposed testimony would "distract the jury from focusing on the actual presence or absence of *mens rea*." *Id.* (citations and quotations omitted).

In its opinion, the Court of Appeals also noted that this Court had not ruled on the competence or reliability of the proffered testimony, *Odeh*, 815 F.3d at 977, and, during oral argument, specifically referenced the Court's potential need to rule on *Daubert* objections to the defense expert's testimony. (Exhibit A, Transcript of Relevant Portion of Oral Argument, Oct. 14, 2015.)[1]

---

[1] A recording of the oral argument is available at http: //www. ca6.uscourts .gov/internet /court_audio/audSearch.htm.

The government requests that this Court order a mental examination of the defendant by a government expert pursuant to Rule 12.2(c)(1)(B).  That expert will examine the defendant to determine 1) whether the defendant suffered from PTSD at the time of the charged offense; 2) whether the defendant is malingering; and 3) whether, if in fact the defendant suffered from PTSD at the time of the charged offense, the PTSD manifested itself in the defendant in the way the defense expert claims.  The answers to these questions will help to inform the Court in addressing such potential evidentiary concerns as noted above, as well as the competence and reliability of the proposed defense testimony.  For instance, if the government expert raises substantial questions about the defense expert's diagnosis of PTSD or about the way PTSD manifested in the defendant, the evidentiary concerns noted above would favor heavily against admission of the testimony.

An examination by a government expert will also test the reliability and the competence of the defense expert's testimony, and by extension, its admissibility under the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony.  That rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may

> testify thereto in the form of an opinion or otherwise, if (1) the
> testimony is based upon sufficient facts or data, (2) the
> testimony is the product of reliable principles and methods,
> and (3) the witness has applied the principles and methods
> reliably to the facts of the case.

The proponent of the testimony – in this case, the defendant -- must establish admissibility by a preponderance of the evidence. *United States v. Ledbetter*, No. 2:14-CR-127, 2016 WL 1019260, at *2 (S.D. Ohio Mar. 15, 2016)(citations omitted). In *Daubert*, the Supreme Court held that Rule 702 requires that a district court act as a "gatekeeper" by ensuring that expert testimony which is unreliable, unsupported or speculative is kept from the jury. *See Daubert*, 509 U.S. at 597; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Here, the defense asserts that its expert's opinion that the defendant suffered from PTSD is reliable. At present, the only information the Court has before it is the testimony of the defense expert herself based only on her own examination of the defendant. This Court cannot make an informed decision about the reliability and competence of the defense expert's conclusions based on that expert's word alone. "The trial court's gate-keeping function requires more than simply taking the expert's word for it." *Daubert v. Merrell Dow Pharms., Inc.,* 43 F.3d 1311, 1319 (9th Cir.1995) ("*Daubert II* "). Further, in order for the government to effectively challenge the admissibility of the defense expert's proposed testimony, an examination of the defendant by a government expert is necessary. Even if the

4

Court ultimately determines that the defense expert's testimony is admissible, an examination of the defendant by a government expert is necessary for the government to effectively challenge the defense expert's testimony at trial.

Rule 12.2(c)(1)(B) of the Federal Rules of Criminal Procedure provides that where, as here, the defendant gives notice under Rule 12.2(b) that it intends to present expert evidence on a mental condition, this Court has the authority to order a mental examination of the defendant upon the government's motion. Fed.R.Crim.Pro. 12.2(c)(1)(B). Rule 12.2 (d) further provides that the Court may exclude any expert evidence from the defense on the issue of a mental condition if the defendant fails to submit to an examination when ordered under Rule 12.2(c). This Court has broad discretion to order a mental examination under Rule 12.2. *United States v. Baugus*, 137 Fed.App'x. 962, 964 (9th Cir. 20015)(unpublished).

At the heart of Rule 12.2 is both fairness and efficiency. *Lecroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. 2012). The Rule "estops defendants from placing the issue of criminal responsibility at issue through expert testimony and then 'depriv[ing] the government of a like examination.'" *United States v. Merriweather*, 2:07-cr-00243, 2014 WL 637051 (N.D. Ala. Feb. 18, 2014)(citing *United States v. Harding*, 219 F.R.D. 62, 63 (S.D.N.Y. 2003)). The district court in *Harding* explained:

> Where, as here, the defendant intends to offer evidence of a mental condition said to be inconsistent with his having

formed the requisite intent, the government must have the means to challenge the defendant's assertions. . . Rule 12.2 implicitly recognizes that fairness virtually requires that the government have an opportunity to have the defendant examined by appropriate experts in order that it may prepare properly for trial . . . Having placed his mental condition in issue by service of his Rule 12.2 notice, [the defendant] will not be permitted to thwart the government's effort to achieve 'rough parity in terms of access to the information that would allow the government's experts to arrive at competing conclusions.'

*Harding*, 219 F.R.D. at 63 (citation omitted).

In *Harding*, the defendant was charged with defrauding a government housing agency and submitted notice under Rule 12.2 of his intent to offer evidence of his mental condition to contest his capacity to form the specific intent to further the purposes of the charged fraud conspiracy. *Id.* at 62. The district court, upon the government's application, ordered the defendant to submit to an examination by the government's expert. *Id.* The *Harding* court held that Rule 12.2(b) precluded the defendant from offering expert evidence on his capacity to form the specific intent to commit a crime unless he submitted to an examination by the government's experts. *Id.* at 64.

Requiring the defendant to submit to an examination by a government expert provides the government with a meaningful opportunity to rebut the defendant's mental condition claim, both for purposes of challenging the admissibility of the expert's testimony and, if necessary, for rebutting it at trial. The subject matter of

6

the defense expert's proposed testimony is the subjective state of mind of the defendant.  The government needs access to that same subject matter to test and rebut the defense expert.  As the D.C. Circuit Court of Appeals explained in *United States v. Byers*:

> Appellant and *amici* would have us believe that the mere availability of cross-examination of the defendant's experts is sufficient to provide the necessary balance in the criminal process. That would perhaps be so if psychiatry were as exact a science as physics, so that, assuming the defense psychiatrist precisely described the data (consisting of his interview with the defendant), the error of his analysis could be demonstrated. It is, however, far from that. Ordinarily the only effective rebuttal of psychiatric opinion testimony is contradictory opinion testimony; and for that purpose, as we said in *Rollerson v. United States,* 343 F.2d 269, 274 (D.C.Cir.1964), '[t]he basic tool of psychiatric study remains the personal interview, which requires rapport between the interviewer and the subject.'

740 F.2d 1104, 1114 (D.C. Cir. 1984); *see also White v. United States,* 451 A.2d 848, 853 (D.C.1982) (noting that the "most effective means of controverting" defendant's mental condition defense is "rebuttal testimony of other examining psychiatrists").

The question of the admissibility of the defense expert's testimony is the critical issue in this case.  The Court's decision as to its admissibility will determine whether the parties embark on a new trial in this case.  Given the importance of this decision, the government should be allowed to effectively challenge the basis of the defense expert's testimony for purposes of challenging

its admissibility.

In addition, a mental examination by a government expert is necessary for the government to prepare to meet the defense expert's testimony in the event of a retrial. The Court has set a trial date of January 10, 2017 in this case. As the Advisory Committee Notes to Rule 12.2 explain, one central objective of the rule is to allow the government time for adequate pretrial preparation, to give the government an "opportunity to conduct the kind of investigation needed to acquire rebuttal testimony of the defendant's expert" and to obviate the need for continuances of trial for that purpose. (Advisory Committee Notes to 1983 Amendments to Rule 12.2).

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court order an examination of the defendant by a government expert, pursuant to Rule 12.2(c)(1)(B). The government proposes that the government's expert conduct a two to three day examination of the defendant at the U.S. Attorney's Office in Chicago, obviating the need for the defendant to travel for purposes of the examination.

Pursuant to Local Rule 7.1(a)(2)(B), the government states that, during a telephone conversation with the undersigned on June 27, 2016, defense counsel indicated that he opposes the government's motion.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Cathleen M. Corken                    s/Michael C. Martin
CATHLEEN M. CORKEN                 MICHAEL C. MARTIN
Assistant United States Attorney        Assistant U.S. Attorney
211 West Fort Street, Suite 2001        211 W. Fort, Suite 2001
Detroit, MI 48226                        Detroit, MI 48226
(313) 226-9100                           (313) 226-9100


Date: July 8, 2016

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2016, I electronically filed or caused to be filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers.


<u>s/Cathleen M. Corken</u>
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9100


Dated: July 8, 2016