UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 13-cr-20772

vs.                           HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

        Defendant.

_____/

## ORDER GRANTING GOVERNMENT'S MOTION FOR MENTAL EXAMINATION OF DEFENDANT BY GOVERNMENT'S EXPERT PURSUANT TO RULE 12.2(c)(1)(B) [#201] AND CANCELLING HEARING

### I. INTRODUCTION

On April 19, 2016, the Court of Appeals vacated Defendant Rasmieh Odeh's judgment of conviction for violating 18 U.S.C. § 1425(a), which criminalizes knowingly procuring naturalization contrary to law. The Court of Appeals concluded that it was error to categorically exclude Defendant's Post Traumatic Stress Disorder ("PTSD") evidence. Defendant sought to introduce her diagnosis of PTSD through the testimony of clinical psychologist, Dr. Mary Fabri.

Presently before the Court is the Government's Motion for Mental Examination

-1-

of Defendant by Government's Expert Pursuant to Rule 12.2(c)(1)(B). The Government seeks an Order requiring a two to three day examination of Defendant. The Government argues that such an examination is necessary to fully inform the Court's decision regarding the admissibility of Dr. Fabri's proposed expert testimony and to permit the Government to effectively rebut the testimony, both for purposes of challenging its admissibility and, in the event of retrial, for purposes of trial.

The Government's motion is fully briefed and the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the present motion based on the parties' briefing and will cancel the September 22, 2016 hearing. *See* E.D. Mich. L.R. 7.1(f)(2); E.D. Mich. L.Cr. R. 12.1(a). For the reasons that follow, the Court will grant the Government's request for Defendant to be examined by the Government's expert.

## II.  LAW & ANALYSIS

The Government has requested that the Court order a mental examination of Defendant by a government expert. The Government claims that this examination will not only serve to rebut Defendant's PTSD defense but will also assist the Court with its gatekeeper role under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Specifically, the Government maintains that an examination by its expert will determine (1) whether Defendant  suffered from PTSD at the time of the charged

offense, (2) whether the Defendant is malingering (3) whether the PTSD manifested itself in the Defendant in the way her expert claims and (4) whether the defense expert's methodology is reliable and competent under Federal Rule of Evidence 702 and *Daubert.*

Defendant opposes an examination by a Government expert under any circumstances. She argues that the Government's proposed examination: (1) is unnecessary for *Daubert* purposes, (2) is highly prejudicial, (3) violates the Fifth Amendment, (4) will exacerbate her symptoms, and (5) is not authorized under Rule 12.2(c)(1)(B). The Court will discuss Defendant's arguments in turn.

Rule 12.2(c)(1)(B) of the Federal Rules of Criminal Procedure provides that where, as here, the defendant gives notice under Rule 12.2(b) that she intends to present expert evidence on a mental condition, this Court has the authority to order a mental examination of the defendant upon the government's motion. Fed. R. Crim. P. 12.2(c)(1)(B). This Court has broad discretion to order a mental examination under Rule 12.2. *United States v. Baugus*, 137 F. App'x 962, 964 (9th Cir. 2015).

Rule 12.2's aim is fairness and efficiency. *Lecroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. 2012); *United States v. Harding*, 219 F.R.D. 62, 63 (S.D.N.Y. 2003) (Rule 12.2 implicitly recognizes that fairness virtually requires that the government have an opportunity to have the defendant examined by appropriate

experts in order that it may prepare for trial . . . .").

Defendant argues that Rule 12.2 precludes the Court from ordering a mental examination prior to a *Daubert* hearing. Defendant relies on Rule 12.2(c)(4) to reach this conclusion:

> No statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant:
>
> (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1)[.]

Fed. R. Civ. P.(c)(4).

Defendant conflates two different sections of Rule 12.2 to make her argument. Rule 12.2(c)(1) is silent about the timing of the court-ordered examination. Rather, Rule 12.2(c)(1) "leaves to the court the determination of what procedures should be used for a court-ordered examination of the defendant's mental condition." Fed. R. Crim. P. 12.2 (Advisory Committee Notes, 2002 Amendments). Additionally, waiting to conduct the mental examination is impractical since it will delay the trial proceedings, something Rule 12.2 sought to avoid. *Id.* (1983 Amendments) (noting that advance disclosure to the government that the defendant intends to introduce "expert testimony concerning his mental condition . . . will serve  to permit adequate

pretrial preparation, to prevent surprise at trial, and to avoid the necessity of delays during trial.")

Defendant's reliance on subsection (c)(4) is misplaced because that subsection of Rule 12.2 deals with Fifth Amendment issues. In any event, Rule 12.2(c)(4) does not state that it only applies to trial. Rule 12.2(c)(4) states that a defendant's statements during a court-ordered mental examination cannot be admitted against the defendant in "*any criminal proceeding*" unless the defendant has "introduced" mental health evidence in the first instance. Fed. R. Crim. P. 12.2(c)(4)(emphasis supplied). Any criminal proceeding includes pretrial proceedings, including those addressing *Daubert* challenges. Moreover, Defendant has already "introduced" evidence of her mental state by introducing Dr. Fabri's testimony during an earlier pre-trial proceeding.

Defendant also argues that examination by the Government will violate her Fifth Amendment rights. This argument has been rejected by the Supreme Court in *Kansas v. Cheever*, 134 S.Ct. 596 (2013). In *Cheever*, the Supreme Court held that a defendant does not have a Fifth Amendment right to preclude the government from introducing a psychological examination to rebut the defendant's contention that a mental defect prevented her from committing the crime. *Id*. at 601. "Any other rule would undermine the adversarial process," and would allow the defendant "through

an expert operating as a proxy" to provide a "one-sided and potentially inaccurate view of his mental state at the time of the alleged crime." *Id*. The Supreme Court emphasized that this holding was in harmony "with the principle that when a defendant chooses to testify in a criminal case, the Fifth Amendment does not allow him to refuse to answer related questions on cross-examination." *Id*.

Here, Defendant has filed a Notice of Intent to introduce mental health evidence on the question of guilt, and has already introduced Dr. Fabri's testimony on October 21, 2014. Defendant has therefore placed Dr. Fabri's opinions, which are based solely on Defendant's statements-directly at issue. The Fifth Amendment is not implicated under the circumstances present here.

Defendant next argues that the Court cannot consider Dr. Fabri's conclusions in determining whether her testimony is admissible. Defendant asserts that only Dr. Fabri's methodology is in question at this stage of the proceedings citing to *Daubert,* wherein the Court stated that Rule 702's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert,* 509 U.S. at 595-96. However, the Supreme Court rejected the argument Defendant asserts in *General Electric v. Joiner*, 522 U.S. 136, 146 (1997). The respondent in *Joiner* pointed to the same language in *Daubert* that Defendant relies on here. *Id*. The respondent further argued that "because the District Court's disagreement was with the conclusion that

the experts drew from the studies, the District Court committed legal error" in not permitting the expert to testify." *Id*. The Supreme Court disagreed and stated that "conclusions and methodology are not entirely distinct from one another." *Id*. The Supreme Court went on to explain that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Id.*

The Sixth Circuit has relied on *Joiner* to affirm district court decisions that consider the conclusions of experts to evaulate the admissibility of their proposed testimony. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 254 (6th Cir. 2001); *Lee v. Smith & Wesson Corp*., 760 F.3d 523, 529-30 (6th Cir. 2014)(Keith, J., dissenting)(collecting cases and stating "[s]everal cases have held that a judge is well within her discretion to exclude potential testimony which she believes does not fit the facts of the case and is contradicted by the available testimony.")

Defendant has provided no authority to the Court other than her reliance on the language in *Daubert*, which has been addressed by the Supreme Court in *Joiner*. As such, contrary to Defendant's argument, there is no bar to this Court considering Dr. Fabri's conclusions in conjunction with her methodology and qualifications in determining whether her testimony is admissible.

Lastly, Defendant's assertion that requiring her to be examined by a Government witness will aggravate her symptoms is belied by the numerous occasions Defendant has been able to discuss her history in Jerusalem in the media and elsewhere. Additionally, Defendant was able to be examined by Dr. Fabri during six sessions, totaling eighteen hours in length.

## III.  CONCLUSION

For the foregoing reasons, the Government's Motion for Mental Examination of Defendant by Government's Expert Pursuant to Rule 12.2(c)(1)(B) [#201] is GRANTED.

The examination shall not exceed eighteen hours in length.  The parties shall agree on the amount of days–not less than two and up to six–for the entire examination.  The examination shall take place at the U.S. Attorney's Office in Chicago or another suitable location near Defendant's home in Chicago.  Because the current deadline of September 6, 2016 for the examination of Defendant is impracticable, the Court will allow the parties to agree upon the dates of the examination.  No other dates in the current schedule will be modified.  *See* Dkt. No. 198.

SO ORDERED.

Dated: August 29, 2016                                      s/Gershwin A. Drain
                                                                          GERSHWIN A. DRAIN
                                                                          UNITED STATES DISTRICT JUDGE

-9-

## CERTIFICATE OF SERVICE

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2016.

s/Teresa McGovern

Teresa McGovern

Case Manager Generalist
