UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 13-cr-20772
vs.                               HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISCLOSURE OF GOVERNMENT EXPERT AND FOR MODIFICATIONS OF COURT ORDER NEEDED TO PROTECT THE DEFENDANT FROM ADDITIONAL HARM [#208]**

**I.  INTRODUCTION**

      On August 29, 2016, this Court granted the Government's Motion for Mental Examination.  *See* Dkt. No. 207.  The Court's August 29, 2016, Order stated that the examination could not exceed eighteen hours in length, and must take place at either the United States Attorney's Office in Chicago or another suitable location near the Defendant's home.  *Id.* at 8.

      Presently before the Court is the Defendant's Motion for Disclosure of

Government Expert and for Modification of Court Order Needed to Protect the Defendant from Additional Harm, filed on September 6, 2016. The Government filed a Response in Opposition on September 20, 2016, and Defendant filed a Reply in support of her present motion on September 26, 2016. Upon consideration of the parties' briefing, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will decide the instant motion on the parties' briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

**II.     ANALYSIS**

In her present motion, Defendant requests various disclosures, as well as modifications to the Court's Order Granting the Government's Motion for Mental Examination. Specifically, Defendant seeks the identity and curriculum vitae of the Government's expert. Defendant further asks that the Government's expert identify the tests and procedures that will be used during the examination and an explanation as to the amount of time needed to conduct the examination. Lastly, Defendant also requests that the examination take place at a neutral site, rather than the United States Attorney's Office in Chicago, as well as seeks permission to bring a companion to the examination.

Defendant argues that there is a risk that she will suffer further mental and emotional trauma from another examination–particularly from an adversarial figure.

Defendant maintains that she has only discussed in detail the torture she endured while in Israeli military custody with Dr. Fabri and it is erroneous to suggest that she has freely discussed her torture in the past. Moreover, she asserts that conducting the examination at the United States Attorney's Office will be inherently intimidating because she will be surrounded by the same prosecutors who seek to "debunk and defeat [her] psychiatric defense, imprison her, and remove her from her adopted homeland . . . ." Def.'s Br. at 6. As such, counsel for Defendant has secured space at the DePaul School of Law for the examination.

The Government opposes all of Defendant's requests. The Government's main objection concerns the integrity of the examination. The Government asserts that disclosure of the testing procedures would compromise the examination because the Defendant could familiarize herself with the testing prior to the examination. The Government further argues that revealing the identity of its expert could subject the examination to outside influences. The Government claims that Defendant's supporters may attempt to disrupt or influence the examination. The Government maintains that Defendant will suffer no prejudice because defense counsel will learn of the examiner's identity, qualifications and testing when the parties exchange expert disclosure once the examination is complete.

The Court is not convinced that the only location that will preserve the integrity

-3-

of the examination is the United States Attorney's Office. The Government's concern that Defendant's supporters will somehow interfere with the examination is mere speculation. The Court believes there may be some merit to the Defendant's claims that conducting the examination at the United States Attorney's Office will be intimidating. Such a result may also compromise the examination, from the Defendant's perspective. Moreover, as to the disclosure of the Government expert's identity, the Court finds no harm in releasing this information to the Defendant prior to the examination. However, the Court will limit the disclosure to the attorneys' eyes only.

As to the remainder of Defendant's requests, the Court is not persuaded that the additional disclosures and modifications are warranted under the circumstances. Defendant will obtain the curriculum vitae information of the Government's expert at the time the expert reports and disclosures are exchanged. Defendant relies on the case of *United States v. O'Reilly*, No. 05-80025, 2010 U.S. Dist. LEXIS 14621 (E.D. Mich. Feb. 19, 2010), where the Court ordered the Government to "provide defense counsel with at least five days advance notice of the name(s) and profession(s) of the Government expert who will perform rebuttal examinations and the test(s) the experts expect to perform." *Id*. at *13. However, the *O'Reilly* court ordered these disclosures to occur in anticipation of the penalty phase of a death penalty case and is therefore

-4-

distinguishable from the circumstances present here. Additionally, Defendant's reliance on the Rule 35 of the Federal Rules of Civil Procedure is misplaced in this criminal action.

The Court also finds that disclosure of the expert's testing and procedures is unwarranted and could compromise the examination if Defendant were apprised of the tests to be administered. Additionally, Defendant may not have a companion attend the examination, which would undermine the integrity of the examination. "[T]he presence of a third party . . . at [a mental] examination tends to destroy the effectiveness of the interview." *United States v. Baird*, 414 F.2d 700, 711 (2d Cir. 1969).

Lastly, to the extent Defendant argues that her fundamental rights are being infringed because the Court has refused some of her requested disclosures and modifications, the Court notes that Defendant fails to provide any case authority in support of her conclusory assertions that her Fifth and Sixth Amendment rights will be violated. Defendant must do more than provide naked assertions devoid of further legal analysis and supporting case authority.

### III.   CONCLUSION

Accordingly, Defendant's Motion for Disclosure of Government Expert and for Modifications of Court Order Needed to Protect the Defendant from Additional Harm

[#208] is GRANTED IN PART and DENIED IN PART.

The Government shall disclose the identity of its Expert on or before September 29, 2016. The identity and disclosure shall be limited to the attorneys' eyes only and specifically, shall not be disclosed to the Defendant's supporters, the general public or the media.

The location of the examination shall occur at a neutral location. If the parties cannot agree on a suitable location near Defendant's home, the examination shall take place at DePaul School of Law.

The examination shall take place between October 3, 2016 and October 7, 2016.

The parties shall exchange expert reports and other expert discovery no later than October 25, 2016.

The parties shall file their respective *Daubert* briefs, as well as supplemental affidavits no later than November 15, 2016.

SO ORDERED.


Dated: September 28, 2016        /s/Gershwin A Drain
                                 GERSHWIN A. DRAIN
                                 United States District Judge