UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   CRIMINAL NO. 13-20772

    Plaintiff,   HONORABLE GERSHWIN A. DRAIN

v.

RASMIEH YOUSEF ODEH,

    Defendant.
_____/

RESPONSE OF THE UNITED STATES TO ORDER REQUIRING
EXPEDITED RESPONSE (Docket Entry 220)

On December 13, 2016, the government sought and the grand jury returned a superseding indictment against Defendant Odeh. The superseding indictment did not add any additional charge; the sole charge remains a single count of Procuring Naturalization Contrary to Law, in violation of 18 U.S.C. § 1425(a). However, the superseding indictment does allege additional facts in support of that single charge which were not included in the original indictment.

The superseding indictment alleges that Defendant Odeh falsely answered the question, "'Have you **EVER** been a member of or associated with any organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other place?'" (Superseding Indictment, General

1

Allegations, ¶ 19, citing Naturalization Application Part 10, Question 8a, capitalization and bold in original.) That allegation did not appear in the original indictment. The superseding indictment alleges that the false answer rendered Defendant Odeh's naturalization contrary to law. (Superseding Indictment, Count 1, Paragraph 2(D)(1).)

The superseding indictment also alleges that Defendant Odeh falsely answered the question, "'Have you **EVER** been a member of or in any way associated (either directly or indirectly) with a terrorist organization?'" (Superseding Indictment, General Allegations, ¶ 21, citing Naturalization Application Part 10, Question 9c, capitalization and bold in original.) That allegation did not appear in the original indictment. The superseding indictment also alleges that the false answer rendered Defendant Odeh's naturalization contrary to law. (Superseding Indictment, Count 1, Paragraph 2(D)(1).)

The superseding indictment thus alleges and will allow the government to prove Defendant Odeh's association with the Popular Front for the Liberation of Palestine. The superseding indictment also alleges that based on her actions in connection with the Popular Front for the Liberation of Palestine, Defendant Odeh "engaged in a terrorist activity" as that term is defined by the Immigration and Nationality Act, Title 8, United States Code, Section 1182(a)(3)(B). Based on having "engaged in a terrorist activity," the superseding indictment alleges,

Defendant Odeh was inadmissible to the United States and therefore never could naturalize as a United States citizen. (Superseding Indictment, Count 1, Paragraph 2(B).) The original indictment did not contain that allegation. And in addition, the superseding indictment also newly alleges directly that Defendant Odeh lacked good moral character as that term is defined in the Immigration and Nationality Act; that act makes good moral character a necessary component of naturalization. As a result, the superseding indictment alleges and the jury will be called on to decide, whether Defendant Odeh could satisfy the statutory requirements for naturalization. The indictment alleges that because she could not satisfy those statutory requirements, her naturalization was contrary to law. (Superseding Indictment, Count 1, Paragraph 2(E).)

Thus, while there are no new charges as such in the indictment, there are new factual allegations regarding the existing charge. For that reason, it seems reasonable to the government to reset the deadlines previously imposed, which would allow the Court to consider in due course any issues raised by the parties. Under the currently existing schedule, motions were due today, December 14, 2016, which the court has now extended to December 20. It will be almost impossible for the parties to file within that deadline motions which are responsive to the new indictment. It is for that reason that the government did not object to defense counsel's request to continue the trial until mid-March and to reset other

deadlines accordingly. (See Docket Entry 219 at ¶ 4, Page ID 3042-3043.) In that connection, the government intends to seek authorization from the Court to take depositions of two witnesses located overseas and who have first-hand knowledge of Defendant Odeh's involvement in terrorist activities. That motion could not have been filed prior to return of the superseding indictment, because those witnesses' testimony only became relevant based on the new allegations in the superseding indictment. The government anticipates that its motion for a deposition, if granted, would increase the amount of time necessary to resolve the issue.

Finally, the government suggests that if the Court grants Defendant Odeh's request for a continuance, that it find that the resulting delay is excludable from the time under the Speedy Trial Act under which trial must commence, because the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial, because failing to do so would likely make a continuation of such proceedings impossible, and would deny the defendant and the government the reasonable time necessary for effective preparation, given the

shortness of time and taking into account the exercise of due diligence. (*See* 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and 3161(h)(7)(B) (iv).)

                                                    Respectfully submitted,

                                                    BARBARA L. McQUADE
                                                    United States Attorney

                                                    *s/ Jonathan Tukel*
                                                    Assistant U.S. Attorney
                                                    Chief, National Security Unit
                                                    211 West Fort Street, Suite 2001
                                                    Phone: (313) 226-9749
                                                    Email: Jonathan.Tukel@usdoj.gov

                                                   *s/ Michael C. Martin*
                                                    Assistant U.S. Attorney
                                                    211 West Fort Street, Suite 2001
                                                    Detroit, Michigan 48226
                                                    Phone: (313) 226-9100
                                                    Email: Michael.C.Martin@usdoj.gov

Dated: December 14, 2016

CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers.

*s/ Jonathan Tukel*
Assistant U.S. Attorney
Chief, National Security Unit
211 West Fort Street, Suite 2001
Phone: (313) 226-9749
Email: Jonathan.Tukel@usdoj.gov

*s/ Michael C. Martin*
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9100
Email: Michael.C.Martin@usdoj.gov

Dated: December 14, 2016