UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RASMIEH YUSEF ODEH,

    Defendant.

Case No. 13-20772
Hon. Gershwin Drain

**MOTION TO DISMISS SUPERSEDING INDICTMENT
AND BRIEF IN SUPPORT**

NOW COMES the defendant, Rasmea Odeh, by her undersigned counsel, and respectfully moves this honorable Court for dismissal of the above-entitled superseding indictment. In support of this motion Ms. Odeh states the following:

1. Ms. Odeh was first indicted on October 17, 2013, based on allegations in one count, under 18 U.S.C. Sec. 1425(a), charging that she knowingly procured her naturalization as a United States citizen "contrary to law."

2. The last allegation in this indictment charged that she knowingly signed her false naturalization application on November 3, 2004. (para. #30).

3. There is a ten (10) year statute of limitations under 18 U.S.C. Sec 1425, (See 18 U.S.C. Sec 3291), and Ms. Odeh was indicted almost nine years after the last allegation of the original indictment.

1

4. Ms. Odeh was tried and convicted in November, 2014, and sentenced in March, 2015.

5. On February 25, 2016, the Court of Appeals for the Sixth Circuit ruled that this Court had erred in its decision to bar testimony from an expert proffered by Ms. Odeh to explain her Post-Traumatic Stress Disorder (PTSD), as a matter of law, on grounds that the offense charged was not a crime of specific intent, and remanded the case to the trial court to determine if there was any other basis to preclude the expert testimony.

6. On June 21, 2016, this Court set a briefing schedule to consider other challenges by the government to the admission of the expert testimony, and in the event such challenges were denied, a new trial date for January 10, 2017.

7. On December 6, 2016, the Court denied the government's *Daubert* motion to preclude the expert testimony, and set a schedule for pre-trial motions for December 14th, followed by *voir dire* questions and jury instructions, with trial to commence on January 10, 2017.

8. On December 13, 2016, the Government obtained a superseding indictment, more than twelve (12) years after the alleged violation of the statute.

9. The government's superseding indictment adds new allegations added to the charging count of the original indictment. Under these new allegations, which were not involved in the first trial, the government seeks to prove that Ms. Odeh was a member of or affiliated with a "terrorist" organization - the Popular Front for the Liberation of Palestine (PFLP) – and "engaged in terrorist activity," and that her answers to questions about this were also false. (See Response of Govt. to Defense Motion for Continuance, Doc #221 Pg. ID 3046-3048).

10. If the government is allowed to proceed on its superseding indictment, the trial of this case will be radically changed, to include significant new evidence that Ms. Odeh was guilty of "terrorist activities" activities almost fifty (50) years ago, and was a member or affiliated with a Palestinian resistance organization which the government will characterize as a "terrorist" organization.

11. In response to these new claims by the government, the defense will be compelled to show that the defendant was innocent of any "terrorist activities," that the military court proceedings in 1970 violated Due Process, and that the PFLP in 1969 was a Palestine liberation organization exercising the right under international law to oppose the illegal foreign occupation of their country.

3

12. The superseding indictment, clearly, substantially "broadens" the scope of the original indictment, and the proof in the first trial, and as such is barred by the Statute of Limitations.

13. Further, neither the original indictment, nor the first trial, put the defendant on Notice that she would have to prove her innocence of "terrorist activities," or that she knowingly lied about her affiliation with a terrorist group. No documents were tendered by the government or admitted at trial in support of these new allegations in Count One of the superseding indictment.

14. The new allegations in Count One of the superseding indictment, have appreciably enlarged the burden on the defense, creating additional theories of prosecution, in a trial in which the evidence will be substantially more complex, and raise difficult and highly prejudicial political issues not presented by the first indictment or trial.

15. In fact, the Government previously made a specific, purposeful decision in preparing its original indictment, not to allege that Ms. Odeh lied about her membership in the PLFP, or was guilty or innocent of the 1969 charges for which was convicted in Israel in 1970. (See Doc# 66 Pg. ID 592- 607, Motion *in Limine* of the United States to Exclude Claims of Innocence.)

4

16. Indeed, during the first trial, this Court emphatically and repeatedly ruled that we were not going to litigate Ms. Odeh's guilt or innocence of the Israeli charges (See e.g., Doc #117 Pg. ID 1246), and precluded the government from using the terms "terrorist," "terrorist group" and "terrorist activity" as highly prejudicial and a danger of improperly influencing the jury verdict. (Doc #17 Pg. ID. 1245).

17. Now that this Court has properly ruled that the PTSD testimony is admissible, the government wants to convert the new trial into a political one about terrorism, and the defendant's guilt, forty-eight (48) years after the fact.

18. The government now faced with the reality, which it should have known from the beginning, that the defendant's state of mind was relevant to whether or not she lied, wants to change its strategy and theory of prosecution full circle, and turn this case into a show trial about terrorism, to fan the flames of prejudice.

19. The substantial broadening by the superseding indictment of the charging count from the original indictment does not relate back, and is therefore barred by the Statue of Limitations.

20. In addition, the twelve year pre-indictment delay between the alleged criminal offense– November 3, 2004 - and the superseding indictment -

5

December, 2016 - substantially prejudices Ms. Odeh's right to a fair trial and was intended by the government to obtain an unfair advantage in violation of the Due Process Clause of the Fifth Amendment.

21. Further, the superseding indictment would not have been initiated but for governmental vindictiveness, and was brought in retaliation for the exercise of Ms. Odeh's constitutional right to a fair trial, also in violation of Due Process under the Fifth Amendment.

22. Given that a favorable ruling on this motion would obviate the need for both parties to expend substantial time and resources in preparing for trial on the superseding indictment, Ms. Odeh requests that this Court set an expedited briefing schedule so that a decision can be made on this motion as soon as possible.

WHEREFORE, Ms Odeh respectfully requests that this Court set an early hearing to save further effort, dismiss the superseding indictment, and grant such other relief as may be just and appropriate.

Respectfully submitted,

Dated: January 31, 2017            Respectfully submitted,

/s/ Michael E. Deutsch
Michael E Deutsch
1180 N. Milwaukee Ave.
Chicago, Ill. 60642 773-235-0070

6

          Michael Deutsch

          Dennis Cunningham

          James Fennerty

          William Goodman

          Huwaida Arraf

          Attorneys for Rasmea Odeh

## CERTIFICATE OF SERVICE

I herby certify that on January 31, 2017, I electronically filed or caused to be filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers.

/s/ Michael E. Deutsch
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il 60642
773-235-0070

Dated: January 31, 2017