# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

    Case No. 13-20772
    Hon. Gershwin Drain

**RASMIEH YUSEF ODEH,**

    **Defendant.**

## BRIEF IN SUPPORT OF MOTION TO DISMISS

**FACTS:**

Rasmea Odeh was first indicted on October 17, 2013, based on allegations in a one count indictment under 18 U.S.C. Sec. 1425(a), charging that she knowingly procured her naturalization as a United States citizen contrary to law. The last allegation in this indictment charged that she filed her naturalization application containing answers she knew to be false on November 3, 2004. (para. 31 of original indictment).

There is a ten (10) year statute of limitations under 18 U.S.C. Sec 1425, and Ms. Odeh was indicted almost nine years after the last act of her alleged offense. Ms. Odeh was tried and convicted in November of 2014, and sentenced in March, 2015.

1

On February 25, 2016, the Sixth Circuit Court of Appeals rejected the blanket ruling of the trial court, that since she was not charged with a specific intent crime, her expert testimony was inadmissible as a matter of law. The Appeals court remanded Ms. Odeh's case for the trial court to determine if there was any other basis to preclude the PTSD expert testimony than the lower court's prior determination, and if not to order a new trial.

On June 21, 2016, this Court set a briefing schedule to consider other challenges by the government to the admission of Ms. Odeh's expert PTSD testimony, and in the event such challenges were denied, a new trial date for January 10, 2017.

On December 6, 2016, this Court denied the government's *Daubert* motion to preclude the expert testimony, and set a schedule for pre-trial motions for December 14th, followed by *voir dire* questions and jury instructions, with trial to commence on January 10, 2017.

On December 13, 2016, the Government obtained a superseding indictment from a grand jury, more than twelve years after the alleged violations of the statute. Due to the significant additional factual allegations contained in the charging count of the superseding indictment, and the wide ranging proof now contemplated by the government, the trial was continued to May 17, 2017.

2

**ARGUMENT**

The superseding indictment has substantially broadened the scope of the trial and the evidence that will be relevant and at issue. Although the single charge of a violation of 18 U.S.C. 1425(a) remains the same, the government's proof under the superseding indictment will be significantly greater, far more complex, raising difficult political questions, and encompassing facts going back almost fifty (50) years. Such a substantive change in the nature of the superseding indictment returned well beyond the ten year statute of limitations, does not qualify as an exception to the Statute of Limitations.

The superseding indictment also violates Ms. Odeh's Fifth Amendment Due Process Rights. The extraordinary pre-indictment delay between the alleged offense – November, 2004 – and the superseding indictment - December, 2016 - over twelve years, was intentional and seriously prejudices the defendant's right to a fair trial.

Further, the superseding indictment is vindictive, in violation of Ms. Odeh's Fifth Amendment Due Process Rights. Having lost its attempt to preclude the defense expert testimony, the government has improperly retaliated with an indictment seeking to prove that she is a terrorist.

**A. The Superseding Indictment Violates the Statute of Limitations.**

The Sixth Circuit has clearly stated that a superseding indictment which broadens the original indictment cannot refer back to the filing date of the original indictment to avoid the strictures of the Statute of Limitations. See *United States v. Smith,* 197 F.3d 225, 227-28 (6th Cir. 1999); see also, *United States v. Rosenbaum,* 628 F. Appx 923, *930* (6th Cir. 2015); *United States v. O'Bryant,* 998 F.2d 21, 23 (1st Cir. 1993) (superseding indictment is timely "so long as it neither materially broadens nor substantially amends the charges against the defendant.") Whether the superseding indictment broadens the original indictment is not simply defined by the statutory charge under which a defendant is indicted, but also by the factual allegations that the government relies upon to show a violation of the statute. See *States v. Radcliff,* 245 F.3d 1253-54 (11th Cir. 2001); *United States v. Italiano,* 894 F.2d 1280, 1282 (11th Cir. 1990); see also, *United States v. Salmonese,* 352 F.3d 608, 622 (2d Cir. 2003) ("In determining whether a superseding indictment materially broadens or amends the original charges, we will consider whether the additional pleadings . . . rely on different evidence . . .")

The government's superseding indictment significantly adds to the scope of the original indictment and trial, which was limited to whether or not the defendant "knowingly" lied about her criminal history in 2004. The government's new allegations seek to prove that Ms. Odeh was a member or affiliated with a "terrorist" organization, the Popular Front for the Liberation of Palestine, back in

4

1969, and was "engaged in terrorist activity." (See Response of Govt. to Defense Motion for Continuance, Doc #221 Pg. ID 3046-3048)

Courts have upheld a superseding indictment outside the Statute on the theory that the defendant was on notice, "that they will be called to account for their activities and to prepare a defense." *United States v. Grady,* 544 F.2d 598, 601 (2d Cir. 1976). As this Circuit stated in *United States v. Wattford,* 468 F.3d 891 909 (6th Cir. 2006), that a key consideration in determining whether the superseding indictment has impermissibly broadened the charges is whether the original indictment provided sufficient notice of the added charges "that the defendant can adequately prepare his or her defense."

In this case however, neither the original indictment nor the government's statements and actions in the first trial put the defendant on notice that she would need to prove her innocence of "terrorist activities" or affiliations dating back almost fifty years ago. No evidence was proffered during the first trial that would have provided notice that Ms. Odeh should be prepared to prove her innocence of acts terrorism or terrorist affiliations so long ago.

In fact, the government made a specific strategic decision in drawing its original indictment not to allege that Ms. Odeh lied about her membership in the PLFP, or was guilty of the 1969 charges for which she was convicted. (See Doc#

5

66 Pg. ID 592- 607, Motion *in Limine* of the United States to Exclude Claims of Innocence.) In that motion the government specifically stated:

> Moreover, in order to avoid having to delve into the question of the defendant's guilt or innocence of the underlying charges, the *government purposefully* did not charge that she falsely answered the following questions: 9. Have you **EVER** been a member of or in any way associated (either directly or indirectly) with: c. A terrorist organization?

Pg. ID 606 (emphasis added)

Likewise, this Court has also repeatedly held that the factual guilt or innocence of the crimes for which Ms. Odeh was convicted in Israel is irrelevant and that we were not going to try what happened 48 years ago. See e.g., Doc #117 Pg. ID 1246. This Court has also ruled that there should be no reference to the defendant as a terrorist or involved in acts of terrorism. Indeed, the Court precluded the government from using the terms "terrorist," "terrorist group" and "terrorist activity" as highly prejudicial and a danger of improperly influencing the jury verdict. (Doc #17 Pg. ID. 1245).

Clearly under these circumstances it cannot be reasonably argued that Ms. Odeh was put on notice that she would have to defend herself against claims of terrorist acts and affiliations. See e.g., *United States v. O'Neill*, 463 F. Supp. 1205, 1208 (E.D. Pa. 1979) (Court found that "[t]he original indictment, alleging a single misrepresentation, could not have put the defendant on notice that he [or she] might face a revised indictment alleging to quite different misrepresentations.")

6

Nor is there any question that the superseding indictment substantially broadens the case against Ms. Odeh requiring her to defend against charges of alleged terrorist activities and affiliations. Now that this Court has properly ruled that the PTSD testimony is admissible, the government wants to convert this trial into a political one about terrorism, and the defendant's acts and affiliations almost fifty years after the fact.

The government now faced with the reality, that the defendant's state of mind was relevant to whether or not she lied, - which it should have understood from the beginning - wants to change its strategy full circle and turn this case into a show trial about terrorism to fan the flames of prejudice. Clearly, the new indictment goes well beyond the scope of the original indictment, and thus is outside the "relation back" exception to the Statute of Limitations.

The broadening of the allegations and evidence against Ms. Odeh can be clearly seen in the government's own admission that it intends to "seek authorization from the Court to take depositions of two witnesses located overseas and who have first-hand knowledge of Defendant Odeh's involvement in terrorist activities." The government then concedes that, "[t]he motion could not have been filed prior to the return of the superseding indictment, because these witnesses' testimony only became relevant based on the new allegations in the superseding indictment." (*Id.* Pg. ID 349)

If the government is allowed to proceed on its superseding indictment, the trial of this case will be radically changed, to plumb the issues relating to whether or not Ms. Odeh was guilty of the Israeli military charges or other activities almost five decades ago. Beyond that, the trial will also include evidence of whether or not Ms. Odeh was a member of or affiliated in the late 60's and 70's with what the government will characterize as a "terrorist" organization, which the defense will seek to prove was, rather, a patriotic liberation organization exercising their rights under international law to oppose the foreign occupation of their homeland.

In determining whether a superseding indictment broadens the allegations and evidence in a case. courts have asked whether the burdens on the defense are "appreciably enhanced" by the new indictment and/or if it likely that the evidence will be substantially different or unavailable. See e.g., *United States v. Gigante*, 982 F. Supp. 140, 156 (E.D. N.Y. 1997) aff'd 166 F.3d 75 (2d Cir. 1999); *Salmonese*, 353 F.3d at 622. Surely, it is evident that the superseding indictment here, and the government's evident proof, goes far beyond the scope of the original case and will radically increase the burden on the defense in meeting the new allegations in struggling to obtain a fair trial.

## B. The Extraordinary Pre-Indictment Delay Between the Alleged Offense and the Superseding Indictment Violates Ms. Odeh's Fifth Due Process Rights.

Ms. Odeh raises a Due Process claim under the Fifth Amendment for inordinate pre-indictment delay, since the time lapse the alleged offense in June of 2004, and the superseding indictment in December of 2016 is more than twelve years. See *United States v. Marion*, 404 U.S. 307, 324 (1971); *United States v. Giacalone*, 477 F.2d 1273, 1276 (6th Cir. 1973). The Sixth Circuit has repeatedly held that the Due Process Clause of the Fifth Amendment require a dismissal of an indictment if it is shown that the pre-indictment delay caused substantial prejudice to a defendant's rights to a fair trial, and the delay was an intentional device to gain tactical advantage over the accused. See e.g. *Langford v. Warden*, 593 Fed Appx. 422, 433 (6th Cir. 2014); *United States v. Crawford*, 60 Fed. Appx 520 (6th Cir. 2003). This is an additional good reason to dismiss the superseding indictment.

The defendant clearly will suffer substantial harm to her fair trial rights, in defending a superseding indictment which comes more than 12 years after the alleged offense, and relies on facts that occurred almost 48 years ago, and on witnesses and evidence that in are in a foreign country. The superseding indictment requires Ms. Odeh, who has meager resources and is represented by volunteer counsel, to locate witnesses and experts in Israel and occupied

9

Palestine, and produce in U.S. pro to rebut allegations that are decades old. The superseding indictment which comes over 12 years after her naturalization hearing, now seeks to prove claims that of a wholly political nature under circumstances in which many key defense witness have died or are not locatable. Where the government has ready partner in Israel in mustering its 48 year-old case, the defendant will likely be at a loss in assembling this huge new portion of her defense. Clearly, this would result in crippling prejudice to the defense

The Superseding indictment is the result of intentional delay and bad faith. The government originally brought an indictment, over 9 years after the alleged offense, but it was based on U.S. witnesses and straightforward allegations that took place in the United States and it intentionally and explicitly avoided and disowned claims of long past supposed terrorist affiliations or terrorist activities. Even under these circumstances, the government was aware of Ms. Odeh's history in Israel as early as 2010 and apparent ineligibility for citizenship; nonetheless it waited until 2013 to return the original indictment.

Now, more than 12 years later, having lost its effort to exclude defense expert testimony on Ms. Odeh's state of mind, the government has revamped its indictment to create a trial about "terrorism" in a foreign country, based on 48 year- old highly disputed facts. The return of the superseding indictment and the

resulting delay was and is clearly intentional and intended to gain tactical advantage,

### C. The Superseding Indictment Transforming Ms. Odeh's Case into a Terrorism Case is Vindictive and Brought in Retaliation for the Exercise of Ms. Odeh's Right to Have a Fair Trial.

This Supreme Court has recognized that a prosecution that would not have been initiated but for governmental "vindictiveness" and has an actual "retaliatory motivation" is constitutionally impermissible. See *Blackledge v. Perry,* 417 U.S. 21, (1974); *United States v. Adams*, 870 U.S. F.2d 1140 (6th Cir. 1989).

In this case, it is clear that the government would not have returned the superseding indictment if the defense had not been successful in convincing the Sixth Circuit and this Court, that Ms. Odeh was entitled to have an expert testify at her trial. Because Ms. Odeh was successful in obtaining her fundamental constitutional right to a fair trial, the government has retaliated with a new indictment accusing Ms. Odeh of involvement in terrorist activities and affiliations. This is the essence of an improper vindictive prosecution – the government brings a new indictment in response to a defendant's exercise of a constitutional right. See e.g., *United States v. DeMarco*, 550 F.2d 1224, 1226

(9th Cir. 1977) (vindictive prosecution claim brought when new indictment brought after defendant successfully moved for a change of venue): see also, *United States v. Burt*, 619 F.2d 831, 816 (9th Cir. 1980); *United States v. Groves*, 571 F.2d 450, 453 (9th Cir. 1978) (vindictive prosecution claim after new charges were filed following defendant's motion to dismiss on speedy trial grounds.

The superseding indictment is in retaliation for the exercise of Ms. Odeh's constitutional rights and should be dismissed.

Ms Odeh asks the Court to set an expedited briefing and determination of this motion to avoid the unnecessary waste of time and resources to prepare a defense against an indictment which is barred by the Statute of Limitations. Wherefore, for all the above reasons, Ms. Odeh respectfully requests that this Court dismiss the superseding indictment.

Dated: January 31, 2017          Respectfully submitted,

/s/ Michael E. Deutsch
Michael E Deutsch
1180 N. Milwaukee Ave.
Chicago, Ill. 60642 773-235-0070

Michael Deutsch

Dennis Cunningham

James Fennerty

William Goodman

Huwaida Arraf

Attorneys for Rasmea Odeh