# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**
                                       **Case No.  13-20772**
                                       **Hon. Gershwin Drain**

**RASMIEH YUSEF ODEH,**

      **Defendant.**

## MOTIONS IN LIMINE AND BRIEF IN SUPPORT

NOW COMES Rasmea Odeh, by her undersigned counsel and respectfully moves this Court to issue orders *in limine* to bar prejudicial evidence, as enumerated below, which is irrelevant and/or more prejudicial than probative under the Federal Rules of Evidence,.  In support of this motion Ms. Odeh states the following:

**Background**

Pre-trial motions in response to the original indictment were ordered by this Court to be filed on December14, 2016.  On December 13, 2016, the government filed a superseding indictment, and the Court set a new motion schedule, requiring all motions to be filed by February 14, 2017.

On January 29, 2017, Ms. Odeh filed a Motion to Dismiss the Superseding Indictment, now scheduled to be heard by this Court on March 21, 2017.   Until the Motion to Dismiss the Superseding Indictment is ruled upon, Ms. Odeh is placed in the complex procedural posture of having to file *limine* motions in response to the prospect of a trial on either the original and superseding indictments.  As described in the Motion to Dismiss, the original and superseding indictments are significantly different and raise substantially different issues to be addressed *in limine*.

Defendant's motions are separated in two groups, below and in the Brief.

## I.    Motions in *Limine* Regarding the Original Indictment

Accordingly, the Defendant moves for Orders precluding introduction of various materials and issues by the government, as follows:

1.    Evidence or mention of defendant's alleged guilt or innocence of the 1969 Israeli charges.

2.    Evidence or mention of her alleged past affiliation with the Popular Front for the Liberation of Palestine (PFLP) or any other pro-Palestinian group.

3.    Evidence or specific mention of the 1969 charges by the Israeli security police, the specific allegations in the Israeli military court indictment or the specific alleged "crimes" for which she was convicted by the military tribunal

4.    Evidence or mention of her attempted escape from an Israeli prison in 1975

5. Mention or use of the word "terrorist" in referring to Ms. Odeh, and the use of the word "terrorism" in describing her alleged activities in Israel, or the Israeli charges, or her military court conviction.

6. Regardless of the MLAT, in order to preserve the issue, Ms. Odeh seeks to preclude the introduction of any documents generated by the illegal Israeli Military Occupation.

## II.   Motions in *Limine* to Superseding Indictment

The Superseding Indictment adds additional allegations in which the government seeks to prove as fact that Ms. Odeh was a member of or affiliated with a "terrorist group" (the PFLP) and engaged in "terrorist activities." In the event that this Court allows the government to proceed on the superseding indictment, a whole series of additional irrelevant evidence and highly prejudicial issues are implicated by the superseding indictment, in addition to the *limine* requests listed above.

As to the Superseding Indictment, Ms. Odeh moves for preclusion of the following:

7. Evidence or mention that the PFLP was designated by the United States Secretary of State as a foreign terrorist organization, which occurred in 1997.

8. Evidence or mention about the PFLP that presents "political questions" of the right of the Palestinian people to oppose illegal occupation of their country with actions deemed unlawful by the Occupation authorities.

9. Evidence from the Record of the military occupation court proceeding in which Ms. Odeh was convicted and imprisoned in Israel in 1969. Since the government now seeks to prove that she was in fact involved in "terrorist activities," the finding of an Israeli military court is not admissible to prove such fact. The government must be required to prove any claims of alleged criminal acts which they characterize as terrorism with admissible evidence, beyond a reasonable doubt.

10. Further, any Israeli police reports, or other documents, now almost 50 years old, and generated by the Israeli military government involved in enforcing the illegal occupation of Palestinian land must be precluded as hearsay and unreliable.

Finally, defendant wishes to reserve the right, once the government has identified its "experts" to fully challenge the qualifications, relevancy and justified basis for their proposed testimony.

WHEREFORE, defendant Rasmieh Odeh maintains her prayer that this honorable Court will grant her companion motion to dismiss the Superseding Indictment so wrongfully filed herein, and that, there and here, it will fully explore and carefully consider what fair and righteous limitations ought to be imposed on the evidence in the trial of this long-suffering woman, for obtaining American citizenship "contrary to law."

Dated: February 14, 2017                 Respectfully submitted,

                                         /s/ Michael E. Deutsch
                                         Michael E Deutsch
                                         1180 N. Milwaukee Ave.
                                         Chicago, Ill. 60642 773-235-0070

                                         Michael Deutsch

                                         Dennis Cunningham

                                         James Fennerty

                                         William Goodman

                                         Huwaida Arraf

                                         Attorneys for Rasmea Odeh

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                   Case No.  13-20772
                                   Hon. Gershwin Drain

RASMIEH YUSEF ODEH,

     Defendant.

## BRIEF IN SUPPORT OF RASMEA ODEH'S MOTIONS IN LIMINE

**Introduction**

    Rasmea Odeh has filed several requests *in limine,* intended to limit the retrial of her case to relevant contested issues, and to prevent the introduction of highly prejudicial, collateral matters.  Since there is now a superseding indictment, and since the defendant's Motion to Dismiss the superseding indictment will not be heard until March 20, 2017, Ms. Odeh's motions *in limine* address highly prejudicial and irrelevant evidence which the government may seek to introduce at trial under either indictment.

Under the original indictment, Ms. Odeh does not contest that she was arrested by Israeli security police in 1969, charged and convicted by an Israeli military tribunal and imprisoned by the Israeli government.  Ms. Odeh's defense is not based on a challenge to the government's evidence that the "no" answers to her arrests, conviction or imprisonment were false, but rather whether or not she "knowingly lied" when answering those questions.  As in the first trial, evidence that repeatedly focuses attention on the fact  that she was indicted and convicted of a bombing in which two civilians were killed and several others injured,  is guaranteed to prejudice even the most open-minded juror and distract from the issues that are rightfully in dispute. The defense urges this Court not to let the new trial be hijacked by manipulation of the specter of "terrorism"---in fact if not specifically in name---which will again be the clear the intent and only coherent purpose of the prosecution's repeated reference to bombings and deaths and injuries.

As to the superseding indictment, the government's terrorism-mongering strategy is clearly front and center. Under this new indictment, the government seeks to prove that Ms. Odeh lied about membership in or affiliation with a "terrorist organization"--- the Popular Front for the Liberation of Palestine

2

("PFLP") --- and that she engaged in "terrorist activities," which would have precluded her from obtaining legal resident status and barred her from becoming a citizen. These two additional allegations of terrorism, focused on proving that the PFLP was a terrorist organization Ms. Odeh was a member of, and that she did in fact engage in terrorist activities, present additional serious and highly prejudicial *limine* issues.

### Limine Issues for Trial Under the Original Indictment

Ms. Odeh respectfully moves for Orders under #403 FRE precluding various matters the government will or may seek to introduce in evidence in a trial of the original Indictment herein, as follows:

### 1.   Evidence of the Defendant's Supposed Guilt or Innocence of the 1969 Israeli Charges.

Following a theme this Court has articulated from the beginning of this case, that "we are not going to try the defendant's guilt or innocence of the crimes charged in 1969", the defendant moves that any and all evidence that directly or indirectly seeks to show her guilt or innocence of her Israeli charges Importantly, Prior to the first trial, the government specifically moved *in limine* to

3

preclude the defense from raising any claims of innocence.  See Doc# 34 Pg. ID 150. The government argued that "[e]vidence of defendant's factual guilt or innocence for crimes of which she was convicted in a foreign country (Israel) *is irrelevant to the question of whether or not she truthfully answered questions on her U.S. naturalization application* about whether she ever had been arrested, convicted or imprisoned." at Pg. ID 151; see also Doc #66 Pg. ID 502-3 (Emphasis added)

The Court specifically granted this motion to preclude the defense from raising claims of innocence. Doc#117 Pg. 1245-46.  "The Court has already concluded that Defendant's factual guilt or innocence for the crimes for which she was convicted is irrelevant to whether or not she truthfully answered questions on her Naturalization Application." *Id.* at 1246

Faced with a new trial in which the defendant's past trauma has now been held relevant and admissible, the defense anticipates that the government will attempt to argue that the defendant's alleged guilt of the bombing charge in 1969 is relevant to whether or not she was tortured.  This argument is specious and should be rejected. Whether Ms. Odeh was guilty or innocent has no relevance to whether or not she was tortured. The Israelis security police (*Shin Bet*), then and now,

4

would systematically torture all detainees believed to be involved in acts of

resistance to their occupation, guilty or innocent, before and after they were (are)

forced to confess. Wherefore, any evidence which is intended to show that Ms.

Odeh was guilty or innocent of the "crimes" charged by the Israelis in 1969 should

be precluded from the trial.

### 2. Evidence of Defendant's Alleged Membership or Political Affiliation with a Terrorist Organization.

Prior to the first trial, the government also conceded that it "purposefully"

did not charge that she [Ms. Odeh] falsely answered" the questions concerning

whether she was ever a member of or in any way associated with a terrorist

organization. Doc# 34 Pg. ID 164; see also Doc # 66 Pg. ID 606-07

Since the (original) indictment does not charge her with lying about her alleged

past political affiliations, any evidence of such affiliations is irrelevant, without

probative value, and highly prejudicial.  R.403 FRE

Further, Ms. Odeh moves that this Court order that any reference to her

alleged membership in an "illegal organization" as testified to by Douglas Pierce[1] ,

---

[1] Doc #181 Pg. ID 2110

or any other witness, or in any argument, should be precluded. If defendant's

Israeli military conviction for membership in an "illegal organization" based on

illegal efforts of the government of Israel to repress Palestinians from organizing

resistance to the illegal occupation of their country were introduced, the jury would

have to be told further that, under international law, people have the right to resist

foreign occupation, and that under the U.S. constitution membership, by itself, is

protected by the First Amendment. Further, the defendant's evidence would also

have to include that participating in a peaceful protest, or displaying a Palestinian

flag, is also illegal under Israeli law, and can be made the basis for arrest and

charges of belonging to an illegal organization.

### 3. Description of the Specific Israeli Charges Contained in the Indictment and Conviction Documents.

Ms. Odeh will testify that she interpreted the criminal history questions to apply

to her time in the United States, which was nine years at the time of her

naturalization. Expert testimony will explain that Ms. Odeh suffered from chronic

PTSD, as a result of her torture following her arrest by the Israelis in 1969, which

caused her to narrow her understanding of the scope of the questions, to avoid

recollection of her past trauma.

In this context, the charges in the indictment and conviction by the Israeli military occupation legal system alleging bombings, civilian deaths and injuries, have no relevance at all to the issues at trial, and efforts must be made to limit their likelihood to prejudice and distract the jury from what is in dispute and must be determined. In the first trial, in opening and closing statements and in the testimony of witness Douglas Pierce, the prosecution repeatedly referred to the bombing and the death and injuries. No defendant can withstand such a deluge of flagrantly prejudicial, irrelevant argument and testimony, and have any hope for a fair trial. Ms. Odeh therefore moves that the Israeli indictment and the specific charges for which she was convicted not be presented to the jury.

Rather, Ms. Odeh moves that the jury be instructed that she was charged, convicted and imprisoned for "serious crimes." On appeal, two of the Circuit judges agreed that it was an abuse of discretion for this Court to allow the reference to the names of the two victims of one of the bombings and a Jewish prayer for their souls.[2] More significantly, Judge Batchelder in her partial dissent

---

[2] The third judge, Judge Rodgers, stated also implied that if he were the trial court he may have also excluded this language, but added, "To say that members of this court might have redacted the names of the victims and the Jewish blessing is far different from saying the district court's conclusion to the contrary was an abuse of discretion." *United States v. Odeh*, 815 F.3d 968, 983 (6th Cir. 2015)

7

believed it was unnecessary, an abuse of discretion, and reversible error, to allow the objected to portions of bombings, deaths and injuries in the Israeli indictment to go before the jury. United States v. Odeh, 815 F.3d 968, 986 (6th Cir. 2015) (Batchelder, dissenting).

The defendant urges this Court to adopt Judge Batchelder's reasoning, and her interpretation of 1425(a) that the statute does not require proof of unlawful procurement, (i.e., that if the defendant had answered the questions accurately it was not likely she would have "procured" naturalization), and that proving "that the lie was 'material' would not require evidence that she [Ms. Odeh] was charged with 'placing evidence in the hall of the Super Sol in Jerusalem … with purpose of causing death and injury." *Id.* at 986.

As Judge Batchelder concluded, "[t]he risk of unfair prejudice from this evidence was enormous." *Id.* at 986 "I would have held that the district court abused its discretion in allowing the objected to portions of the Israeli indictment to go before the jury and this error was not harmless." *Id.* at 987

There is absolutely no evidentiary need for the jury to be informed that Ms. Odeh was charged with bombings in which two died and others were injured.

8

Although the Court has previously barred the use of the word "terrorism" to describe the charges and conviction of the defendant,[3] the charges of bombs placed in a grocery store killing and injuring civilians, blares out "terrorism" regardless of whether the specific word "terrorism" is used.

## 4. Mention of the Defendant's Attempted Escape From an Israeli Prison in 1975.

There is no even arguable basis to put before the jury the fact that Ms. Odeh attempted to escape for an Israeli prison in 1975. Since the government has documents that shows she was in an Israeli prison after in arrest in 1969, and, by her own admission to Homeland Security officer, Stephen Webber, she served 10 years in an Israeli prison, there is no evidentiary basis to put in evidence of her 1975 escape attempt.  Again, its clear purpose is more prejudicial than probative, and it should be excluded under Rule 403.

## 5. The Government Should Be Barred from Using the Words "Terrorist" or "Terrorism" in the Prosecution of this Case.

This Court has previously barred the use of terms "terrorist" and "terrorism"

---

[3] The Court also barred witness Pierce from also referring to "terrorism" in testifying why Ms. Odeh via application would have been denied if she answered the questions truthfully.

9

in describing the defendant, her actions or affiliations. "These terms are highly
prejudicial and create a danger if improperly influencing the jury's verdict." Doc
#117 Pg. ID 1245. Wherefore, reference to Ms. Odeh as a terrorist or her alleged
acts in Israel as terrorism should be precluded from the trial.

## 6. The Israeli Military Court Documents Should Not Be Admitted into Evidence, Regardless of the MLAT Treaty

Ms. Odeh asserts that the actions of the Israeli police and military
occupation "judicial system" operate in violation of international law, fundamental
fairness and due process, and the documents created by such a system should not
be admitted and credited in a U.S. court. Ms. Odeh recognizes however that the
Sixth Circuit in the appeal of this case has ruled that the MLAT treaty with Israel
allows for the admission of such documents. However, the point is not that
admission of the documents is allowed under the treaty, but that the documents
prove little, and are basically irrelevant, and, like the other materials, hopelessly
prejudicial. The defendant recognizes that this Court is bound by the Appeals
Court decision but she asserts this claim again so it is not waived for further
appeals.

### *Limine* **Requests Applied to Superseding Indictment**

In the event the Court denies defendant's pending motion to dismiss the superseding indictment, whereby the Government seeks to prove that Ms. Odeh was a member or affiliate of a "terrorist group" and engaged in "terrorist activities", defendant asks the Court for a further order under Rule 403 precluding introduction of addition matters,[4] as follows:

### 7. **Evidence or Mention that the PFLP was Designated by the United States Secretary of State as a Foreign Terrorist Organization in 1997.**

The designation by the U.S. Secretary of State in 1997 that the PFLP is a foreign terrorist organization (FTO) is completely irrelevant to whether or not it was a terrorist organization in 1969. This Court has already addressed this issue prior to the first trial. "To rely on the 1997 designation of the PFLP as a 'terrorist' organization when there is no evidence in the record to suggest that Ms. Odeh was a member of that organization when she applied for her immigrant visa is highly prejudicial and will have an undue tendency to improperly influence the jury's verdict by appealing to its fears of terrorists and terrorist activities." Doc #117

---

[4]   The sequence of numbers on the various requests is continued from Section I above, so the numbers are consistent with those in the Notice of Motion.

11

Pg.ID 1243 The Court ruled that although her long-past alleged membership may have some probative value, this is "substantially outweighed by the danger of unfair prejudice to the defendant. Fed. R. Evid. 403; *Schrock*, 855 F.2d at 355." Id at Pg ID 1244.

In addition, the Secretary of State's designation determination is done *ex parte*, in secret, without the right of any aggrieved part to intervene or appeal. Such designation can be based on hearsay, and even unsubstantiated news reports. Clearly, such a designation does not comport with due process for the purposes of proving beyond a reasonable doubt an element of a criminal offense.

## 8. Evidence or Mention that the PFLP is a Terrorist Organization, which Presents a "political question" Not Properly Justiciable in a U.S. Court.

Whether or not the PFLP is a terrorist organization raises complex political questions about whether or not people have the right to resist the illegal military occupation of their country. Under international law, foreign occupation is a crime and numerous declarations and resolutions of the United Nations have declared that people living under an illegal occupation have the right to resist. Israel has been under a U.N. mandate since 1967 to remove its troops from the West Bank and East Jerusalem. Rather than comply with this directive they have not only

12

aggressively maintained control of Palestinian land with brutal military force,
arbitrary killings, arrests and torture, but have promoted the permanent occupation
of these lands by importing hundreds of thousands of Israeli "settlers." Whether or
not, a Palestinian group who organizes to resist such illegal and brutal occupation
can be considered a "terrorist organization," in light of the tens of billions of
dollars the U.S. government provides to the Israeli occupiers to maintain their
illegal control, is beyond the competence of the American legal system, Again,
these are political issues that cannot be fairly and objectively litigated in the U.S
courts

### 9.  The Verdict and Findings of the Israeli Military Court are Not Admissible to Prove Ms. Odeh "Engaged in Terrorist Activities."

The government must be required to establish that any claims of alleged
criminal acts which they characterize as "terrorist activities," is based on
admissible evidence and proven beyond a reasonable doubt. The verdict and
findings of the Israeli military tribunal is not admissible evidence to prove guilt of
specific conduct as their procedures do not conform with Due Process or
Fundamental Fairness. (See Affidavit of Lisa Hijjar, attached).

Unlike in the trial of the original indictment, in which the Israeli military court
documents were not introduced to prove that Ms. Odeh was in fact guilty of the

13

charges for which she was arrested, indicted and convicted. Rather they were introduced to prove only that she was arrested, indicted and convicted. Now the government wants to prove that she was in fact engaged in "terrorist activities. To do so, the government must prove these allegations of terrorist activities beyond a reasonable doubt, based on reliable, non-hearsay evidence.

Further, any Israeli police reports, or other documents, now almost fifty years old, and were generated by the Israeli government while it was involved in enforcing the illegal occupation of Palestinian land, must be precluded as hearsay and unreliable.

### CONCLUSION

In a fair and dispassionate prosecution of a violation of Section 1425a, it can readily be seen that none of the above-listed matters are significantly probative of any of the issues in the case. Where there is no dispute as to the facts of the defendant's arrest, charge, conviction and imprisonment in Israel in 1969, or that these facts clearly would have been material to a decision to grant naturalization if she had answered the questions accurately; and where these facts are a half-century old, and altogether at odds with the facts of Ms. Odeh's life since she was released, and particularly since she came to this country twenty-two years ago, the potential

14

for multiple violations of Rule 403 is glaring.

Moreover, where the government's own psychological expert, after a forty-four hours of examination, has confirmed the diagnosis of PTSD, and found that the defendant was not malingering, the only real and relevant question at issue is whether or not the PTSD could cause or prompt the defendant, in this Court's words, "to cognitively process questions about the past to avoid recalling traumatic experiences,… which are at the root of one's disorder?"

In this circumstance, the wholly politicized character of the government's approach to the case---even if it is limited to the original indictment---is manifest, as clear as it is reprehensible.  The Court must be vigilant to prevent such a perverse, remorseless, and constitutionally deficient co-optation of the criminal justice process.


Dated: February 14, 2017                    Respectfully submitted,

                                            /s/ Michael E. Deutsch
                                            Michael E Deutsch
                                            1180 N. Milwaukee Ave.
                                            Chicago, Ill. 60642 773-235-0070


                                            Michael Deutsch

15

Dennis Cunningham

James Fennerty

William Goodman

Huwaida Arraf

Attorneys for Rasmea Odeh

16

## CERTIFICATE OF SERVICE

I herby certify that on February 14, 2017, I electronically filed or caused to be filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers.

/s/ Michael E. Deutsch
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il 60642
773-235-0070

Dated: February 14, 2017