UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   CRIMINAL NO. 13-20772

    Plaintiff,   HONORABLE GERSHWIN A. DRAIN

v.

RASMIEH YOUSEF ODEH,

    Defendant.
_____/

MOTION OF UNITED STATES TO
DEPOSE PROSPECTIVE WITNESSES

NOW COMES the United States, and for its Motion to Depose Prospective Witnesses, states:

1. The defendant is charged in a first superseding indictment with Unlawful Procurement of Naturalization, in violation of 18 U.S.C. § 1425(a). The first superseding indictment alleges that the defendant obtained her citizenship contrary to law in a number of ways, including lying about her membership or association with a terrorist organization. In addition, the first superseding indictment alleges that the defendant obtained her citizenship contrary to law because the defendant was ineligible for naturalization in the first instance, in that she had "engaged in a terrorist activity," and because she lacked "good moral character," as those terms are defined in the Immigration and Nationality Act.

2. Evidence related to the defendant's membership or association with a terrorist organization, the defendant's participation in terrorist activity, and the defendant's lack of good moral character are therefore directly relevant to the charged offense.

3. In order to prove that the defendant was a member or associated with a terrorist organization, engaged in terrorist activity, and lacked good moral character, the government is seeking the testimony of Aisha Odeh and Rasheda Obideh, both of whom participated with the defendant in bombings in Israel in 1969. Aisha Odeh and Rasheda Obideh have appeared in video recordings over the years describing their roles in the bombings, as well as the defendant's role. A portion of one of those videos, *Women in Struggle*, was admitted as a government exhibit during the defendant's first trial, although that clip contained the words only of Defendant Rasmieh Odeh. During other portions of the video, Aisha Odeh freely admits that she placed the bomb at the super market. Aisha Odeh stated that Rasmieh Odeh and a third individual, Rasheda Obideh, had gone and studied the location in advance. Aisha Odeh and Rasheda Obideh made similar statements in another video, *Tell Your Tale Little Bird*.

4. Given Aisha Odeh's and Rasheda Obideh's personal knowledge of the defendant's role in the bombings, the government believes Aisha Odeh and Rasheda Obideh have uniquely relevant testimony. However, the government believes that

Aisha Odeh and Rasheda Obideh live in Palestine and knows that they are not located in the United States, and therefore cannot be compelled to attend the trial of this matter. The government therefore intends to request that the Palestinian Authority compel Aisha Odeh and Rasheda Obideh to submit to a deposition in Palestine. The government has begun that process through the Department of Justice, Office of International Affairs, but in order for the process to continue, the government requests that the Court enter an order permitting the government to depose Aisha Odeh and Rasheda Obideh pursuant to Federal Rule of Criminal Procedure 15 if it is able to make arrangements for them to testify.

5. Federal Rule of Criminal Procedure 15(a)(1) allows for a deposition in a criminal case in "exceptional circumstances and in the interest of justice." The fact that a witness with highly relevant evidence is a foreign national located in a foreign country is an exceptional circumstance that justifies a Rule 15 deposition. *United States v. Sturman,* 951 F.2d 1466, 1480–81 (6th Cir.1991) (upholding trial court's admission of depositions of Swiss nationals); *United States v. Csolkovits*, 2009 WL 1259985, at *3 (E.D. MI 2009) (Cook, J.) (permitting Rule 15 depositions and finding "exceptional circumstances" because witnesses were foreign nationals located abroad).

6. In the event the depositions take place, the government will provide the defense with "reasonable written notice of the depositions' date and location." Fed.

R. Crim. Proc. 15(b)(1). The government will also pay "any reasonable travel and subsistence expenses" for the defendant and defense counsel to attend the deposition, as well as the costs of the deposition transcript. Fed. R. Crim. Proc. 15(d)(1) and (2).

7. Pursuant to Local Rule 7.1(a)(2)(B), the undersigned sought concurrence of Michael Deutsch counsel for the defendant, for the relief requested herein, which concurrence was refused, necessitating the filing of the instant motion and brief.

WHEREFORE, the government prays that the Court grant its motion, and enter an order permitting the government to take the depositions of Aisha Odeh and Rasheda Obideh.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

s/Michael C. Martin
MICHAEL C. MARTIN
Assistant United States Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
(313) 226-9670
michael.c.martin@usdoj.gov

Dated: February 14, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  CRIMINAL NO. 13-20772

    Plaintiff,  HONORABLE GERSHWIN A. DRAIN

v.

RASMIEH YOUSEF ODEH,

    Defendant.
_____/

BRIEF OF UNITED STATES IN SUPPORT OF
MOTION TO DEPOSE PROSPECTIVE WITNESS

    The United States seeks take the depositions of two prospective witnesses, Aisha Odeh and Rasheda Obideh. Aisha Odeh and Rasheda Obideh – who are foreign nationals living overseas – have personal knowledge of the defendant's involvement in terrorist activity and the particular bombings at issue in this case, and therefore have highly relevant testimony.

BACKGROUND

    In 1969, the defendant in concert with Aisha Odeh, Rasheda Obideh and others, caused a bomb to be placed at an Israeli supermarket that killed two Israeli civilians; they also were involved in placing two bombs at the British Consulate in Jerusalem, one of which was defused by Israeli officials before it detonated and the other of which exploded. The defendant was convicted and sentenced to life

imprisonment, but was released in 1979 in a prisoner exchange with a Palestinian terrorist group, the Popular Front for the Liberation of Palestine ("PFLP"). The defendant subsequently immigrated to the United States, and became a naturalized United States citizen. On December 13, 2016, a grand jury returned a first superseding indictment. As was the case in the original indictment, the first superseding indictment charged the defendant with one count of naturalization fraud, in violation of 18 U.S.C. § 1425(a), by providing false statements on her immigrant visa application, her N-400 application for naturalization, and in her statements to immigration officials. These false statements pertained to: the places the defendant had lived in the past, the defendant's arrest in Israel, the fact the defendant was charged with a crime in Israel, the defendant's conviction in Israel, the defendant's imprisonment in Israel, and the defendant's prior false statements on her visa application.

The first superseding indictment added the allegation that the defendant obtained her naturalization contrary to law by making additional false statements on her visa application, her N-400 application for naturalization, and in statements to immigration officials. These false statements pertained to the defendant's membership or association with any organization, and the defendant's "direct or indirect association with a terrorist organization." In addition, both the original indictment and the first superseding indictment alleged that the defendant obtained

her naturalization contrary to law because she was not eligible to naturalize as a United States citizen in the first instance, as she had obtained lawful permanent resident status, a prerequisite to naturalization, illegally. One of the reasons that defendant's lawful permanent resident status was illegally obtained is due to the fact that she was ineligible for admission to the United States under the Immigration and Nationality Act for having "engaged in a terrorist activity." 8 U.S.C. § 1182(a)(3)(B).

At the first trial, through the expert opinion of Douglas Pierce, the government presented evidence of defendant's inadmissibility for having "engaged in a terrorist activity." Mr. Pierce offered the opinion that Defendant Odeh's acquisition of lawful permanent resident status was invalid, and thus her naturalization also was invalid. *See, e.g.*, Trial Tr. at Page ID 2261. Mr. Pierce was not permitted, however, to use the term "engaged in a terrorist activity" or to otherwise express the basis for his opinion.

Since the first trial, the Sixth Circuit has held that evidence that a defendant did not satisfy any of the requirements for naturalization, such as "good moral character" or having "engaged in a terrorist activity," are factual matters to be decided by a jury, under proper instruction. *See United States v. Maslenjak*, 821 F.3d 675, 687 (6th Cir. 2016) (holding that "contrary to law" in § 1425(a) means "contrary to all laws applicable to naturalization," including all requirements of the

3

INA, and instructing jury on the requirements at issue in that case), *cert. granted on other grounds*, No. 16-309 (Jan. 13, 2017). The government will provide a fuller explanation of the implications of *Maslenjak* in its brief in opposition to defendant's motion to dismiss the superseding indictment, which will be filed later this month. For purposes of this motion, the significance of *Maslenjak* is that evidence that Defendant Rasmieh Odeh "engaged in a terrorist activity" is relevant and admissible regardless of whether she is tried under the original or the superseding indictment.

In order to prove that the defendant was a member or associated with a terrorist organization, engaged in terrorist activity, and lacked good moral character, the government is seeking the testimony of Aisha Odeh and Rasheda Obideh, both of whom participated with the defendant in the bombings in Israel in 1969. Aisha Odeh and Rasheda Obideh have personal knowledge of the defendant's involvement in the bombings and have appeared in video recordings over the years describing their roles as well as the defendant's role. For example, in one of those videos, *Women in Struggle* (a portion of which was admitted as a government exhibit during the defendant's first trial limited to a statement by Defendant Rasmieh Odeh herself), Aisha Odeh freely admits that she placed the bomb at the Supersol. Aisha Odeh stated that Rasmieh Odeh and a third individual,

Rasheda Obideh, had gone and studied the location in advance.[1] In other videos, Aisha Odeh describes her involvement with the PFLP and the involvement of the defendant in the bombings.

Rasheda Obideh, the third individual, was not in *Women in Struggle* and was never arrested for her role in the offense. However, she appeared in another video, made in 1993, *Tell Your Tale Little Bird*. Rasheda Obideh discussed what she terms "the operation on the Supersol."[2] Obideh stated: "We were tempted to perform military attacks against occupants. That is why me and my friends Aisha and Rasmieh, the three of us participated in one operation." Rasheda Obideh then states that she regrets "the operation" not because of its nature, i.e., attacking civilians, but because there was not enough preparation by the conspirators to make sure that others would carry on after them. *Id.* at 24:55-25:34. That segment is immediately followed by Aisha Odeh discussing "supersol and also the British Consulate in Jerusalem," followed by defendant Rasmieh Odeh stating "I was captured along with Aisha Ouda." *Id*. at 25:34-25:47.

## ARGUMENT

Federal Rule of Criminal Procedure 15(a)(1) authorizes a district court to

---

[1] *See* https://www.youtube.com /watch?v=v0Va7-cNxf8 at 10:10 *et seq.*; *see also* http://palwatch.org/main.aspx?fi=458&fld_id=458&doc_id=9862.
[2] *See* https://www.youtube.com/watch?v=wdkoxBjKM1Q at 24:28 *et seq*.

permit a party to take the deposition of a prospective witness for use at trial because of "exceptional circumstances and in the interest of justice." It is "well-settled" that "exceptional circumstances" exist if the "witness' testimony is material to the case and if the witness is unavailable to appear at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); *see also United States v. Campbell*, 845 F.2d 1374, 1377-78 (6th Cir. 1988) ("It is well established" that witness' inability to travel to court "is an 'exceptional circumstance' which justifies the use of deposition testimony at trial."). The Sixth Circuit has affirmed the granting of Rule 15 depositions for foreign witnesses who are located overseas. *United States v. Sturman,* 951 F.2d 1466, 1480–81 (6th Cir.1991) (upholding trial court's admission of depositions of Swedish nationals). A district court judge in this district also permitted a Rule 15 deposition and found "exceptional circumstances" existed because witnesses were foreign nationals located abroad. *United States v. Csolkovits*, 2009 WL 1259985, at *3 (E.D. MI 2009) (Cook, J.).

Aisha Odeh and Rasheda Obideh have highly material testimony because they have personal knowledge of the defendant's involvement in terrorist activity and the defendant's membership and association with a terrorist organization. These topics are directly relevant to the charges in the first superseding indictment. In addition, Aisha Odeh and Rasheda Obideh are not located in the United States and therefore cannot be served with legal process or compelled to appear for trial.

The only way to preserve the testimony of Aisha Odeh and Rasheda Obideh for use at trial is to take their depositions in Palestine. The government therefore requests that the Court issue an order granting this motion and permitting the government to depose Aisha Odeh and Rasheda Obideh, if it can make arrangements to do so.

If the government's motion is granted, the government will provide the defense with "reasonable written notice of the deposition's date and location," as required by Rule 15(b)(1). The government will also pay "any reasonable travel and subsistence expenses" so that the defendant and defense counsel can be present for the deposition, as required by Rule 15(d).

## CONCLUSION

For the foregoing reasons, the government's motion should be granted.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

s/Michael C. Martin
MICHAEL C. MARTIN
Assistant United States Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
(313) 226-9670
michael.c.martin@usdoj.gov

Dated: February 14, 2017

7

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorney(s) of record.

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov