UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,           CRIMINAL NO. 13-20772

Plaintiff,                          HONORABLE GERSHWIN A. DRAIN

v.

RASMIEH YOUSEF ODEH,

Defendant.
_____/

MOTION *IN LIMINE* OF UNITED STATES TO EXCLUDE AT
TRIAL ANY CLAIM, QUESTIONING OR ARGUMENT IN
SUPPORT OF ALLEGED SELECTIVE OR "POLITICAL"
PROSECUTION, AND BRIEF IN SUPPORT THEREOF

The United States moves *In Limine* To Exclude At Trial Any Claim, Questioning Or Argument In Support Of Alleged Selective or "Political" Prosecution and Brief in Support Thereof, states the following:

1. The defendant has been charged in a First Superseding Indictment with Unlawful Procurement of Naturalization, in violation of 18 U.S.C. § 1425(a).

2. Defendant and her supporters have undertaken a wide-ranging media campaign regarding her prosecution. One of the themes of that campaign is that defendant is a victim of selective prosecution by the government, as a result, it is claimed, of her alleged political activism. *See, e.g.*, http://justice4rasmea.org/about/ ("Rasmea, her supporters, and her legal team say that the immigration charge was

nothing but a pretext to attack this icon of the Palestine liberation movement. . . Make no mistake. Rasmea came under attack by the U.S. government because she is Palestinian, and because for decades, she has organized for Palestinian liberation and self-determination, the Right of Return, and an end to Israeli occupation and colonization. Palestine support work, especially the Boycott Divestment Sanctions (BDS) movement, has made a number of recent gains, and the long arm of federal law enforcement has attempted to crack down on it, like it has on all effective and impactful movements for social justice in the history of this country. Rasmea's prosecution is part of this crackdown.") *Id.*; *see also* https://www.youtube.com/watch?index=2&list=PL7on0R2rskVFoBOWiIq2hol-t-ORgy7OF&v=vVciKRYfKWY&app=desktop) (press conference of Defendant's attorney and supporters), at 1:30-2:00; *id* at 5:30-6:20 (defendant's attorney referring to "selective prosecution" and stating that federal law enforcement agents target individuals such as defendant "because of their religion or place of origin."); *id.* at 7:30-7:55 (defendant's attorney alleging that case is "politically motivated" and violative of defendant's constitutional rights); *id.* at 12:55-13:30 ("clear case of selective prosecution.").

3.  The Court previously has denied defendant's motion alleging selective prosecution. See R. 98: Order Denying Motion to Dismiss Indictment, at 3-7, Page ID 978-982. Defendant currently has pending a motion to dismiss the superseding

indictment, which does not incorporate any claim of selective prosecution nor does it claim that the case was brought in order to retaliate against her exercise of political rights. See Docket Entry 226: Motion to Dismiss Superseding Indictment. That motion does contain a claim of vindictive prosecution, but vindictive prosecution is based on a claim of retaliation for the exercise of a right in the proceedings, as here, where Defendant claims the superseding indictment was brought in retaliation for having successfully appealed. The government will respond to that motion in due course, but for purposes of this motion it simply notes that there is not pending before this Court any motion relating to the exercise of political rights or political speech by the defendant.

4. Moreover, selective prosecution (as is vindictive prosecution) is a legal defense which is never properly placed before the jury. As a result, the Court should rule inadmissible at trial any claim, questioning or argument relating to the government's motivation for instituting defendant's prosecution, including any claim that it is politically motivated. Rather, the focus of the jury should be on the factual question of whether the government can prove defendant guilty beyond a reasonable doubt, by establishing each of the elements of the crime charged.

5. The government brought a similar this motion prior to the defendant's first trial, which the Court granted. (R. 117: Order, PgID 1247).

6. Pursuant to Local Rule 7.1(a)(2)(B), the undersigned sought concurrence of Michael Deutsch for the relief requested herein, which concurrence was refused.

WHEREFORE, the government prays that the Court grant its motion, and rule inadmissible at trial any claim, questioning or argument relating to the government's motivation for instituting defendant's prosecution, including a claim that the prosecution was politically motivated.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

s/Michael C. Martin
MICHAEL C. MARTIN
Assistant United States Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
(313) 226-9670
michael.c.martin@usdoj.gov

Dated: February 14, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,     CRIMINAL NO. 13-20772

      Plaintiff,

                                HONORABLE PAUL D. BORMAN

vs.

D-1 RASMIEH YOUSEF ODEH,

      Defendant.
_____/

BRIEF IN SUPPORT OF MOTION *IN LIMINE* OF UNITED STATES TO EXCLUDE AT TRIAL ANY CLAIM, QUESTIONING OR ARGUMENT IN SUPPORT OF CLAIMED SELECTIVE OR "POLITICAL" PROSECUTION

INTRODUCTION

The defendant is charged with having procured her United States citizenship illegally, in violation of 18 U.S.C. § 1425(a), which makes it a crime to "knowingly procure[] or attempt[] to procure, contrary to law, [his or her] naturalization…." Defendant's attorney and supporters have made numerous public statements regarding her allegedly having been unfairly targeted, selectively prosecuted, and discriminated against based on her religion, ethnicity, and political beliefs. *See, e.g.*, https://www.youtube.com/watch?index=2&list=PL7on0R2rsk VFoBOWiIq2hol-t-ORgy7OF&v=vVciKRYfKWY&app=desktop) (press conference of Defendant's attorney and supporters), at 1:30-2:00; *id* at 5:30-

1

6:20 (defendant's attorney referring to "selective prosecution" and stating that federal law enforcement agents target individuals such as defendant "because of their religion or place of origin."); *id*. at 7:30-7:55 (defendant's attorney alleging that case is "politically motivated" and violative of defendant's constitutional rights); *id*. at 12:55-13:30 ("clear case of selective prosecution.").

Prior to the first trial, the Court denied a motion alleging selective prosecution and Defendant apparently does not intend to renew her motion. Thus, as the defense of selective prosecution, if raised, is an issue of law for the Court, and is never properly placed before the jury, and as the Court has ruled that there is no basis for such a claim, then the Court should rule inadmissible any claim, questioning or argument relating to it. Moreover, as selective prosecution is a claim that "the prosecutor has brought the charge for reasons forbidden by the Constitution," *United States v. Armstrong*, 517 U.S. 456, 463 (1996), including to retaliate against the exercise of speech or political rights, *Wayte v. United States,* 470 U.S. 598, 607 (1985), the lack of merit of such a claim must preclude any attempt to interject a claim of political motivation into the proceedings.

Thus, in *United States v. Abboud*, 438 F.3d 554, 562 (6th Cir. 2006), the government brought "a motion *in limine* to prevent Defendants from presenting evidence of selective prosecution at trial." The district court granted the motion, and the Sixth Circuit affirmed. "The district court's motion *in limine* was correct,

2

because the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury." *Id.* at 579. The Sixth Circuit continued:

> By both tradition and constitutional mandate the jury is given the responsibility of determining guilt or innocence according to instructions of law delivered by the court. The question of discriminatory prosecution relates not to the guilt or innocence of appellants, but rather addresses itself to a constitutional defect in the institution of the prosecution.

*Id.* (quoting *United States v. Berrigan*, 482 F.2d 171, 175 (3d Cir.1973)). "Thus, a 'defense' of selective prosecution is a matter for the court, not the jury." *Abboud* at 579-580.

## CONCLUSION

For the reasons stated, the Court should rule inadmissible at trial any allegation, questioning or argument regarding the government's motivation in bringing the present case, including any claim that the prosecution was politically motivated.

    Respectfully submitted,

    BARBARA L. MCQUADE
    United States Attorney

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

s/Michael C. Martin
MICHAEL C. MARTIN
Assistant United States Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
(313) 226-9670
michael.c.martin@usdoj.gov

Dated: February 14, 2017

4

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorney(s) of record.

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov