UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,        CRIMINAL NO. 13-20772

       Plaintiff,               HONORABLE GERSHWIN A. DRAIN

v.

RASMIEH YOUSEF ODEH,

       Defendant.
_____/

MEMORANDUM OF THE UNITED STATES
IN SUPPORT OF GUILTY PLEA

As the Court is aware, Defendant Odeh has agreed to plead guilty, and the Court has scheduled April 25, 2017, for the entry of the plea. Because the circumstances of this case make several aspects of the plea unusual, the government is filing the instant Memorandum in order to bring those particular points to the Court's attention.

   1.  Knowing Waiver of Rights, Including Right to Present a Defense

As the Court knows, the Sixth Circuit remanded this case to this Court. The purpose of the remand was for this Court to consider Defendant Odeh's theory of defense, and to determine whether it could be supported by admissible expert testimony. The defense theory was that Post-Traumatic Stress Disorder may have caused Defendant Odeh to unknowingly provide false answers to questions on her

1

application for naturalization and at her naturalization interview, because PTSD may have caused her to not understand that the questions asked about her entire life's criminal history rather than simply any criminal history during her time in the United States.  Upon consideration, this Court determined that the proffered evidence would be admissible, and in accordance with the Sixth Circuit's order, granted Defendant Odeh a new trial so that she could present that evidence.

Defendant Odeh has now agreed to plead guilty notwithstanding that she secured the legal right to present her theory of defense at a new trial.  Thus, in addition to the standard questions the Court will ask as a matter of course during the entry of a plea, such as that Defendant Odeh is aware that she has a right to a trial, the government asks that the Court inquire as follows so that the record will reflect a full and knowing waiver of all of her rights, including the right to present the specific defense which was the subject of the remand order.

    A.     "Do you understand that at a trial, you and your attorneys would have a right to present any evidence or defense that you might have?

    B.     "Do you understand that one of the possible defenses you and your attorneys could raise at trial is that due to Post-Traumatic Stress Disorder, you did not understand that questions on your naturalization application asked for information about your time in Israel in addition to your time in the United States?

    C.     "Do you understand that I already have ruled that expert testimony by Dr. Mary Fabri regarding Post-Traumatic Stress Disorder is admissible in evidence, and that you would be permitted to offer that testimony at a trial?

    D.     "Do you understand that by pleading guilty, you give up the right to a trial, and that without a trial you will not be able to present the

Post-Traumatic Stress Disorder evidence or any other evidence or defense?
E.    "Knowing all of that, is it still your desire to give up the right to a trial and to plead guilty?"

2.  Plea Provision Regarding Supervised Release

The offense to which Defendant Odeh is pleading guilty carries a maximum sentence of ten years' imprisonment.  Title 18 U.S.C. § 1425(a).  A maximum sentence of ten years' imprisonment constitutes a Class C felony, Title 18, U.S.C. § 3581(b)(3), which is subject to a maximum three-year term of supervision.  Title 18 U.S.C. § 3583(b)(2).  By law, "The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor *may* include as part of the sentence a requirement that the defendant be placed on a term of supervised release . . ." but such a term is not mandatory.  Title 18 U.S.C. § 3583(a) (emphasis added).

As noted in paragraph 3(B) of the plea agreement, "the government will ask the Court to impose no term of supervised release because, as a result of this plea agreement and its provisions relating to a judicial order of removal, Defendant shall be removed from the United States."   The government brings this provision to the Court's attention because it is a departure from the government's normal practice and if the Court is unable to commit at the time of the plea that it will accept the parties' position and not impose a term of supervision, it should advise Defendant Odeh that she is subject to a possible three-year term of supervised release.

3

3.  <u>Factual Basis for the Guilty Plea</u>

It is of course the case that "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(f). While it is the standard practice in this district that a defendant provide the factual basis, the law does not limit the sources for the factual basis to a defendant's statements. "We recognize that the district court may determine the existence of the Rule 11(f) factual basis from a number of sources, including a statement on the record from the government prosecutors as well as a statement from the defendant." *United States v. Goldberg*, 862 F.2d 101, 105 (6th Cir. 1988).

In the present case, there is a factual basis for one theory of criminal liability, which is agreed to by the defendant and which is set forth at ¶ 1(C) of the plea agreement. In addition, the government hereby supplements the record with additional facts as to which it could and would present admissible evidence as to a different theory for criminal liability if the case were to proceed to trial. While defendant admits the truthfulness and accuracy of the factual basis set forth in ¶ 1(C) of the plea agreement, she *does not* concede the accuracy of the attached additional facts, which are solely the government's statements as to the evidence available to it:

> In 1969, Defendant Odeh was a member of the Popular Front for the Liberation of Palestine.

In February 1969, she participated in the planning to bomb the Supersol supermarket on King George Street in Jeruaslem, Israel, and also participated in the planning to bomb the British Consulate in Jerusalem, Israel.  The bombings were planned on behalf of the Popular Front for the Liberation of Palestine.  Persons with whom Defendant Odeh planned one or more of the bombings included Aisha Odeh, Rasheeda Obeiduh, and Samya Qasem.

Defendant Odeh also participated in carrying out the bombing of the Supersol supermarket on King George Street in Jeruaslem, Israel, which took place on February 21, 1969.  The bombing was carried out on behalf of the Popular Front for the Liberation of Palestine. Persons with whom Defendant Odeh carried out the bombing included Aisha Odeh, Rasheeda Obeiduh, and Samya Qasem. Defendant Odeh, with Rasheeda Obeiduh, went to the Supersol supermarket in advance of the bombing there and selected a location within the store, inside canned goods, to place a bomb. She later allowed the bombs to be assembled at her house, and after they were assembled provided the bombs to Aisha Odeh and Rasheeda Obeiduh.  The bombing at the Supersol killed two persons.

Defendant Odeh also personally placed a bomb at the British Consulate on February 25, 1969, which exploded and caused damage but no injuries.  Defendant Odeh planned the bombing with Samya Qasem, who accompanied her when Defendant Odeh placed the bomb.

Defendant Odeh was arrested on February 28, 1969, by Israeli authorities.  She later was charged with offenses, put on trial, convicted, and sentenced to life imprisonment.  In 1972, when terrorists from the Popular Front for the Liberation of Palestine kidnapped and murdered eleven Israeli athletes at the Munich Olympics, Defendant Odeh was one of 236 persons whose release the terrorists demanded in exchange for release of the hostages.  In 1979, Defendant Odeh was released as part of a prisoner exchange between the Popular Front for the Liberation of Palestine and Israel.

In 1994, when she applied for a United States immigrant visa, and in 1995 when the immigrant visa was issued, Defendant Odeh was inadmissible to the United States on a number of bases. Her false answers on her application for immigrant visa served to conceal her inadmissibility.

Respectfully submitted,

DANIEL L. LEMISCH
Acting United States Attorney

*s/Jonathan Tukel*
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
 (313) 226-9749
jonathan.tukel@usdoj.gov

*s/Michael C. Martin*
MICHAEL C. MARTIN
Assistant U.S. Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
(313) 226-9670
michael.c.martin@usdoj.gov

Dated: April 21, 2017

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2017, I electronically filed or caused to be filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers.

<u>s/Jonathan Tukel</u><br>
JONATHAN TUKEL (P41642)<br>
Assistant U.S. Attorney<br>
211 West Fort Street, Suite 2001<br>
Detroit, MI 48226<br>
(313) 226-9749<br>
jonathan.tukel@usdoj.gov

Dated: April 21, 2017