UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,          CRIMINAL NO. 13-cr-20772

               Plaintiff,          HONORABLE GERSHWIN A. DRAIN

     vs.

RASMIEH YOUSEF ODEH,

        Defendant.
     _____/

RESPONSE AND BRIEF OF THE UNITED STATES IN OPPOSITION
TO (DE 244) MOTION TO STRIKE MEMORANDUM IN SUPPORT
 OF GUILTY PLEA

INRODUCTION

Defendant Odeh has moved to strike the Memorandum which the United States filed in support of the agreed upon guilty plea.  The Motion to Strike should be denied because it (1) is based on factually untrue claims and (2) is without any legal basis.  Specifically, as a matter of law, the government is permitted to supplement the record of a guilty plea, and defendant has made no attempt to show contrary authority; additionally, as a factual matter, Defendant's Attorney, Michael Deutsch, specifically stated that he had no objection to the government supplementing the factual basis for the plea in the manner set forth in the Memorandum, but that Defendant would not stipulate to the accuracy of those facts.  That is precisely what the government stated in the Memorandum: "While

defendant admits the truthfulness and accuracy of the factual basis set forth in ¶ 1(C) of the plea agreement, she does *not* concede the accuracy of the attached additional facts, which are solely the government's statements as to the evidence available to it[.]" DE 243, Memorandum at 4, Page ID 3260 (emphasis in original).

Moreover, contrary to Defendant Odeh's false assertion that the undersigned, through the Memorandum sought to include the additional facts "so they can be disseminated to the media and the public as part of a bad faith, politically motivated effort to discredit and defame Ms. Odeh," (Motion to Strike, ¶ 4, Page ID 3265), in fact the government is seeking to supplement the record because Defendant Odeh has given every indication that she might later seek to invalidate the plea.  The government is simply seeking to create as full and complete a record as possible.

Defendant is pleading guilty to the charge that she unlawfully procured her naturalization under 18 U.S.C. § 1425(a) by knowingly having made false statements about her criminal history in her immigration and naturalization proceedings.  Necessarily, if Defendant did not act knowingly, she is not guilty under such a theory.  This is precisely the reason why the Court granted her a new trial, to allow her the opportunity to show that Post-Traumatic Stress Disorder caused her to not understand the questions which were asked of her in naturalization proceedings, and thus that she did not act knowingly.  Meanwhile,

the "Rasmea Defense Committee" has publicly stated that defendant is pleading guilty only because "As a Palestinian who has dedicated her life to the cause of liberation, it is impossible for Rasmea to expect a fair trial in U.S. courts."  See http://justice4rasmea.org/news/2017/04/06/all-out-to-detroit-for-plea-hearing.  Defendant has made similar statements publicly, making it not at all unlikely that she may at some point seek to void the plea agreement.  In that event, it could become necessary to have a full and complete record supporting an additional theory of criminal liability.

Thus, the government supplemented the record in its Memorandum as to facts supporting a second theory of criminal liability under 18 U.S.C. § 1425(a).  Under that theory, Defendant procured her naturalization unlawfully because at the time she arrived in the United States, she was inadmissible for having "engaged in a terrorist activity," *see* 8 U.S.C. 1182(a)(3)(B)(i)(I), and because her participation in the bombing demonstrated her lack of good moral character, a prerequisite to naturalization. *See* 8 U.S.C. § 1427(a)(3);  *United States v. Maslenjak,* 821 F.3d 675, 690 (6th Cir. 2016), *cert. granted on other grounds*, No. 16-309 (Jan. 13, 2017).  Unlike the theory under which Defendant Odeh is to plead guilty, this theory does not require that she have made any false statement, knowingly or not.  Rather, it is based solely on her status of having "engaged in a terrorist activity," or

not having good moral character, thus making the establishment of the supporting

facts a necessity.

ARGUMENT

> A. Defendant's Attorney, Michael Deutsch, Has
>     Previously Stated That He Has No Objection
>     To the Government Supplementing the Record

In March of this year, the government sent Defendant a draft plea

agreement.  That draft plea agreement contained the additional facts, but also

contained a disclaimer that they were offered only by the government and were not

agreed to by defendant.  The draft plea agreement, as does the Memorandum, made

clear that Defendant Odeh did not agree or stipulate as to the accuracy of those

facts.  Michael Deutsch responded by email, making similar allegations of lack of

good faith and impugning the prosecution as he does in the present motion.  See

attached email of Michael Deutsch, March 9, 2017, 10:42 am (Exhibit 1).  The

government responded, noting that Defendant was not agreeing to those facts in the

plea agreement, and, referring to an earlier conversation, noted that if defendant

objected to including those additional facts in a plea agreement the government

would simply supplement the record separately and apart from the plea agreement.

See attached email of Jonathan Tukel, March 9, 2017, 1:04 pm (Exhibit 1).  That

email noted that when, in the earlier conversation, the undersigned had told

Michael Deutsch that it would supplement the record if he objected to including

4

those additional facts in a plea agreement, Deutsch's response was "'You can state whatever you want.'" *Id*.

Michael Deutsch responded to the email with a voicemail message. That message is attached as Exhibit 2. In that voicemail message, Michael Deutsch stated, "Jonathan, I got your email. I would want you take that language out, and I did say you could say whatever you wanted, and that's fine, if you're going to say it at the sentencing or whenever you're going to say it you can say it, I just don't want it in writing that we have to agree to."

The government responded by sending a revised plea agreement without including the additional facts, secure in the knowledge that Defendant's attorney had agreed that there would be no objection to its supplementing the record with those facts. See attached email of Jonathan Tukel, March 9, 2017, 2:00 pm (Exhibit 1) (attaching plea agreement with revisions). Defendant's present objections, stated in essentially the same *ad hominem* and accusatory terms as her later-recanted objections of March 9, can only leave one to wonder whether she and her attorneys are acting in good faith. At a minimum, their categorical untruthfulness, to say nothing of their inflammatory and insulting language, violates this Court's Civility Principles and may be deserving of sanction.

B. **Defendant's Remaining Objections Are Either Factually Or Legally Irrelevant**

Defendant's remaining assertions are also false or irrelevant. As is clear from the language of the government's Memorandum, and in accordance with Michael Deutsch's statements of non-objection, the Memorandum makes clear that it constitutes only the government's statement of evidence, and does not have Defendant's concurrence or agreement. Moreover, as a matter of law, the government does not need a defendant's permission to state facts in support of a valid factual basis. *See United States v. Goldberg*, 862 F.2d 101, 105 (6th Cir. 1988) "We recognize that the district court may determine the existence of the Rule 11(f) factual basis from a number of sources, including a statement on the record from the government prosecutors as well as a statement from the defendant."[1] The government cited *Goldberg* in its Memorandum in support of its right to supplement the factual basis. In the instant motion, Defendant fails to address or even acknowledge *Goldberg*, further demonstrating the lack of legal merit of her motion.

Defendant also objects to the inclusion of facts regarding terrorism which support the allegations of the First Superseding Indictment, stating that the she has

---

[1] Since the time *Goldberg* was decided, the rule requiring a factual basis for a valid guilty plea has been moved to Fed. R. Crim. P. 11(b)(3).

not acknowledged the validity of the First Superseding Indictment and in fact filed a motion claiming that it ran afoul of the statute of limitations.  However, Defendant is in fact pleading guilty to the First Superseding Indictment, and among other things, a guilty plea "'cures all non-jurisdictional defects, [and] waives all defenses[.]'" *United States v. Mendez-Santana*, 645 F.3d 822, 828 (6th Cir. 2011) (citations omitted, emphasis added).  A statute of limitations defense is not jurisdictional.  *United States v. Titterington,* 374 F.3d 453, 458 (6th Cir. 2004).  Thus, by agreeing to plead guilty, Defendant has by law waived any attack on the validity of the First Superseding Indictment, and the terms of the plea agreement further require her (and the government) to dismiss all pending motions, including her motion alleging that the First Superseding Indictment is outside the statute of limitations.

And finally, it is not as if the underlying evidence on which the government relies to support its supplemental statement is either new or obscure.  The evidence and its provenance, such as multiple recorded memoirs of the other admitted participants in the bombings, made voluntarily over a number of years and describing in detail Defendant Odeh's role in the bombings, is set forth in the Government's Sentencing Memorandum, filed prior to Defendant's Odeh's original sentencing.  See DE 161 and exhibits in support of it.  Such evidence also

is catalogued in the Government's Motion to Admit Evidence.  See Docket Entry

233, Page ID 3165.

<u>CONCLUSION</u>

For the reasons stated, the Court should deny Defendant's motion to strike

the Government's Memorandum in Support of Guilty Plea.

Respectfully submitted,

DANIEL L. LEMISCH
Acting United States Attorney

<u>s/Jonathan Tukel</u>
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

<u>s/Michael C. Martin</u>
MICHAEL C. MARTIN
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9670
michael.c.martin@usdoj.gov

Dated: April 24, 2017

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 24, 2017, I electronically filed or caused to be filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers. Additionally, an electronic copy was e-mailed to counsel for the defendant.

<u>*s/Jonathan Tukel*</u>
JONATHAN TUKEL (P41642)
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

Dated: April 24, 2017