MIED (Rev. 6/05) Notice of Filing Exhibits in the Traditional Manner

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

               Plaintiff(s),

v.

RASMIEH YOUSEF ODEH

               Defendant(s).

Case No.  13-cr-20772

Judge Gershwin A. Drain

Magistrate Judge R. Steven Whalen

**FILED**
2017 APR 24  P 3: 52

/

## NOTICE OF FILING EXHIBITS IN THE TRADITIONAL MANNER

      Please take notice that the undersigned has filed exhibits to the following paper in the traditional manner.  Leave of Court was previously granted on _____ April 24, 2017 _____ by the above judicial officer.

Title of Paper:   RESPONSE AND BRIEF OF THE UNITED STATES IN OPPOSITION TO (DE 244) MOTION TO STRIKE MEMORANDUM IN SUPPORT OF GUILTY PLEA

      The exhibits have been served in hard copy on all parties pursuant to federal and local rules.

Date: April 24, 2017

s/Jonathan Tukel

P41642
United States Attorney's Office
211 West Fort Street
Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

# EXHIBIT 2
## (filed traditionally)



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,            CRIMINAL NO. 13-cr-20772

        Plaintiff,                            HONORABLE GERSHWIN A. DRAIN

vs.

RASMIEH YOUSEF ODEH,

        Defendant.

_____/

RESPONSE AND BRIEF OF THE UNITED STATES IN OPPOSITION
TO (DE 244) MOTION TO STRIKE MEMORANDUM IN SUPPORT
OF GUILTY PLEA

INRODUCTION

Defendant Odeh has moved to strike the Memorandum which the United

States filed in support of the agreed upon guilty plea.  The Motion to Strike should

be denied because it (1) is based on factually untrue claims and (2) is without any

legal basis.  Specifically, as a matter of law, the government is permitted to

supplement the record of a guilty plea, and defendant has made no attempt to show

contrary authority; additionally, as a factual matter, Defendant's Attorney, Michael

Deutsch, specifically stated that he had no objection to the government

supplementing the factual basis for the plea in the manner set forth in the

Memorandum, but that Defendant would not stipulate to the accuracy of those

facts.  That is precisely what the government stated in the Memorandum: "While

1

defendant admits the truthfulness and accuracy of the factual basis set forth in ¶ 1(C) of the plea agreement, she does *not* concede the accuracy of the attached additional facts, which are solely the government's statements as to the evidence available to it[.]" DE 243, Memorandum at 4, Page ID 3260 (emphasis in original).

Moreover, contrary to Defendant Odeh's false assertion that the undersigned, through the Memorandum sought to include the additional facts "so they can be disseminated to the media and the public as part of a bad faith, politically motivated effort to discredit and defame Ms. Odeh," (Motion to Strike, ¶ 4, Page ID 3265), in fact the government is seeking to supplement the record because Defendant Odeh has given every indication that she might later seek to invalidate the plea. The government is simply seeking to create as full and complete a record as possible.

Defendant is pleading guilty to the charge that she unlawfully procured her naturalization under 18 U.S.C. § 1425(a) by knowingly having made false statements about her criminal history in her immigration and naturalization proceedings. Necessarily, if Defendant did not act knowingly, she is not guilty under such a theory. This is precisely the reason why the Court granted her a new trial, to allow her the opportunity to show that Post-Traumatic Stress Disorder caused her to not understand the questions which were asked of her in naturalization proceedings, and thus that she did not act knowingly. Meanwhile,

the "Rasmea Defense Committee" has publicly stated that defendant is pleading guilty only because "As a Palestinian who has dedicated her life to the cause of liberation, it is impossible for Rasmea to expect a fair trial in U.S. courts." See http://justice4rasmea.org/news/2017/04/06/all-out-to-detroit-for-plea-hearing. Defendant has made similar statements publicly, making it not at all unlikely that she may at some point seek to void the plea agreement. In that event, it could become necessary to have a full and complete record supporting an additional theory of criminal liability.

Thus, the government supplemented the record in its Memorandum as to facts supporting a second theory of criminal liability under 18 U.S.C. § 1425(a). Under that theory, Defendant procured her naturalization unlawfully because at the time she arrived in the United States, she was inadmissible for having "engaged in a terrorist activity," *see* 8 U.S.C. 1182(a)(3)(B)(i)(I), and because her participation in the bombing demonstrated her lack of good moral character, a prerequisite to naturalization. *See* 8 U.S.C. § 1427(a)(3); *United States v. Maslenjak,* 821 F.3d 675, 690 (6th Cir. 2016), *cert. granted on other grounds*, No. 16-309 (Jan. 13, 2017). Unlike the theory under which Defendant Odeh is to plead guilty, this theory does not require that she have made any false statement, knowingly or not. Rather, it is based solely on her status of having "engaged in a terrorist activity," or

3

not having good moral character, thus making the establishment of the supporting

facts a necessity.

## ARGUMENT

A. Defendant's Attorney, Michael Deutsch, Has
   Previously Stated That He Has No Objection
   To the Government Supplementing the Record

In March of this year, the government sent Defendant a draft plea

agreement. That draft plea agreement contained the additional facts, but also

contained a disclaimer that they were offered only by the government and were not

agreed to by defendant. The draft plea agreement, as does the Memorandum, made

clear that Defendant Odeh did not agree or stipulate as to the accuracy of those

facts. Michael Deutsch responded by email, making similar allegations of lack of

good faith and impugning the prosecution as he does in the present motion. See

attached email of Michael Deutsch, March 9, 2017, 10:42 am (Exhibit 1). The

government responded, noting that Defendant was not agreeing to those facts in the

plea agreement, and, referring to an earlier conversation, noted that if defendant

objected to including those additional facts in a plea agreement the government

would simply supplement the record separately and apart from the plea agreement.

See attached email of Jonathan Tukel, March 9, 2017, 1:04 pm (Exhibit 1). That

email noted that when, in the earlier conversation, the undersigned had told

Michael Deutsch that it would supplement the record if he objected to including

4

those additional facts in a plea agreement, Deutsch's response was "'You can state whatever you want.'" *Id.*

Michael Deutsch responded to the email with a voicemail message. That message is attached as Exhibit 2. In that voicemail message, Michael Deutsch stated, "Jonathan, I got your email. I would want you take that language out, and I did say you could say whatever you wanted, and that's fine, if you're going to say it at the sentencing or whenever you're going to say it you can say it, I just don't want it in writing that we have to agree to."

The government responded by sending a revised plea agreement without including the additional facts, secure in the knowledge that Defendant's attorney had agreed that there would be no objection to its supplementing the record with those facts. See attached email of Jonathan Tukel, March 9, 2017, 2:00 pm (Exhibit 1) (attaching plea agreement with revisions). Defendant's present objections, stated in essentially the same *ad hominem* and accusatory terms as her later-recanted objections of March 9, can only leave one to wonder whether she and her attorneys are acting in good faith. At a minimum, their categorical untruthfulness, to say nothing of their inflammatory and insulting language, violates this Court's Civility Principles and may be deserving of sanction.

B. Defendant's Remaining Objections Are Either Factually
   Or Legally Irrelevant

Defendant's remaining assertions are also false or irrelevant.  As is clear

from the language of the government's Memorandum, and in accordance with

Michael Deutsch's statements of non-objection, the Memorandum makes clear that

it constitutes only the government's statement of evidence, and does not have

Defendant's concurrence or agreement.  Moreover, as a matter of law, the

government does not need a defendant's permission to state facts in support of a

valid factual basis.  *See United States v. Goldberg*, 862 F.2d 101, 105 (6th Cir.

1988) "We recognize that the district court may determine the existence of the

Rule 11(f) factual basis from a number of sources, including a statement on the

record from the government prosecutors as well as a statement from the

defendant."[1]  The government cited *Goldberg* in its Memorandum in support of its

right to supplement the factual basis.  In the instant motion, Defendant fails to

address or even acknowledge *Goldberg*, further demonstrating the lack of legal

merit of her motion.

Defendant also objects to the inclusion of facts regarding terrorism which

support the allegations of the First Superseding Indictment, stating that the she has

---

[1] Since the time *Goldberg* was decided, the rule requiring a factual basis for a valid
guilty plea has been moved to Fed. R. Crim. P. 11(b)(3).

6

not acknowledged the validity of the First Superseding Indictment and in fact filed

a motion claiming that it ran afoul of the statute of limitations. However,

Defendant is in fact pleading guilty to the First Superseding Indictment, and among

other things, a guilty plea "'cures all non-jurisdictional defects, [and] waives all

defenses[.]'" *United States v. Mendez-Santana*, 645 F.3d 822, 828 (6th Cir. 2011)

(citations omitted, emphasis added). A statute of limitations defense is not

jurisdictional. *United States v. Titterington,* 374 F.3d 453, 458 (6th Cir. 2004).

Thus, by agreeing to plead guilty, Defendant has by law waived any attack on the

validity of the First Superseding Indictment, and the terms of the plea agreement

further require her (and the government) to dismiss all pending motions, including

her motion alleging that the First Superseding Indictment is outside the statute of

limitations.

  And finally, it is not as if the underlying evidence on which the government

relies to support its supplemental statement is either new or obscure. The evidence

and its provenance, such as multiple recorded memoirs of the other admitted

participants in the bombings, made voluntarily over a number of years and

describing in detail Defendant Odeh's role in the bombings, is set forth in the

Government's Sentencing Memorandum, filed prior to Defendant's Odeh's

original sentencing. See DE 161 and exhibits in support of it. Such evidence also

7

is catalogued in the Government's Motion to Admit Evidence.  See Docket Entry

233, Page ID 3165.

## CONCLUSION

For the reasons stated, the Court should deny Defendant's motion to strike

the Government's Memorandum in Support of Guilty Plea.

Respectfully submitted,

DANIEL L. LEMISCH
Acting United States Attorney

*s/Jonathan Tukel*
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

*s/Michael C. Martin*
MICHAEL C. MARTIN
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9670
michael.c.martin@usdoj.gov

Dated: April 24, 2017

CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2017, I electronically filed or caused to be filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers. Additionally, an electronic copy was e-mailed to counsel for the defendant.

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

Dated: April 24, 2017

## INDEX OF EXHIBITS

Exhibit 1          E-mail exchange of Jonathan Tukel and Michael Deutsch on
                   March 9, 2017.

Exhibit 2          DVD-R disk containing voicemail message from Michael
                   Deutsch on March 9, 2017.
                   (filed traditionally)

# EXHIBIT 1

## Tukel, Jonathan (USAMIE)

| | |
|---|---|
| **From:** | Tukel, Jonathan (USAMIE) |
| **Sent:** | Thursday, March 9, 2017 2:00 PM |
| **To:** | Tukel, Jonathan (USAMIE) |
| **Subject:** | RE: U.S. v. Odeh |
| **Attachments:** | plea agreement 3-9-17.docx |

Enclosed is a revised plea agreement, in accordance with the message you left. I also notice that the version I had sent you previously stated an incorrect guideline range of 6-12 months. I corrected that in accordance with the worksheets I had previously sent to show the correct range of 0-6 months.I will submit a stipulation regarding the pending motions later today or first thing tomorrow.



**From:** Tukel, Jonathan (USAMIE)
**Sent:** Thursday, March 9, 2017 1:04 PM
**To:** 'Michael E. Deutsch' <michaeled45@gmail.com>; Martin, Michael C. (USAMIE) <mmartin@usa.doj.gov>
**Subject:** RE: U.S. v. Odeh

Mr. Deutsch:

I am not sure why you are so worked up over the "Additional Facts Which the *Government* Could Prove." Those are just that: facts which the government could prove. They are in a separate section of the plea agreement precisely because your client is not agreeing to them. When we spoke on February 23, I told you that if we accepted the more narrow statement for the factual basis that you wanted, I would be providing additional facts. Your response was "you can state whatever you want." That is what that the additional section of the plea agreement is, my statement of what I deem necessary to add. If you want additional language stating that your client does not agree those facts are correct I will add it. Or, even though you previously stated your acceptance of the fact that I would be making a statement setting forth additional facts, I will remove that section from the plea agreement and read it word for word at the time of the entry of the plea. The choice is yours.

I can agree to the addition of the "or any other country which agrees to accept her admission" language regarding the judicial order of removal, but it will also have to state "subject to consultation with and approval of ICE." This is necessary to ensure that ICE has the ability to remove to a particular country. ICE cannot and will not agree to language which suggests that your client may seek admission to some other country and as a result ICE cannot remove her to Jordan if for some reason that other country does not or will not accept her.

Please let me know how you wish to proceed and I can send you an updated plea agreement.

**From:** Michael E. Deutsch [mailto:michaeled45@gmail.com]
**Sent:** Thursday, March 9, 2017 10:42 AM
**To:** Tukel, Jonathan (USAMIE) <JTukel@usa.doj.gov>; Martin, Michael C. (USAMIE) <mmartin@usa.doj.gov>
**Subject:** U.S. v. Odeh

Counsel,

My client will <u>not</u> agree to any of the language contained in "2 Additional Facts Which the Government Could Prove if the Case Were To Go To Trial."

There is absolutely no need for this language to be inserted in the plea agreement as it has nothing to do with the necessary factual basis for the guilty plea as set out in C of the agreement. The insertion of this language in the guilty plea can only be viewed as gratuitous and politically motivated.

We made it very clear that Ms. Odeh would not agree in any plea agreement in which she concedes that she was involved in the 1969 bombings or affiliated with the PFLP. We see little difference in her agreeing that she was guilty of the bombings and PFLP affiliation, and agreeing in the plea agreement that the government could prove such assertions at trial.

Also we would like to add the following to the second sentence under C on page 10: "Defendant further requests than an order be issued by this Court for her removal to her country of citizenship (Jordan) *or any other country which agrees to accept her admission.*"

Finally, we see no legitimate reason for you to oppose Ms. Odeh's right to travel in the U.S. between her plea and sentencing. Since she will not have a passport, and there will be an agreement that she will do no time in custody, the only basis for opposing her travel is to curtail her First Amendment Rights of Speech and Association. However, we don't wish to make this a sticking point, and will raise our travel requests with the Court at the appropriate time.

Please let me know if you agree with these amendments to the plea agreement. If so, I am prepared to meet with Ms. Odeh on Monday- I will be out of the office and unavailable on Friday - with final agreement in hand to review and obtain her signature.

If not, I assume (although I was not provided with any proposed stipulation) that we will get 7 days to March 24th to file our responses. Please let me know if my understanding on this is correct.