UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

RASMIEH YOUSEF ODEH,

Defendant.

_____/

CRIMINAL NO. 2:13-20772

HONORABLE GERSHWIN A. DRAIN

F I L E D

APR 2 5 2017

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Rasmieh Yousef Odeh and the government agree as follows:

1. **GUILTY PLEA(S)**

   A. **Count(s) of Conviction**

   Defendant will enter a plea of guilty to **Count One** of the First Superseding Indictment which charges procuring citizenship contrary to law, in violation of 18 U.S.C. § 1425(a), and for which the maximum penalty is 10 years' imprisonment and a $250,000 fine.

   B. **Elements of the Offense**

   The Elements of Count One are:

   (1) The defendant is a naturalized citizen;

1

(2)  Who procured her naturalization;

(3) Contrary to law.

**C.**    <u>**Factual Basis for Guilty Plea**</u>

Defendant Admits That the Following Facts Are True:

In 1969, Defendant Rasmieh Odeh was arrested and charged by an Israeli Military Court for participation in placing two bombs. One bomb had been placed in a supermarket. The other had been placed at the British Consulate. In 1970, Defendant Odeh was convicted of the charges and sentenced to life imprisonment, although she was released in 1979 after having served approximately ten years.

In December 1994, Defendant Rasmieh Odeh submitted an application for United States Immigrant Visa and Alien Registration, Department of State form 230.   Question 21 of the Application for Immigrant Visa and Alien Registration required Odeh to list all places she had "lived for six months or longer since reaching the age of 16."  Defendant Odeh's full response falsely stated that she had lived in Amman, Jordan, from 1948 onward, thereby intentionally omitting the fact that following her release from prison she had lived in Lebanon for approximately three years.

Question 33 of the Application for Immigrant Visa and Alien Registration asked whether Defendant Odeh ever had been convicted of a

2

crime of moral turpitude, or of two or more offenses for which the aggregate sentences were five years or more imprisonment. Defendant Odeh falsely checked the box marked "No."

Question 34 of the Application for Immigrant Visa and Alien Registration asked if Defendant Odeh had ever been "arrested, convicted, or ever been in a prison[.]" Defendant Odeh falsely checked the box marked "No."

On June 4, 2004, defendant Odeh filed an application for naturalization (Form N-400) with United States Citizenship and Immigration Services (USCIS) to afford her the status of a United States citizen. On November 3, 2004, an immigration officer interviewed Defendant Odeh regarding her naturalization application at the USCIS office in Detroit, Michigan.

In defendant's naturalization application defendant made the following material false statements, which she reiterated and reaffirmed during her naturalization interview:

1.     Defendant falsely stated that she had never been arrested, cited or detained by any law enforcement officer or military officer.

2.     Defendant falsely stated that she had never been charged with committing any crime or offense.

3.     Defendant falsely stated that she had never been convicted of a

crime or offense.

    4.     Defendant falsely stated that she had never been in jail or prison.

    5.     Defendant falsely stated that she had never given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal.

At the time she made the false statements, Defendant knew the statements were false. Defendant also admits that all of these false statements were material, in that they had a natural tendency to affect the decision of the State Department and USCIS. She made the false statements intentionally and not as a result of any mistake, Post Traumatic Stress Disorder or any other psychological issue or condition or for any innocent reason, and notwithstanding any other statement or testimony Defendant Odeh may have made at any other time regarding those answers. At the time she made the false statements, Defendant knew that it was unlawful for her to provide false information to the United States Department of State and to United States Citizenship and Immigration Services in connection with her application for Immigrant Visa and her application for naturalization. On December 9, 2004, defendant was sworn in as a United States citizen in an oath ceremony conducted by the United States District Court, Eastern District of Michigan. Defendant procured her citizenship by virtue of the false statements, because

she would not have been granted citizenship had she revealed the truth.

## 2.   SENTENCING GUIDELINES

### A.   Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B.   Agreed Guideline Range

There are no sentencing guideline disputes.   Except as provided below, defendant's guideline range is 0 to 6 months, as set forth on the attached worksheets. The United States and the defendant stipulate that U.S.S.G. § 2L2.2 is the applicable guideline section for defendant's offense conduct.

If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheet, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense(s); or obstructed justice or committed any crime, and if any such finding results in a guideline range higher than 0 to 6 months, the higher guideline range becomes the agreed range.  However, if the Court finds that defendant is a career

offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b) of this Paragraph. Apart from the actual calculation of the sentencing guideline range, this agreement does not limit defendant's ability to argue for a sentence below the stipulated sentencing guideline range based on the sentencing factors of 18 U.S.C. § 3553.

3.  **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.  **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the time which defendant already has served and for which she is entitled to credit.

**B.** **Supervised Release**

A term of supervised release may follow any term of imprisonment. The Court may impose a term of supervised release on Count One of up to 3 years. However, the government will ask the Court to impose no term of supervised release because, as a result of this plea agreement and its provisions relating to a judicial order of removal, Defendant shall be removed from the United States.

**C.** **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

**D.** **Fine**

The Court may impose a fine on Count One of the Indictment in any amount up to $250,000. There is no agreement as to the fine which the Court may impose.

**E.** **Restitution**

Restitution is not applicable to this case.

4.   **STIPULATION TO JUDICIAL ORDER OF REMOVAL AND TO FORFEITURE OF LAWFUL PERMANENT RESIDENT STATUS**

A. Defendant admits that upon sentencing her United States citizenship will be revoked and her certificate of naturalization will be canceled, pursuant to 8 U.S.C. § 1451(e). Defendant agrees and understands that as a result of her guilty plea she will no longer be a United States citizen. Defendant is a citizen of Jordan. Defendant also understands that once her United States citizenship is revoked she will revert to being a Lawful Permanent Resident of the United States. Defendant agrees that she will forfeit her Lawful Permanent Resident status. Defendant agrees to execute any documents necessary to effectuate the forfeiture of her Lawful Permanent Resident status. Defendant understands that as a result of the revocation of her United States citizenship and forfeiture of her Lawful Permanent Resident Status, she will not be allowed to remain in the United States. Defendant also understands that she will be barred by law from ever applying again to reenter the United States.

B. Defendant also admits that she is removable from the United States pursuant to Title 8, United States Code, Section 1227(a)(1)(A). Defendant waives any right that she may have to receive notice of intent to request judicial removal and a charge containing factual allegations regarding the

8

removal.  Defendant understands and knowingly waives her right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act on the question of her removability from the United States.  Defendant further understands the rights she would possess in a contested administrative proceeding and waives these rights, including her right to examine the evidence against her, to present evidence on her behalf, and to cross-examine witnesses presented by the government.

C. Defendant further waives any rights that she may have to apply for any relief or protection from removal, including but not limited to asylum, withholding of removal, adjustment of status, cancelation of removal, registry, waiver of inadmissibility, protection under the United Nations Convention Against Torture, or any other relief or protection from removal whether stated herein or not, under the Immigration and Nationality Act or any other federal statute, regulation, or treaty.  Defendant further requests that an order be issued by this Court for her removal to her country of citizenship, Jordan, or, subject to consultation with and approval of ICE, any other country which agrees to accept her admission. Defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any rights she may have to appeal the order issued.

9

United States Immigration and Customs Enforcement (ICE) concurs in the judicial removal of defendant, as evidenced by the attached concurrence by Special Agent in Charge Steven Francis.

D. Given that defendant is agreeing to a judicial order of removal, defendant acknowledges and accepts that she will lose her United States citizenship and then be removed and deported from the United States as a result of this plea agreement and the entry of her guilty plea.

E. Defendant intends to execute the judicial order of removal by departing the United States when and how directed to by United States Immigration and Customs Enforcement (ICE) and subject to such terms or conditions as ICE directs. The parties stipulate that defendant's bond and conditions of bond shall be continued through sentencing up to and including her removal, if necessary; provided, however, that should defendant fail to carry out the travel arrangements when as directed by ICE which will constitute her removal from the United States , then her bond shall be canceled and the bail shall be forfeited, and defendant understands that in such instance she will be placed in ICE custody and her removal shall be effectuated by ICE while she is in custody. The parties agree that defendant shall be under an Order of Supervision by ICE during such time following her sentencing but prior to the date set by ICE for her removal. The parties further agree that if she complies with the terms of this agreement, ICE will not take defendant into

10

administrative immigration custody during such period from her sentencing through

the date for her removal set by ICE.

5.   **WAIVER OF RIGHT TO APPEAL**

The defendant waives any right she may have to appeal her conviction or

judicial order of removal. If the defendant's sentence does not exceed the time

she already has served and for which she is entitled to credit, the defendant also

waives any right she may have to appeal her sentence.

6.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION**

If defendant is allowed to withdraw her guilty plea or if any conviction entered

pursuant to this agreement is vacated, the Court shall, on the government's request,

reinstate any charges that were dismissed as part of this agreement.  If additional

charges are filed against defendant within six months after the date the order vacating

defendant's conviction or allowing her to withdraw her guilty plea becomes final,

which charges relate directly or indirectly to the conduct underlying the guilty plea

or to any conduct reflected in the attached worksheets, defendant waives her right to

challenge the additional charges on the ground that they were not filed in a timely

manner, including any claim that they were filed after the limitations period expired

7.   **PARTIES TO PLEA AGREEMENT**

11

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan, provided however that Paragraph Four is binding on United States Immigration and Customs Enforcement.

8. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Except as provided in Paragraph Four, this agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

The parties agree that each of them has participated in the drafting of this Agreement, and that it shall not be construed against either of them by virtue of its draftsmanship.

The parties agree that all pending motions shall be deemed withdrawn and

12

dismissed by the Court.

9.   **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 2:00 P.M. on April 26, 2017. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.


DANIEL L. LEMISCH
*Acting United States Attorney*



_____          _____
JONATHAN TUKEL                            MICHAEL C. MARTIN
*Assistant United States Attorney*          *Assistant United States Attorney*



By signing below, defendant acknowledges that she has read (or been read)
this entire document, understands it, and agrees to its terms.  She also acknowledges
that she is satisfied with her attorney's advice and representation.  Defendant agrees
that she has had a full and complete opportunity to confer with her lawyer, and has
had all of her questions answered by her lawyer.



_____          _____
MICHAEL DEUTSCH                           RASMIEH YOUSEF ODEH
Attorney for Defendant                    Defendant



Dated:



13

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2L2.2 | Acquiring Naturalization Contrary to Law | 8 |
| 2l2.2(b)(3) | Fraudulently obtained U.S. passport | +2 |
| | | |
| | | |
| | | |

**2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

### 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

| 10 |
|---|

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

| X |
|---|

*If the defendant has no criminal history, check this box and skip Worksheet C.*

| X |
|---|

A-2

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

### WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:  COUNT(S)**
   ADJUSTED OFFENSE LEVEL ———————        unit
2. **GROUP TWO:  COUNT(S)**
   ADJUSTED OFFENSE LEVEL ———————        unit
3. **GROUP THREE:  COUNT(S)**
   ADJUSTED OFFENSE LEVEL ———————        unit
4. **GROUP FOUR:  COUNT(S)**
   ADJUSTED OFFENSE LEVEL ———————        unit

5. **TOTAL UNITS**

   units

B-1

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

**6.   INCREASE IN OFFENSE LEVEL**



| | |
|---|---|
| 1 unit ⟶ no increase | 2 1/2 – 3 units ⟶ add 3 levels |
| 1 1/2 units ⟶ add 1 level | 3 1/2 – 5 units ⟶ add 4 levels |
| 2 units ⟶ add 2 levels | > 5 levels ⟶ add 5 levels |



**7.   ADJUSTED OFFENSE LEVEL OF GROUP
      WITH THE HIGHEST OFFENSE LEVEL**



**8.   COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

### **WORKSHEET C (Criminal History)**

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

**1.   PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**                                **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                                              **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct  and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | __ | _____ | _____ | _____ | |
| _____ | __ | _____ | _____ | _____ | |
| _____ | __ | _____ | _____ | _____ | |
| _____ | __ | _____ | _____ | _____ | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

**2.     COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

**3.     PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

**4.     TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

**5.     CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

C-3

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

## WORKSHEET D (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

I

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

-2

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

8

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

I

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

a.   <u>Total Offense Level:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

N/A

b. <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

N/A

**6.   GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

0-6<br>months

D-1

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

**7.  STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

## WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

    a.   Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

        ☐  1.   Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

        ☒  2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

        ☐  3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b.   Length of Term of Probation (U.S.S.G. § 5B1.2)

        ☒  1.   At least 1 year but not more than 5 years (total offense level ≥ 6)

        ☐  2.   No more than 3 years (total offense level < 6).

    c.   Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

    ☐  a.   A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

    ☐  b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a. <u>Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)</u>
        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

        ☐  1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        ☒  2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        ☐  3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        ☐  4. The statute of conviction requires a minimum term of supervised release of _____ years.

    c. <u>Conditions of Supervised Release (U.S.S.G. § 5D1.3)</u>
        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

    ☐  1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

    ☐  2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $ _____.

E-2

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

<table>
<tr><td>☐</td><td>3.</td><td>The parties agree that the court <em>may</em> order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ _____ (<em>See</em> 18 U.S.C. §§ 3663(a)(3), 3664.)</td></tr>
<tr><td>☐</td><td>4.</td><td>The parties agree that the court <strong><em>may also</em></strong> order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (<em>See</em> 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)</td></tr>
<tr><td>X</td><td>5.</td><td>Restitution is not applicable.</td></tr>
</table>

**6.** **FINE (U.S.S.G. § 5E1.2)**

    a.    <u>Fines for Individual Defendants</u>

        The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b.    <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $ 2,000 | $ 20,000 |

| Defendant: | Rasmieh Odeh | Count: | One Superseding Indictment |
|---|---|---|---|
| Docket No.: | 2:13-20772 | Statute(s): | 18 U.S.§ 1425(a) |

**7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100        .

**8. FORFEITURE (U.S.S.G. § 5E1.4)**

[ ] Assets of the defendant will be forfeited.   [ X ] Assets of the defendant will not be forfeited.

**9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

Pursuant to 8 U.S.C. § 1451(e), upon sentencing defendant's United States citizenship will be revoked and her certificate of naturalization will be canceled.

_____

_____

_____

**10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

None.

_____

_____

_____

E-4

*Homeland Security Investigations*
*Office of the Special Agent in Charge*

477 Michigan Avenue, Suite 1850
Detroit, Michigan  48226



**U.S. Immigration
and Customs
Enforcement**

## Concurrence of the Department of Homeland Security

On behalf of the Assistant Secretary of Immigration and Customs Enforcement, I concur in
the request by the U.S. Attorney that a judicial order of removal be entered against Rasmieh
Yousef Odeh, a/k/a Rasmieh Joseph Steve, Alien Number A044 688 871, pursuant to Title 8,
United States Code, Section 1227(a)(1)(A).

Date: ___03/13/2017___

_____
Steve K. Francis
Acting Special Agent in Charge
Homeland Security Investigations
Immigration and Customs Enforcement